# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| TLC Vision (USA) Corporation, *et al.*,[1] ) | Case No. 09-       (   ) |
| ) | |
| Debtors. ) | Joint Administration Requested |

## DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTIONS 105(a), 363, AND 364 OF THE BANKRUPTCY CODE FOR (I) AUTHORITY TO HONOR PREPETITION INSURANCE PREMIUM FINANCING AGREEMENTS AND RENEW SUCH AGREEMENTS IN THE ORDINARY COURSE OF BUSINESS AND (II) A RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 105(a), 363 and 364 of title 11 of the United States Code, (11 U.S.C. §§ 101 – 1532, the "Bankruptcy Code"), request entry of an order substantially in the form attached hereto as **Exhibit A**, for authority to honor two prepetition insurance premium financing agreements (the "Agreements") and renew such Agreements in the ordinary course of business, without need for further authority or approval from the Court and related relief (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

### Jurisdiction and Venue

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 105(a), 363 and 364 of the Bankruptcy Code.

---

[1] The Debtors in the cases, along with the last four digits of each Debtor's federal tax identification number and address, are: TLC Vision (USA) Corporation (6220) 16305 Swingley Ridge Road, Chesterfield, MO 63017; TLC Vision Corporation (1150) 5280 Solar Drive, Suite 300, Mississauga, Ontario, L4W 5M8; and TLC Management Services, Inc. (0374) 1209 Orange Street, Wilmington, DE 19801.

## Background

4. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief with the Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases (the "Chapter 11 Cases"), and as of the date of the filing of this Motion, no official committees have been appointed or designated.

5. The factual background relating to the Debtors' commencement of these Chapter 11 cases is set forth in detail in the *Declaration of Michael F. Gries, Chief Restructuring Officer for the Debtors, in Support of First Day Pleadings* (the "Gries Declaration") filed on the Petition Date and incorporated herein by reference.

## Relief Requested

6. By this Motion, the Debtors seek entry of an order, pursuant to sections 105(a), 363 and 364 of the Bankruptcy Code, authorizing the Debtors to honor their obligations pursuant to the Agreements, and renew the Agreements in the ordinary course of business, without need for further authority or approval from the Court. In addition, the Debtors request that the Court authorize the Debtors' banks and financial institutions to honor and process checks and transfers related to funding their obligations under the Policies (the "Premium Financing Obligations"). Finally, the Debtors seek authority to use cash collateral to make payments due under the Agreement.

## The Need for Premium Financing

7. In the ordinary course of the Debtors' business, the Debtors maintain numerous insurance policies providing coverage for, among other things, general liability (property and

2

casualty), workers' compensation and employer's liability, commercial property, fiduciary/ pension trust liability, umbrella liability and automotive liability (collectively, the "Insurance Policies"). The Insurance Policies are essential to the preservation of the Debtors' business, property and assets and, in many cases, required by various regulations, laws and contracts that govern the Debtors' commercial activity.

8. The total annual premiums for the Insurance Policies amount to $1,367,166.00. It is not always economically advantageous for the Debtors to pay the premiums on the Insurance Policies on a lump-sum basis. Accordingly, in the ordinary course of the Debtors' business, the Debtors finance the premiums on their Insurance Policies pursuant to two Agreements with First Insurance Funding Corp. ("First Insurance") both dated as of May 29, 2009. In exchange for the financing, the Debtors agreed to pay monthly installments in accordance with a payment schedule and grant First Insurance a security interest in return premiums, dividend payments and certain loss payments.

9. Prior to the Petition Date, the Debtors made two cash down payment totaling $341,791.50, and financed the remaining $1,025,374.50 of premiums pursuant to the Agreements. The Agreements require monthly installments that total $115,933.57 each month.

10. If the Debtors are not able to meet the Premium Financing Obligations, First Insurance may seek relief from the automatic stay to terminate the Insurance Policies and recover unearned premiums to recoup its losses. The Debtors would then be required to obtain replacement insurance on an expedited basis and at tremendous cost to the Debtors' estates. If the Debtors were required to obtain replacement insurance and pay a lump-sum premium for the insurance policy in advance, this payment would likely be greater than what the Debtors currently pay. Even if First Insurance were not permitted to terminate the Insurance Policies, any

3

1076/74009-001 Current/15791159v2
RLF1 3518767v.1

interruption of payment would have a severe, adverse effect on the Debtors' ability to finance premiums for future policies.

11. By this Motion, the Debtors seek authority to continue honoring their Premium Financing Obligations. In view of the importance of maintaining insurance coverage with respect to their business activities and preserving the Debtors' cashflow by financing the insurance premiums, the Debtors believe it is in the best interests of their estates to satisfy their Premium Financing Obligations under the Agreement. Any alternative would likely require considerable additional cash expenditures and be detrimental to the Debtors' reorganization efforts.

12. In addition, because the Agreements may expire during the course of these Chapter 11 Cases, the Debtors seek authority to renew the Agreements without further Court approval. The Debtors will need to continue their insurance coverage throughout the entire these Chapter 11 Cases and respectfully submit that (a) renewal of the Agreements fall squarely within their ordinary course of business, and (b) but for the constraints of section 364 of the Bankruptcy Code, the Debtors would not need the Court's prior approval to renew the Agreements. To reduce the administrative burden, as well as the expense of operating as debtors in possession, the Debtors seek the Court's authority now to renew the Agreements if and when necessary.

**Basis for Relief**

13. Section 363(b)(1) of the Bankruptcy Code provides, "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 105(a) of the Bankruptcy Code further provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte,* taking any action

4

1076/74009-001 Current/15791159v2
RLF1 3518767v.1

or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

*Id.* § 105(a).

14. The Debtors submit that payment of premiums to maintain insurance coverage is necessary and appropriate and may be authorized under sections 105(a) and 363(b) of the Bankruptcy Code pursuant to the "doctrine of necessity." The "doctrine of necessity" functions in a chapter 11 case as a mechanism by which the bankruptcy court can exercise its equitable power to allow payment of critical prepetition claims not explicitly authorized by the Bankruptcy Code and further supports the relief requested herein. *See In re Lehigh & New England Ry. Co.,* 657 F.2d 570, 581 (3d Cir. 1981) (holding that a court may authorize payment of prepetition claims if such payment is essential to continued operation of the debtor); *In re Ionosphere Clubs, Inc.,* 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1989) (authorizing the payment of prepetition employee wages and benefits while recognizing the judicial power to "authorize a debtor in a reorganization case to pay prepetition claims where such payment is essential to the continued operation of the debtor"); *see also In re Just for Feet, Inc.,* 242 B.R. 821, 824-25 (D. Del. 1999) (holding that Bankruptcy Code section 105(a) "provides a statutory basis for the payment of pre-petition claims" under the doctrine of necessity and noting that the Supreme Court and the United States Circuit Court of Appeals for the Third Circuit all accept the authority of the bankruptcy court "to authorize payment of pre-petition claims when such payment is necessary for the debtor's survival during chapter 11"); *In re Columbia Gas Sys., Inc.,* 171 B.R. 189, 191-92 (Bankr. D. Del. 1994) (explaining that the doctrine of necessity is the standard in the Third Circuit for enabling a court to authorize the payment of prepetition claims prior to confirmation of a reorganization plan). The rationale for the "doctrine of necessity" is consistent with the paramount goal of chapter 11 – "facilitating the continued

5

operation and rehabilitation of the debtor ...." *Ionosphere Clubs*, 98 B.R. at 176. Accordingly, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Court is empowered to grant the relief requested herein.

15. Moreover, pursuant to section 364(c) of the Bankruptcy Code, a debtor may, in the exercise of its business judgment, incur secured postpetition debt if the debtor has been unable to obtain unsecured credit and the borrowing is in the best interests of the estate. *See, e.g., In re Ames Dep't Stores*, 115 B.R. 34, 38 (Bankr. S.D.N.Y. 1990) (stating that with respect to postpetition credit, courts "permit debtor-in-possession to exercise their basic business judgment consistent with their fiduciary duties"); *In re Simasko Prod. Co.*, 47 B.R. 444, 448-49 (D. Colo. 1985) (authorizing interim financing agreement where debtor's best business judgment indicated financing was necessary and reasonable for benefit of estate). As discussed above, the Debtors' business judgment is that the postpetition renewal of their insurance premium financing is in the best interests of their estates. The Debtors are not aware of any insurance premium finance company that will provide insurance premium financing to the Debtors on an unsecured basis.

16. As discussed herein, the maintenance of the Debtors' insurance coverage is of the utmost importance that the Debtors maintain insurance coverage. Courts in this District and other districts have routinely granted the relief requested herein. *See, e.g., Buffets Holdings, Inc.*, Case No. 08-10141 (MFW) (Bankr. D. Del. Feb. 12, 2008); *InSight Health Servs. Holdings Corp.*, Case No. 07- 10700 (BLS) (Bankr. D. Del. May 31, 2007); *In re Goody's, LLC*, Case No. 09-10124 (CSS) (Bankr. D. Del. Feb. 3, 2009); *In re Quaker Fabrics Corp.*, Case No. 07-11146 (KG) (Bankr. D. Del. Sept. 5, 2007); *In re Tweeter Home Entm't. Group, Inc.*, Case No. 07-10787 (PJW) (Bankr. D. Del. June 13, 2007); *In re New Century TRS Holdings, Inc.*, Case

6

No. 07-10416 (KC) (Bankr. D. Del. Apr. 3, 2007); *In re Premium Papers Holdco, LLC*, Case No. 06-10269 (CSS) (Bankr. D. Del. Mar. 22, 2006); *DJK Residential,* Case No. 08-10375 (JMP) (Bankr. S.D.N.Y. Feb. 2, 2008). In light of the importance of maintaining insurance coverage and preserving the Debtors' liquidity by financing related premiums, the Debtors believe it is in the best interests of their estates to honor the Premium Financing Obligations and renew the Agreements, as necessary.

### Reservation of Rights

17. Nothing contained herein is intended or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or appropriate party in interest's rights to dispute any claim or (c) an approval or assumption of any agreement, contract, program, policy or lease under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

### Request for Authority for Banks to Honor and Pay Checks Issued and Electronic Funds Transferred to Pay Premium Financing Obligations

18. The Debtors further request that the Court authorize and direct all applicable banks and other financial institutions to receive, process, honor and pay any and all checks drawn or electronic funds transferred to fulfill Premium Financing Obligations under the Agreements or any future premium financing agreements, whether such checks were presented prior to or after the Petition Date. The Debtors also seek authority to issue new postpetition checks, or effect new electronic fund transfers, on account of any Premium Financing Obligations to replace any prepetition checks or electronic fund transfer requests that may be dishonored or rejected as a result of the commencement of the Debtors' Chapter 11 Cases. The

1076/74009-001 Current/15791159v2
RLF1 3518767v.1

Debtors submit that they have sufficient cash reserves to pay such amounts as they become due in the ordinary course of the Debtors' business.

## The Debtors Satisfy Bankruptcy Rule 6003

19. Bankruptcy Rule 6003 provides that to the extent relief is necessary to avoid immediate and irreparable harm, a bankruptcy court may approve a motion to "pay all or part of a claim that arose before the filing of the petition" prior to twenty-one (21) days after the Commencement Date. Fed. R. Bankr. P. 6003. As described above, the Debtors' business operations rely heavily on the Insurance Policies. The Debtors submit that the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors, as described herein, and that Bankruptcy Rule 6003 has been satisfied.

## Waiver of Bankruptcy Rules 6004(a), (h)

20. To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

## Notice

21. Notice of this Motion shall be provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) the Steering Committee of Lenders; (d) counsel to the Steering Committee of Lenders; (e) the Securities and Exchange Commission; (f) the Internal Revenue Service; (g) the Office of the United States Attorney for District of Delaware; (h) the agent to the proposed debtor-in-possession lender; and (i) Harris Bank, as the Debtors' primary bank deposit. In light of the nature of the relief requested, the Debtors submit that no further notice is required. As this

Motion is seeking first-day relief, notice of this Motion and any order entered hereon will be served on all parties required by Local Rule 9013-1(m). Due to the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice of this Motion is required.

1076/74009-001 Current/15791159v2
RLF1 3518767v.1

WHEREFORE the Debtors respectfully request entry of the proposed order granting the relief requested herein and such other and further relief as the Court deems just.

Dated: December 21, 2009
      Wilmington, Delaware

RICHARDS, LAYTON & FINGER, P.A.

_____
Mark D. Collins (DE Bar No. 2981)
Michael J. Merchant (DE Bar No. 3854)
Chun I. Jang (DE Bar No. 4790)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

– and –

**PROSKAUER ROSE LLP**
Mark K. Thomas (*pro hac vice* pending)
Paul V. Possinger (*pro hac vice* pending)
Jeremy T. Stillings (*pro hac vice* pending)
Three First National Plaza
70 West Madison, Suite 3800
Chicago, Illinois 60602-4342
Telephone: (312) 962-3550
Facsimile: (312) 962-3551

– and –

**PROSKAUER ROSE LLP**
Richard J. Corbi (*pro hac vice* pending)
1585 Broadway
New York, New York 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

# Exhibit A

Proposed Form of Order

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| TLC Vision (USA) Corporation, *et al.*,[1] ) | Case No. 09-       (   ) |
| ) | |
| Debtors. ) | Jointly Administered |

## ORDER PURSUANT TO SECTIONS 105(A), 363, AND 364 OF THE BANKRUPTCY CODE AUTHORIZING (I) DEBTORS TO HONOR PREPETITION INSURANCE PREMIUM FINANCING AGREEMENTS AND RENEW SUCH AGREEMENTS IN THE ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") authorizing (i) the Debtors to honor two prepetition insurance premium financing agreements (the "Agreements") and renew such Agreements in the ordinary course of business, without need for further authority or approval from the Court, and (ii) related relief, all as more fully set forth in the Motion; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; the Court having reviewed the Motion and the Gries Declaration; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; due and proper notice of the Motion having been provided, it appearing that no other or further notice need be provided; the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors, and all parties in interest; the Court having determined that the legal and factual bases set forth in the

---

[1] The Debtors in the cases, along with the last four digits of each Debtor's federal tax identification number and address, are: TLC Vision (USA) Corporation (6220) 16305 Swingley Ridge Road, Chesterfield, MO 63017; TLC Vision Corporation (1150) 5280 Solar Drive, Suite 300, Mississauga, Ontario, L4W 5M8; and TLC Management Services, Inc. (0374) 1209 Orange Street, Wilmington, DE 19801.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

Motion establish just cause for the relief granted herein; and upon all of the proceedings before the Court and after due deliberation and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. The Debtors are authorized, but not required, to honor the terms of the Agreements and to renew the Agreements in the ordinary course of business as set forth in the Motion.

3. Nothing in this Order nor any action taken by the Debtors in furtherance of the implementation hereof shall be deemed an approval of the assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code.

4. Nothing in this Order shall impair the ability of the Debtors or appropriate party in interest to contest any claim of any creditor pursuant to applicable law or otherwise dispute, contest, setoff, or recoup any claim, or assert any rights, claims or defenses related thereto.

5. All applicable banks or financial institutions are authorized, when requested by the Debtors in the Debtors' sole discretion, to receive, process, honor and pay all checks drawn on or direct deposit and funds transfer instructions relating to the Debtors' accounts and any other transfers that are related to the Premium Financing Obligations and the costs and expenses incident thereto; provided, that sufficient funds are available in the accounts to make such payments; provided further, that any such bank or financial institution may rely on the representations of the Debtors regarding which checks that were drawn or instructions that were issued by the Debtors before the Petition Date should be honored postpetition pursuant to an Order of this Court and that any such bank or financial institution shall not have any liability to any party for relying on the representations of the Debtors as provided herein.

1076/74009-001 Current/15791159v2
RLF1 3518767v.1

6. Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are hereby waived.

8. Notwithstanding any applicability of Bankruptcy Rules 6004, 7062 and 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2009    _____
Wilmington, Delaware                United States Bankruptcy Judge