# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| TLC Vision (USA) Corporation, *et al.*,[1] ) | Case No. 09-        (   ) |
| ) | |
| Debtors. ) | Joint Administration Requested |

## MOTION FOR ENTRY OF AN ORDER AUTHORIZING TLC VISION CORPORATION TO ACT AS FOREIGN REPRESENTATIVE PURSUANT TO 11 U.S.C. § 1505

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned counsel, hereby move (the "Motion") this Court for entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing TLC Vision Corporation ("TLC Vision") to act as a foreign representative (the "Foreign Representative") on behalf of the Debtors' estates in any judicial or other proceedings in a foreign country, including the "CCAA Proceedings" (as defined herein.) In further support of this Motion, the Debtors respectfully represent as follows:

### Jurisdiction

1. The Court has jurisdiction over the Motion under 28 U.S.C. § 1334.

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue of these chapter 11 cases in this District is proper under 28 U.S.C. §§ 1408 and 1409.

4. The statutory and rule-based predicates for the relief requested herein are sections 105 and 1505 of title 11 of the United States Code (11 U.S.C. §§ 101–1532, as amended, the "Bankruptcy Code").

---

[1] The Debtors in the cases, along with the last four digits of each Debtor's federal tax identification number and address, are: TLC Vision (USA) Corporation (6220) 16305 Swingley Ridge Road, Chesterfield, MO 63017; TLC Vision Corporation (1150) 5280 Solar Drive, Suite 300, Mississauga, Ontario, L4W 5M8; and TLC Management Services, Inc. (0374) 1209 Orange Street, Wilmington, DE 19801.

## Background

5.  On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the Debtors' chapter 11 cases (the "Chapter 11 Cases"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases and, as of the date of the filing of this Motion, no official committees have been appointed or designated. Concurrently herewith, the Debtors filed a motion seeking joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).

6.  The factual background relating to the Debtors' commencement of these Chapter 11 Cases is set forth in detail in the *Declaration of Michael F. Gries, Chief Restructuring Officer for the Debtors, in Support of First Day Pleadings* (the "Gries Declaration") filed on the Petition Date and incorporated herein by reference.

## Relief Requested

7.  The Debtors request that TLC Vision be authorized to act as the Foreign Representative on behalf of the Debtors' estates in any judicial or other proceedings in a foreign country.

8.  The Debtors have operations in Canada in addition to their United States operations. In connection with the filing of these Chapter 11 Cases, TLC Vision will be filing proceedings (the "CCAA Proceedings") seeking ancillary relief under the Companies' Creditors Arrangement Act (Canada) (the "CCAA") with the Ontario Superior Court of Justice (Commercial List), (the "Canadian Court"). In order for the Canadian Court to recognize these Chapter 11 Cases as a "foreign proceeding" so that the CCAA Proceedings may be coordinated with these Chapter 11 Cases, TLC Vision must make a showing to the Canadian Court that it has

been authorized to act as the Foreign Representative of the Debtors' estates.[2]  Specifically, section 46 of the CCAA provides:

> (1) **Application for recognition of a foreign proceeding.**—A foreign representative may apply to the court for recognition of the foreign proceeding in respect of which he or she is a foreign representative.
>
> (2) **Documents that must accompany application.**—. . . the application must be accompanied by . . . (*b*) a certified copy of the instrument, however designated, authorizing the foreign representative to act in that capacity or a certificate from the foreign court affirming the foreign representative's authority to act in that capacity . . .

Companies' Creditors Arrangement Act, R.S.C., Ch. C-36, § 46 (1985) (Can.).

9. Section 1505 of the Bankruptcy Code provides that:

> A trustee or another entity (including an examiner) may be authorized by the court to act in a foreign country on behalf of an estate created under section 541. An entity authorized to act under this section may act in any way permitted by the applicable foreign law.

11 U.S.C. § 1505.

10. Although the Debtors believe that section 1107 of the Bankruptcy Code[3] confers upon them, as debtors in possession, sufficient rights, powers and duties necessary to act as Foreign Representatives of their estates, in order to avoid any possible confusion or doubt regarding this authority, and to comply with the requirements of section 46 of the CCAA, the

---

[2] TLC Vision is the only Debtor which is a party to the CCAA Proceedings. However, it may become necessary in the CCAA Proceedings, or in another foreign proceeding, for representations to be made to the Canadian Court, or to another foreign court, on behalf of the estates of some or all of the other Debtors. To this end, the Debtors request that TLC Vision be authorized to act as Foreign Representative on behalf of all the Debtors' estates for the purposes of coordinating the CCAA Proceedings, or any other foreign proceedings, with these Chapter 11 Cases.

[3] Section 1107 of the Bankruptcy Code provides in relevant part:

> (a) Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the rights to compensation under section 330 of this title, and powers, and shall perform all the functions and duties . . . of a trustee serving in a case under this chapter.

11 U.S.C. § 1107.

1130/66405-077 Current/16948999v1
RLF1 3518781v.1                                    3

Debtors seek entry of an order under section 1505 of the Bankruptcy Code explicitly authorizing TLC Vision to act as the Foreign Representative of their estates in the CCAA proceedings and in any other judicial or other proceeding in a foreign country.

## Notice

11. Notice of this Motion shall be provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) the Steering Committee of Lenders; (d) counsel to the Steering Committee of Lenders; (e) the Securities and Exchange Commission; (f) the Internal Revenue Service; (g) the Toronto Stock Exchange and each Canadian provincial and territorial securities commission; (h) the Office of the United States Attorney for District of Delaware; (i) the agent to the proposed debtor-in-possession lender; and (j) Harris Bank, Debtors primary deposit bank. In light of the nature of the relief requested, the Debtors submit that no further notice is required. As this Motion is seeking first-day relief, notice of this Motion and any order entered hereon will be served on all parties required by Local Rule 9013-1(m). Due to the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice of this Motion is required.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request for the reasons set forth herein and in the Gries Declaration that the Court enter an order in substantially the form attached hereto as **Exhibit A**, authorizing TLC Vision to act as the Foreign Representative on behalf of the Debtors' estates in any judicial or other proceedings in a foreign country, and granting such other and further relief as the Court deems appropriate.

Dated: December 21, 2009
Wilmington, Delaware

RICHARDS, LAYTON & FINGER, P.A.

/s/ Michael J. Merchant

Mark D. Collins (DE Bar No. 2981)
Michael J. Merchant (DE Bar No. 3854)
Chun I. Jang (DE Bar No. 4790)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

– and –

**PROSKAUER ROSE LLP**
Mark K. Thomas (*pro hac vice* pending)
Paul V. Possinger (*pro hac vice* pending)
Jeremy T. Stillings (*pro hac vice* pending)
Three First National Plaza
70 West Madison, Suite 3800
Chicago, Illinois 60602-4342
Telephone: (312) 962-3550
Facsimile: (312) 962-3551

– and –

**PROSKAUER ROSE LLP**
Richard J. Corbi (*pro hac vice* pending)
1585 Broadway
New York, New York 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

## Exhibit A

Proposed Order

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TLC Vision (USA) Corporation, *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 09-        (    )<br>)<br>) Jointly Administered |

## ORDER AUTHORIZING TLC VISION CORPORATION
## TO ACT AS FOREIGN REPRESENTATIVE PURSUANT TO 11 U.S.C. § 1505

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order authorizing TLC Vision Corporation ("TLC Vision") to act as a foreign representative (the "Foreign Representative") on behalf of the Debtors' estates in any judicial or other proceedings in any foreign country, and upon the Gries Declaration; the Court finds that: (A) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and (D) due and sufficient notice of the Motion was given; and upon the record herein and after due deliberation and cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted.

2. TLC Vision is hereby authorized to act as the Foreign Representative on behalf of the Debtors' estates in any judicial or other proceeding held in a foreign country. As Foreign

---

[1] The Debtors in the cases, along with the last four digits of each Debtor's federal tax identification number and address, are: TLC Vision (USA) Corporation (6220) 16305 Swingley Ridge Road, Chesterfield, MO 63017; TLC Vision Corporation (1150) 5280 Solar Drive, Suite 300, Mississauga, Ontario, L4W 5M8; and TLC Management Services, Inc. (0374) 1209 Orange Street, Wilmington, DE 19801.

[2] Each capitalized term used but not otherwise defined herein shall have the meaning given to it in the Motion.

Representative, TLC Vision shall be authorized and shall have the power to act in any way permitted by applicable foreign law.

3. This Court requests the aid and assistance of the Ontario Superior Court of Justice (Commercial List), the Court of Queen's Bench of New Brunswick and/or the Supreme Court of Nova Scotia (collectively, the "Canadian Courts") to recognize this case as a "foreign main proceeding" and TLC Vision as a "foreign representative" pursuant to the Companies' Creditors Arrangement Act (Canada) and to recognize and give full force and effect in all provinces and territories of Canada to this Order.

4. The Debtors are authorized to take all actions they determine necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

5. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: _____, 2009  
      Wilmington, Delaware                      United States Bankruptcy Judge