# EXHIBIT A

## PROPOSED ORDER

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TLC Vision (USA) Corporation, *et al.*,[1] | ) Case No. 09-14473 (KG) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) **Related Docket No. _____** |

## ORDER APPROVING (I) DISCLOSURE STATEMENT, (II) PROCEDURES FOR THE SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN, AND (III) RELATED NOTICE AND OBJECTION PROCEDURES

Upon the motion (the "Motion"[2]) of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order approving: (1) the Disclosure Statement; (2) procedures for the solicitation and tabulation of votes to accept or reject the Plan; and (3) related notice and objection procedures; it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, and other parties in interest; the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; the Debtors having filed with the Court the Disclosure Statement and the Plan; the Disclosure Statement Hearing Notices having been served on the Debtors' Creditors and equity security Holders; and the Motion, the Disclosure Statement Hearing Notice, the Disclosure Statement and the Plan having been served on: (i) the Office of the United States Trustee; (ii)

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number and address, are: TLC Vision (USA) Corporation (6220), 16305 Swingley Ridge Road, Chesterfield, MO 63017; TLC Vision Corporation (1150), 5280 Solar Drive, Suite 300, Mississauga, Ontario, L4W 5M8; and TLC Management Services, Inc. (0374), 1209 Orange Street, Wilmington, DE 19801.

[2] Each capitalized term used but not otherwise defined herein shall have the meaning ascribed thereto in the Motion.

counsel for the Prepetition Lenders; (iii) counsel to the Official Committee of Unsecured Creditors; (iv) counsel and agent to the debtor-in-possession lenders to the Debtors; (v) proposed counsel to the Creditors' Committee; and (vi) all parties in interest in these cases who have requested notice pursuant to Bankruptcy Rule 2002; the affidavit of service of the notice of the hearing on the Disclosure Statement, the Disclosure Statement and the Plan having been sworn to on [_____] and the affidavit of service of the notice of the hearing on the Motion having been sworn to on [_____] (collectively, the "Affidavits of Service"); the Court having reviewed the Disclosure Statement, the Motion, the papers in support thereof and the responses thereto, if any, and the Affidavits of Service; the Court having found and determined that (A) the legal and factual bases set forth in the Motion and at the hearing on the Motion establish just cause for the relief granted herein and (B) the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and upon the Disclosure Statement, the Motion, the papers in support thereof and the responses thereto, if any, the record of the hearing on the Disclosure Statement and all of the proceedings had before the Court, and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND THAT:**

A.     The Disclosure Statement Hearing Notice was properly served upon the Debtors' Creditors and Interest Holders.

B.     The Motion, the Disclosure Statement Hearing Notice, the Disclosure Statement and the Plan were served upon: (a) the Office of the United States Trustee; (b) counsel for the Prepetition Lenders; (c) counsel to the Official Committee of Unsecured Creditors; (d) counsel and agent to the Debtors' debtor-in-possession financing lender; (e) proposed counsel to the

7653/74009-001 Current/15923797v9
RLF1 3523498v.3

Creditors' Committee; and (f) all parties who have requested notice pursuant to Bankruptcy Rule 2002 prior to January 6, 2010.

C.     The Disclosure Statement filed in these cases as Docket Number 95 (as the same may have been amended and/or revised from time to time, including in connection with the Disclosure Statement hearing) contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code.

D.     The form of notice of non-voting status ("Notice of Non-Voting Status") to be sent to Holders of Claims and Interests in Classes A1, A2, A3, B1, B2, C1, C2, C3 and C4, which Classes are deemed to accept the Plan, and Holders of Claims and Interests in Classes A7, A8, A9, B5, B6 and C6, which Classes are deemed to reject the Plan, substantially in the form annexed hereto as **Exhibit 1**, complies with Bankruptcy Rule 3017 and adequately addresses the particular needs of the Chapter 11 Cases.

E.     The forms of the Ballots annexed hereto as **Exhibit 2** are substantially consistent with Official Form No. 14, adequately address the particular needs of the Chapter 11 Cases, and are appropriate for each Class of Claims entitled to vote to accept or reject the Plan.

F.     The Ballots require the furnishing of sufficient information to assure that duplicate Ballots are not submitted and tabulated.

G.     Ballots need not be provided to the Holders of Claims and Interests in Classes A1, A2, A3, B1, B2, C1, C2, C3 and C4 because the Plan provides that such Classes are Unimpaired and, therefore, deemed to accept the Plan.

H.     Ballots need not be provided to the Holders of Claims and Interests in Classes A7, A8, A9, B5, B6 and C6 because the Plan provides that such Holders will not receive or retain

3

any property under the Plan in account of such Claims and Interests and, therefore, are deemed to reject the Plan.

I.　　The period set forth below during which the Debtors may solicit acceptances to the Plan is a reasonable and adequate period of time for creditors to make an informed decision to accept or reject the Plan.

J.　　The procedures for the solicitation and tabulation of votes to accept or reject the Plan (as more fully set forth in the Motion and below) provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

K.　　The Confirmation Hearing Notice substantially in the form annexed hereto as **Exhibit 3**, the procedures set forth below for providing such notice to all Creditors and Interest Holders of the time, date and place of the Confirmation Hearing, and the contents of the Solicitation Packages comply with Rules 2002 and 3017 of the Bankruptcy Rules and constitute sufficient notice to all interested parties.

## NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.　　The Motion is GRANTED.

2.　　The Disclosure Statement is APPROVED.

3.　　**February 17, 2010** is established as the Voting Record Date for purposes of this Order and for determining: (a) the Creditors and Interest Holders who are entitled to vote to accept or reject the Plan; and (b) in the case of non-voting Classes, the Creditors and Interest Holders who are to receive certain non-voting materials.

4.　　The Debtors are directed to distribute or cause to be distributed Solicitation Packages to all Holders of Claims in Classes A4, A5, A6, B3, B4 and C5 (collectively, the "Voting Classes"), including: (a) all persons or entities identified in the Debtors' schedules of

4

assets and liabilities filed pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007 (as amended, the "Schedules") as holding liquidated, noncontingent and undisputed Claims, in an amount greater than zero dollars, excluding scheduled Claims that have been paid in full or superseded by filed proofs of claim; (b) all parties having timely filed proofs of claim, as reflected in the official claims register maintained by Epiq Bankruptcy Solutions, LLC (the "Voting Agent") in an amount greater than zero or that are wholly contingent, unliquidated or disputed and, as to both of the foregoing, whose Claims have not been disallowed or expunged prior to the Solicitation Date (as defined below); (c) the assignee of a transferred and assigned Claim (whether a filed or scheduled Claim) whose transfer and assignment has been properly noted on the Court's docket and is effective pursuant to Bankruptcy Rule 3001(e) as of the close of business on the Voting Record Date and whose claims have not been disallowed or expunged prior to the Solicitation Date (as defined below); and (d) any other known holders of Claims against the Debtors as of the Voting Record Date.

5.     The Solicitation Packages shall contain copies of: (a) a cover letter describing the contents of the Solicitation Package; (b) the Approval Order (without exhibits); (c) the Confirmation Hearing Notice (as defined below); (d) an appropriate form of Ballot together with a pre-addressed, postage prepaid return envelope addressed to the Voting Agent; and (e) the Disclosure Statement (together with the Plan annexed thereto as Appendix A, and all other appendices).

6.     The form of Notice of Non-Voting Status, substantially in the form annexed hereto as **Exhibit 1**, is approved and shall be distributed to Holders, as of the Voting Record Date, of: (a) Unimpaired Claims and Interests in Classes A1, A2, A3, B1, B2, C1, C2, C3 and

7653/74009-001 Current/15923797v9
RLF1 3523498v.3

C4, which Classes are deemed to accept the Plan, and (b) Claims and Interests in Classes A7, A8, A9, B5, B6 and C6, which Classes are deemed to reject the Plan.

7.      The forms of Ballots, substantially in the forms annexed hereto as **Exhibit 2**, are approved.

8.      The Confirmation Hearing Notice, substantially in the form annexed hereto as **Exhibit 3** (together with a copy of this Order without exhibits), is approved and shall be transmitted to all Creditors and Interest Holders.

9.      With respect to addresses from which notices of the hearing to approve the Disclosure Statement were returned as undeliverable by the United States Postal Service, the Debtors are excused from distributing Solicitation Packages and/or Notices of Non-Voting Status to those entities listed at such addresses unless the Debtors are provided with accurate addresses for such entities at least one Business Day prior to the Solicitation Date, and failure to distribute Solicitation Packages to such entities will not constitute inadequate notice of the Confirmation Hearing, the Voting Deadline (as defined below) or violation of Bankruptcy Rule 3017(d).

10.     The Debtors are not required to distribute Solicitation Packages, Ballots, copies of the Disclosure Statement or Plan or any other notices to: (a) parties to executory contracts who do not hold either allowed (for voting or otherwise) Claims or filed or scheduled Claims listed as contingent, unliquidated or disputed; or (b) Holders of Claims against the Debtors that have not been classified in the Plan pursuant to section 1123(a)(1) of the Bankruptcy Code.

11.     Except as otherwise provided herein, to be counted as a vote to accept or reject the Plan, each Ballot must be properly executed, completed and the original thereof delivered to the Voting Agent so as to be actually received by the Voting Agent no later than **March 26, 2010 at 5:00 p.m. Eastern** (the "Voting Deadline").

6

12. The Debtors may extend the Voting Deadline, if necessary, without further order of this Court, to a date that is no later than five (5) business days before the Confirmation Hearing by publishing on www.epiqbankruptcysolutions.com an announcement of such extension.

13. Solely for purposes of voting to accept or reject the Plan, and not for the purpose of the allowance of or distribution on account of a Claim and without prejudice to the rights of the Debtors in any other context, each Claim within a Class of Claims entitled to vote to accept or reject the Plan shall be entitled to vote the amount of such Claim as set forth in the Schedules (as may be amended from time to time) unless such Holder has timely filed a proof of claim, in which event such Holder would be entitled to vote the amount of such Claim as set forth in such proof of claim; provided that:

    a. If a Claim is deemed "Allowed" under the Plan or an order of the Court, such Claim shall be allowed for voting purposes in the deemed "Allowed" amount set forth in the Plan or the Court's order;

    b. If a Claim for which a proof of claim has been timely filed is wholly contingent, unliquidated or disputed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, and the Ballot mailed to the Holder of such Claim shall be marked as voting at $1.00;

    c. If a Claim is partially liquidated and partially unliquidated, the Claim shall be allowed for voting purposes only in the liquidated amount;

    d. If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim shall be temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

    e. If a Claim is listed in the Schedules as contingent, unliquidated or disputed and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, then, unless the Debtors have consented in writing to allow such Claim for voting purposes, such Claim shall be disallowed for voting purposes and for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c);

7

f.  If the Debtors have filed an objection to a Claim before the Voting Deadline, such Claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection; and

g.  Notwithstanding anything to the contrary contained herein, any Creditor who has filed or purchased duplicate Claims (whether against the same or multiple Debtors) that are classified under the Plan in the same Class, shall be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate claims.

14.  If any claimant seeks to challenge the allowance of its Claim for voting purposes in accordance with the above procedures, such claimant is directed to serve on counsel for Debtors and counsel for the Prepetition Lenders and file with the Court on or before the fourteenth (14th) day after the later of (a) the Solicitation Date and (b) the date of service of an objection, if any, to such Claim, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim in a different amount for purposes of voting to accept or reject the Plan.

15.  As to any Creditor filing a motion pursuant to Bankruptcy Rule 3018(a), such Creditor's Ballot shall not be counted unless temporarily allowed by the Court for voting purposes after notice and a hearing.

16.  If a Creditor casts more than one Ballot voting the same Claim(s) before the Voting Deadline, the last Ballot received before the Voting Deadline is deemed to reflect the voter's intent and, thus, to supersede any prior Ballots.

17.  Creditors with multiple Claims within a particular Class must vote all of their Claims within a particular Class under the Plan either to accept or reject the Plan and may not split their votes, and thus neither (a) any Ballot that partially rejects and partially accepts the Plan nor (b) any Ballot filed by a Creditor with multiple Claims within a Class who votes inconsistently will be counted.

8

18.     Without further order of this Court, any Ballot that is properly completed, executed and timely returned to the Voting Agent, but does not indicate an acceptance or rejection of the Plan or indicates both an acceptance and a rejection of the Plan, shall not be counted.

19.     Without further order of this Court, any Ballot actually received by the Voting Agent after the Voting Deadline shall not be counted, unless the Debtors granted an extension of the Voting Deadline with respect to such Ballot.

20.     Without further order of this Court, any Ballot that is illegible or contains insufficient information to permit the identification of the claimant shall not be counted.

21.     Without further order of this Court, any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan shall not be counted.

22.     Without further order of this Court, any Ballot cast for a Claim identified as unliquidated, contingent or disputed for which no proof of claim was timely filed shall not be counted.

23.     Without further order of this Court, any unsigned Ballot or non-originally signed Ballot shall not be counted.

24.     Without further order of this Court, any Ballot sent directly to any of the Debtors, their agents (other than the Voting Agent), any indenture trustee (unless specifically instructed to do so) or the Debtors' financial or legal advisors or to any party other than the Voting Agent shall not be counted.

25.     Without further order of this Court, any Ballot cast for a Claim that has been disallowed (for voting purposes or otherwise) or satisfied shall not be counted.

9

26. Subject to any contrary Order of this Court, the Debtors may reject any and all Ballots, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules.

27. None of the Debtors, the Voting Agent or any other person or entity shall be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor shall the Debtors, the Voting Agent or any other person or entity incur any liability for failure to provide such notification.

28. The Voting Agent may disregard any and all defective Ballots with no further notice to any other person or entity.

29. The Debtors are directed to file all exhibits to the Plan with the Court and make them available for review on the Debtors' case web site at www.epiqbankruptcysolutions.com no later than five (5) days before the Confirmation Hearing.

30. The Confirmation Hearing will be held at **10:00 a.m. Eastern on April 16, 2010** *provided, however,* that the Confirmation Hearing may be adjourned from time to time by the Court or the Debtors without further notice to parties other than an announcement in Court at the Confirmation Hearing or any adjourned Confirmation Hearing.

31. The Debtors shall publish the Confirmation Hearing Notice on or before **March 10, 2010** in the national editions of *The Wall Street Journal* and the *Globe & Mail* and electronically on www.epiqbankruptcysolutions.com.

32. Objections to confirmation of the Plan or proposed modifications to the Plan, if any, must: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court; (c) state the name and address of the objecting party and the amount and nature of the claim or interest of such party; (d) state with particularity the basis and nature of

10

any objection to the Plan; and (e) be filed electronically, together with proof of service, with the Court and served on the parties listed in the Confirmation Hearing Notice, on or before 5:00 p.m. (prevailing Eastern time) on **March 26, 2010**.

33.    Objections to confirmation of the Plan not timely filed and served in the manner set forth above shall not be considered and shall be overruled.

34.    The Debtors or the Voting Agent shall file the vote tabulation certification no later than **April 2, 1010**.

35.    The Debtors shall file any consolidated response to any objections to the Plan no later than **April 9, 2010**.

36.    The Debtors are authorized to take or refrain from taking any action and expending such funds necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

37.    The Debtors are authorized to make nonsubstantive changes to the Disclosure Statement, Plan, Ballots, the Confirmation Hearing Notice, any other notice related to the Plan or Disclosure Statement and all exhibits and appendices to any of the foregoing without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan and any other materials in the Solicitation Package prior to their distribution.

Date: _____, 2010      _____
      Wilmington, Delaware      THE HONORABLE KEVIN GROSS
                        UNITED STATES BANKRUPTCY JUDGE

11

## **EXHIBIT 1**

## **NOTICE OF NON VOTING STATUS**

EXHIBIT 1 – NOTICE OF NONVOTING STATUS

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TLC Vision (USA) Corporation, *et al.*,[1] | ) | Case No. 09-14473 (KG) |
| | ) | |
| Debtors. | ) | Jointly Administered |

### NOTICE OF NON-VOTING STATUS UNDER THE JOINT CHAPTER 11
### PLAN OF REORGANIZATION DATED AS OF JANUARY 6, 2010

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.     On December 21, 2009 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.     On _____, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an Order Approving: (1) Disclosure Statement; (2) Procedures for the Solicitation and Tabulation of Votes to Accept or Reject the Plan; and (3) Related Notice and Objection Procedures (Docket No. _____) (the "Approval Order").

3.     Among other things, the Approval Order: (a) approved the Disclosure Statement with Respect to the Joint Chapter 11 Plan of Reorganization Dated as of January 6, 2010 [Docket No. ___], the "Disclosure Statement"); (b) established certain procedures (collectively, the "Solicitation Procedures") for the solicitation and tabulation of votes to accept or reject the Joint Chapter 11 Plan of Reorganization Dated as of January 6, 2010 [Docket No. ___] (the "Plan"); (c) approved the contents of the proposed solicitation packages to be distributed to the Debtors' stakeholders who are entitled to vote to accept or reject the Plan (collectively, the "Solicitation Packages"); (d) approved the forms of notice to be sent to certain stakeholders who are not entitled to vote to accept or reject the Plan; and (e) approved other notice and objection procedures in connection with the hearing on confirmation of the Plan (the "Confirmation Hearing").

4.     Pursuant to rule 3017(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Approval Order, the Debtors: (a) are required to provide Solicitation Packages to all Creditors entitled to vote to accept or reject the Plan; and (b) are not required to provide Solicitation Packages to Holders of Claims or Interests in Classes under the Plan that are conclusively presumed to either accept or reject the Plan (collectively, the "Non-Voting Classes").

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number and address, are: TLC Vision (USA) Corporation (6220), 16305 Swingley Ridge Road, Chesterfield, MO 63017; TLC Vision Corporation (1150), 5280 Solar Drive, Suite 300, Mississauga, Ontario, L4W 5M8; and TLC Management Services, Inc. (0374), 1209 Orange Street, Wilmington, DE 19801.

5.    The Non-Voting Classes, and their proposed treatment under the Plan, are set forth immediately below:

A.    Claims Against and Interests in TLC USA:

- Class A1:  Other Secured Claims.  Class A1 Other Secured Claims are Unimpaired.

- Class A2:  Essential Trade Claims.  Class A2 Essential Trade Claims are Unimpaired.

- Class A3:  Other Priority Claims.  Class A3 Other Priority Claims are Unimpaired.

- Class A7:  Subordinated Claims.  Class A7 Subordinated Claims are Impaired.  Holders of Class A7 Subordinated Claims shall not receive or retain any property under the Plan on account of such Subordinated Claims.

- Class A8:  Intercompany Claims.  Class A8 Intercompany Claims are Impaired.  Holders of Class A8 Intercompany Claims shall not receive or retain any property under the Plan on account of such Intercompany Claims.

- Class A9:  Old TLC USA Common Stock and Interests.  Class A9 Old TLC USA Common Stock and Interests are Impaired.  Holders of Class A9 Old TLC USA Common Stock and  Interests shall not receive or retain any property under the Plan on account of such Old Common Stock and Interests.

B.    Claims Against and Interests in TLC Canada:

- Class B1:  Other Secured Claims.  Class B1 Other Secured Claims are Unimpaired.

- Class B2:  Other Priority Claims.  Class B2 Other Priority Claims are Unimpaired.

- Class B5:  Intercompany Claims.  Class B5 Intercompany Claims are Impaired.  Holders of Class B5 Intercompany Claims shall not receive or retain any property under the Plan on account of such Intercompany Claims.

- Class B6:  Old TLC Canada Common Stock and  Interests.  Class B6 TLC Canada Common Stock and Interests are Impaired. Holders of Allowed Class B6 TLC Canada Common Stock and Interests shall (a) retain their Interests in the Old TLC Canada Common Stock and Interests, and (b) in the event that Class B4

2

votes to accept the Plan, receive their pro rata share of a cash pool in the amount of [$_____].

C.    <u>Treatment of Claims Against and Interests in TLC MSI:</u>

- <u>Class C1: Other Secured Claims</u>. Class C1 Other Secured Claims are Unimpaired.

- <u>Class C2: Other Priority Claims</u>. Class C2 Other Priority Claims are Unimpaired.

- <u>Class C3: General Unsecured Claims</u>. Class C3 General Unsecured Claims are Unimpaired.

- <u>Class C4: Old TLC MSI Common Stock and Interests</u>. Class C4 TLC MSI Common Stock and Interests are Unimpaired. Holders of Allowed Class C4 TLC MSI Common Stock and Interests shall retain their Interests.

- <u>Class C6: Intercompany Claims</u>. Class C6 Intercompany Claims are Impaired. Holders of Class C6 Intercompany Claims shall not receive or retain any property under the Plan on account of such Intercompany Claims.

6.    **YOU HAVE BEEN IDENTIFIED AS THE HOLDER OF A CLAIM OR INTEREST IN A NON-VOTING CLASS UNDER THE PLAN AND THEREFORE ARE NOT ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN.** Accordingly, pursuant to the Approval Order, you are receiving this Notice in lieu of a Solicitation Package containing, among other things, copies of the Disclosure Statement and the Plan. Should you wish to obtain a copy of either the Disclosure Statement or the Plan, copies of both documents (including any exhibits and appendices thereto) are available at no charge via the internet at www.epiqbankruptcysolutions.com. Copies of the Disclosure Statement and the Plan (excluding any publicly-filed exhibits and appendices thereto) are also available upon a written request made to the Voting Agent at TLC Vision (USA) Corporation Ballot Processing, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5014, New York, NY 10150-5014 or by calling the Voting Agent at (877) 879-5075.

7.    If you wish to challenge the Debtors' classification of your Claim, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (a "<u>Rule 3018 Motion</u>"), for an order temporarily allowing your Claim in a different classification or amount for purposes of voting to accept or reject the Plan and serve such motion on the Debtors so that it is received by the later of (a) **March 10, 2010** or (b) fourteen (14) days after the date of service of a notice of an objection, if any, to your Claim or Interest. In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018 Motion, such creditor's Ballot will not be counted unless temporarily allowed by the Bankruptcy Court for voting purposes, after notice and a hearing prior to **March 26, 2010 at 5:00 p.m. Eastern** (*i.e.*, the last date fixed for creditors to vote to accept or reject the Plan). Rule 3018 Motions that are not timely filed and served in the manner as set forth above will not be considered.

8.    The Confirmation Hearing will be held before the Honorable Kevin Gross, United States Bankruptcy Judge, in Court Room #3 of the Bankruptcy Court, 824 N. Market Street, 6th

3

Floor, Wilmington, DE 19801 on **April 16, 2010, at 10:00 a.m., Eastern**. The Confirmation Hearing may be continued from time to time without further notice other than the announcement of the adjourned date at the Confirmation Hearing or any continued hearing.

9. Objections, if any, to the confirmation of the Plan must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim or interest of such party; (c) state with particularity the basis and nature of any objection; and (d) be filed with the Bankruptcy Court at the address set forth in the preceding paragraph and served on the following parties by no later than **5:00 p.m., Eastern time, on March 26, 2010**:

- The Debtors, _____;

- Counsel for the Debtors, Proskauer Rose LLP, 70 West Madison Street, Chicago, Illinois 60602 (Attn: Mark K. Thomas and Paul Possinger);

- Counsel for certain of the Prepetition Lenders, _____ (Attn: _____); and

- Office of The United States Trustee, District of Delaware, _____ (Attn: _____).

[SIGNATURE PAGE FOLLOWS]

7653/74009-001 Current/15923797v9
RLF1 3523498v.3

Dated: [_____]  **BY ORDER OF THE COURT**
      Wilmington, Delaware


**RICHARDS, LAYTON & FINGER, P.A.**

_____
Mark D. Collins (DE Bar No. 2981)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7531
Facsimile: (302) 498-7531

– and –

**PROSKAUER ROSE LLP**
Mark K. Thomas (admitted *pro hac vice*)
Paul V. Possinger (admitted *pro hac vice*)
Jeremy T. Stillings (admitted *pro hac vice*)
Three First National Plaza
70 West Madison, Suite 3800
Chicago, Illinois 60602-4342
Telephone: (312) 962-3550
Facsimile: (312) 962-3551

*Co-Counsel for the Debtors and Debtors in Possession*

-5-

# EXHIBIT 2

## FORMS OF BALLOTS

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TLC Vision (USA) Corporation, *et al.*,[1] | ) | Case No. 09-14473 (KG) |
| | ) | |
| Debtors. | ) | Jointly Administered |

### BALLOT FOR ACCEPTING OR REJECTING
### DEBTORS' JOINT CHAPTER 11 PLAN OF
### REORGANIZATION DATED AS OF JANUARY 6, 2010

### CLASS A4: PREPETITION LENDER SECURED CLAIMS
### AGAINST TLC VISION (USA) CORPORATION

---
**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN
IS MARCH 26, 2010 AT 5:00 P.M. EASTERN**

---

This Class A4 Ballot is submitted to you to solicit your vote to accept or reject the Joint Chapter 11 Plan of Reorganization Dated as of January 6, 2010 (the "Plan") proposed by the above-captioned debtors and debtors in possession, (collectively, the "Debtors"). The Plan is Appendix A to the Debtors' Disclosure Statement With Respect to the Joint Chapter 11 Plan of Reorganization Dated as of January 6, 2010 (the "Disclosure Statement") which is in the materials accompanying this Ballot and also has been posted on the Debtors' case website at www.epiqbankruptcysolutions.com. Each capitalized term used herein but not otherwise defined shall have the meaning ascribed thereto in the Plan.

If you are, as of **February 17, 2010** , a Holder of a Prepetition Lender Secured Claim Against TLC Vision (USA) Corporation, please use this Ballot to cast your vote to accept or reject the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (a) is accepted by the Holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan, and (b) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your vote counted, you must complete, sign and return this Ballot by no later than **March 26, 2010 at 5:00 p.m Eastern   (the "Voting Deadline")** to the Voting Agent at TLC Vision (USA) Corporation Ballot Processing, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Ave, 3rd Floor, New York, NY 10017 (by overnight delivery or personal courier) or, TLC Vision (USA) Corporation Ballot Processing, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5014, New York, NY 10150-5014 (by regular first class mail) so that it is received by the Voting Deadline. Ballots submitted by e-mail or facsimile transmission will not be accepted. Ballots should not be sent to the Debtors.

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim or Claims under the Plan. All of your

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number and address, are: TLC Vision (USA) Corporation (6220), 16305 Swingley Ridge Road, Chesterfield, MO 63017; TLC Vision Corporation (1150), 5280 Solar Drive, Suite 300, Mississauga, Ontario, L4W 5M8; and TLC Management Services, Inc. (0374), 1209 Orange Street, Wilmington, DE 19801.

Claims against TLC Vision (USA) Corporation arising from the Amended and Restated Credit Agreement have been placed in Class A4 under the Plan. If you hold claims in more than one Class or in multiple accounts, you will receive a Ballot for each Class or account in which you are entitled to vote.

Upon completion, this Ballot should be returned to the Debtors' Voting Agent, Epiq Bankruptcy Solutions, LLC , by mail, overnight courier or personal delivery at the following address:

| By U. S. Mail: | By Courier or Personal Delivery: |
| --- | --- |
| TLC Vision (USA) Corporation Ballot Processing c/o Epiq Bankruptcy Solutions, LLC FDR Station P.O. Box 5014 New York, NY 10150-5014 | TLC Vision (USA) Corporation Ballot Processing c/o Epiq Bankruptcy Solutions, LLC 757 Third Avenue 3rd Floor New York, NY 10017 |

If your Ballot is not received by the Voting Agent on or before the Voting Deadline and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan. Ballots will not be accepted by facsimile or other electronic transmission. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

**THE VOTING DEADLINE IS MARCH 26, 2010 AT 5:00 P.M. EASTERN .**

**PLEASE READ THE FOLLOWING**
**INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

HOW TO VOTE:

1.  COMPLETE ITEMS 1 AND 2.

2.  IF YOU HAVE VOTED OTHER CLASS A4 BALLOTS, COMPLETE ITEM 3.

3.  REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 4.

4.  **SIGN AND DATE THE BALLOT**.

5.  RETURN THE BALLOT IN THE ENCLOSED PRE-ADDRESSED POSTAGE-PAID ENVELOPE.

6.  YOU MUST VOTE THE FULL AMOUNT OF ALL YOUR SECURED NOTES, *EITHER* TO ACCEPT *OR* TO REJECT THE PLAN AND MAY NOT SPLIT YOUR VOTE.

7.  ANY EXECUTED BALLOT RECEIVED THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN, WILL NOT BE COUNTED.

7653/74009-001 Current/15923797v9
RLF1 3523498v.3

7653/74009-001 Current/15923797v9
RLF1 3523498v.3

**Item 1. Class A4 Vote.** The undersigned, a holder of a Prepetition Lender Secured Claim in Class A4 of the Plan against one or more of the Debtors as of **February 17, 2010** in the amount set forth below, votes to (check <u>one</u> box):

         ☐ **ACCEPT** the Plan.            ☐ **REJECT** the Plan.

**IF YOU VOTE TO ACCEPT THE PLAN, YOU ARE SPECIFICALLY CONSENTING TO THE RELEASES CONTAINED IN THE PLAN WITH RESPECT TO ALL CLAIMS VOTED ON THIS BALLOT. SUCH RELEASES INCLUDE, BUT ARE NOT LIMITED TO, THE RELEASES CONTAINED IN SECTION 11.04 OF THE PLAN, WHICH INCLUDE THE RELEASE OF CLAIMS AND CAUSES OF ACTION AGAINST CERTAIN NONDEBTOR ENTITIES.**

**Item 2. Amount of Prepetition Lender Secured Claim Voted.** The undersigned certifies that as of **February 17, 2010**, the undersigned held a Claim against TLC Vision (USA) Corporation arising from the Amended and Restated Credit Agreement in the following aggregate principal amount (insert amount in box below):

> $ _____

**Item 3. Identify all other Class A4 Prepetition Lender Secured Claims Voted.** By returning this Ballot, the Holder of the Class A4 Prepetition Lender Secured Claims identified in Item 2 certifies that (a) this Ballot is the only Ballot submitted for Class A4 Prepetition Lender Secured Claims held by such Holder, except for any other Class A4 Prepetition Lender Secured Claims that are identified in the following table, and (b) all Ballots for any other Class A4 Prepetition Lender Secured Claim submitted by the Holder indicate the same vote to accept or reject the Plan that the Holder has indicated in Item 1 of this Ballot (please use additional sheets of paper if necessary):

<div align="center">

**ONLY COMPLETE THIS TABLE IF YOU HAVE
VOTED OTHER CLASS A4 BALLOTS**

</div>

| Account Number | Name of Registered Holder | Principal Amount of other Class A4 Prepetition Lender Secured Claims |
|---|---|---|
|  |  | $ |
|  |  | $ |
|  |  | $ |
|  |  | $ |

Creditor: _____         Claim Amount: $_____

<div align="center">-4-</div>

**Item 4. Certification.** By returning this Ballot, the Holder of the Prepetition Lender Secured Claim identified in Item 2 certifies that: (a) it has full power and authority to vote to accept or reject the Plan with respect to the Prepetition Lender Secured Claim listed in Item 2, (b) it was the holder of the Prepetition Lender Secured Claim described in Item 2 as of **February 17, 2010** , (c) all Ballots to vote Class A4 Prepetition Lender Secured Claims submitted by the Holder indicate the same vote to accept or reject the Plan that the Holder has indicated on this Ballot, and (d) it has received a copy of the Disclosure Statement (including the appendices thereto) and understands that the solicitation of votes to accept or reject the Plan is subject to all the terms and conditions set forth in the Disclosure Statement and Plan.

<div align="center">

**YOUR RECEIPT OF THIS BALLOT DOES NOT SIGNIFY
THAT YOUR CLAIM HAS BEEN OR WILL BE ALLOWED.**

</div>

Name of Claim Holder:_____

(Print or Type)

Social Security or Federal Tax I.D. No.:_____

(Optional)

Signature:_____

Print Name:_____

Title:_____

(If Appropriate)

Street Address:_____

City, State, Zip Code:_____

Telephone Number: (___)_____

Date Completed: _____

This Ballot shall not constitute or be deemed a proof of claim or equity interest, an assertion of a claim or equity interest, or the allowance of a claim or equity interest.

> **UPON COMPLETION, THIS BALLOT SHOULD BE RETURNED TO THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC. IF YOUR BALLOT IS NOT RECEIVED BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE AND SUCH DEADLINE IS NOT EXTENDED, YOUR VOTE WILL NOT COUNT AS EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN.**

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT BY TELEPHONE AT (877) 879-5075.

7653/74009-001 Current/15923797v9
RLF1 3523498v.3

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TLC Vision (USA) Corporation, *et al.*,[1] | ) | Case No. 09-14473 (KG) |
| | ) | |
| Debtors. | ) | Jointly Administered |

### BALLOT FOR ACCEPTING OR REJECTING
### DEBTORS' JOINT CHAPTER 11 PLAN OF
### REORGANIZATION DATED AS OF JANUARY 6, 2010

### CLASS A5: GENERAL UNSECURED CLAIMS AGAINST TLC VISION (USA) CORPORATION

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN
> IS 5:00 P.M., PREVAILING EASTERN TIME, ON MARCH 26, 2010**

This Class A5 Ballot is submitted to you to solicit your vote to accept or reject the Joint Chapter 11 Plan of Reorganization Dated as of January 6, 2010 (the "Plan") proposed by the above-captioned debtors and debtors in possession, (collectively, the "Debtors"). The Plan is Appendix A to the Debtors' Disclosure Statement With Respect to the Joint Chapter 11 Plan of Reorganization Dated as of January 6, 2010 (the "Disclosure Statement") which is in the materials accompanying this Ballot and also has been posted on the Debtors' case website at www.epiqbankruptcysolutions.com. Each capitalized term used herein but not otherwise defined shall have the meaning ascribed thereto in the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (a) is accepted by the Holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan, and (b) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your vote counted, you must complete, sign and return this Ballot by no later than **5:00 p.m. Eastern time on March 26, 2010 (the "Voting Deadline")** to the Voting Agent at TLC Vision (USA) Corporation Ballot Processing, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Ave, 3rd Floor, New York, NY 10017 (by overnight delivery or personal courier) or, TLC Vision (USA) Corporation Ballot Processing, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5014, New York, NY 10150-5014 (by regular first class mail) so that it is received by the Voting Deadline. Ballots submitted by e-mail or facsimile transmission will not be accepted. Ballots should not be sent to the Debtors.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number and address, are: TLC Vision (USA) Corporation (6220), 16305 Swingley Ridge Road, Chesterfield, MO 63017; TLC Vision Corporation (1150), 5280 Solar Drive, Suite 300, Mississauga, Ontario, L4W 5M8; and TLC Management Services, Inc. (0374), 1209 Orange Street, Wilmington, DE 19801.

PLEASE COMPLETE ITEM 1. IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, OR IF BOTH BOXES ARE CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST WITH RESPECT TO THE APPLICABLE CLASS. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1. Class A5 Vote.** The undersigned, a holder of a General Unsecured Claim in Class A5 of the Plan against one or more of the Debtors as of **February 17, 2010** in the amount set forth below, votes to (check <u>one</u> box):

☐ **ACCEPT** the Plan.　　　　☐ **REJECT** the Plan.

**IF YOU VOTE TO ACCEPT THE PLAN, YOU ARE SPECIFICALLY CONSENTING TO THE RELEASES CONTAINED IN THE PLAN WITH RESPECT TO ALL CLAIMS VOTED ON THIS BALLOT. SUCH RELEASES INCLUDE, BUT ARE NOT LIMITED TO, THE RELEASES CONTAINED IN SECTION 11.04 OF THE PLAN, WHICH INCLUDE THE RELEASE OF CLAIMS AND CAUSES OF ACTION AGAINST CERTAIN NONDEBTOR ENTITIES.**

Creditor: _____　　　　Claim Amount: $_____

**Item 2. Certification.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that, if this Ballot is otherwise validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted as having been cast.

_____
Name

_____
Federal Tax I.D. No. (optional)

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

7653/74009-001 Current/15923797v9
RLF1 3523498v.3

# VOTING INFORMATION AND INSTRUCTIONS
# FOR COMPLETING THE CLASS A5 BALLOT

1.  In the boxes provided in Item 1 of the Ballot, please indicate acceptance or rejection of the Plan. Complete the Ballot by providing all the information requested and sign, date and return the Ballot by mail, overnight courier or personal delivery to Epiq Bankruptcy Solutions, LLC (the "Voting Agent") at the following address:

## BY UNITED STATES MAIL, OVERNIGHT COURIER OR PERSONAL DELIVERY:

| By U. S. Mail: | By Courier or Personal Delivery: |
| --- | --- |
| TLC Vision (USA) Corporation Ballot Processing c/o Epiq Bankruptcy Solutions, LLC FDR Station P.O. Box 5014 New York, NY 10150-5014 | TLC Vision (USA) Corporation Ballot Processing c/o Epiq Bankruptcy Solutions, LLC 757 Third Avenue 3rd Floor New York, NY 10017 |

Ballots must be *received* by the Voting Agent by 5:00 P.M., PREVAILING EASTERN TIME, ON March 26, 2010 (the "Voting Deadline"). If a Ballot is received after the Voting Deadline, it will not be counted. An envelope addressed to the Voting Agent is enclosed for your convenience. Ballots submitted by e-mail or facsimile transmission will not be accepted. Ballots should not be sent to the Debtors.

2.  If you hold Claims in more than one voting Class under the Plan, or if you hold multiple Claims within the same voting Class under the Plan, you may receive a separate Ballot for each such Claim, coded by Class number and description, and a set of solicitation materials. **Each Ballot you receive is for voting only those Claims described on the Ballot. Please complete and return each Ballot you receive. The attached Ballot is designated only for voting Class A5 General Unsecured Claims against TLC Vision (USA) Corporation.** You must vote all of your Class A5 General Unsecured Claims under the Plan either to accept or reject the Plan. Accordingly, if you return more than one Ballot voting different Class A5 General Unsecured Claims under the Plan and the Ballots are not voted in the same manner, such Ballots shall not be counted. If you hold any portion of a single Claim, you and all other holders of any portion of such Claim will be (a) treated as a single creditor for voting purposes and (b) required to vote every portion of such Claim collectively to either accept or reject the Plan. In the event a group of Ballots received from the various holders of multiple portions of a single Claim partially accepts and partially rejects the Plan, such Ballots shall not be counted.

3.  The Ballot does not constitute and shall not be deemed a proof of Claim or Interest or an assertion of a Claim or Interest.

PLEASE RETURN YOUR BALLOT PROMPTLY BY THE VOTING DEADLINE.

THE VOTING AGENT WILL *NOT* ACCEPT BALLOTS BY E-MAIL OR FACSIMILE TRANSMISSION. BALLOTS SHOULD NOT BE SENT TO THE DEBTORS.

IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT, Epiq Bankruptcy Solutions, LLC, BY TELEPHONE AT (877) 879-5075.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TLC Vision (USA) Corporation, *et al.,*[1] | ) | Case No. 09-14473 (KG) |
| | ) | |
| Debtors. | ) | Jointly Administered |

**BALLOT FOR ACCEPTING OR REJECTING
DEBTORS' JOINT CHAPTER 11 PLAN OF
REORGANIZATION DATED AS OF JANUARY 6, 2010**

**CLASS A6: MEDICAL PENDING LITIGATION CLAIMS
AGAINST TLC VISION (USA) CORPORATION**

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN
> IS 5:00 P.M., PREVAILING EASTERN TIME, ON MARCH 26, 2010**

This Class A6 Ballot is submitted to you to solicit your vote to accept or reject the Joint Chapter 11 Plan of Reorganization Dated as of January 6, 2010 (the "Plan") proposed by the above-captioned debtors and debtors in possession, (collectively, the "Debtors"). The Plan is Appendix A to the Debtors' Disclosure Statement With Respect to the Joint Chapter 11 Plan of Reorganization Dated as of January 6, 2010 (the "Disclosure Statement") which is in the materials accompanying this Ballot and also has been posted on the Debtors' case website at www.epiqbankruptcysolutions.com. Each capitalized term used herein but not otherwise defined shall have the meaning ascribed thereto in the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (a) is accepted by the Holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan, and (b) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your vote counted, you must complete, sign and return this Ballot by no later than **5:00 p.m. Eastern time on March 26, 2010 (the "Voting Deadline")** to the Voting Agent at TLC Vision (USA) Corporation Ballot Processing, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Ave, 3rd Floor, New York, NY 10017 (by overnight delivery or personal courier) or, TLC Vision (USA) Corporation Ballot Processing, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5014, New York, NY 10150-5014 (by regular first class mail) so that it is received by the Voting Deadline. Ballots submitted by e-mail or facsimile transmission will not be accepted. Ballots should not be sent to the Debtors.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number and address, are: TLC Vision (USA) Corporation (6220), 16305 Swingley Ridge Road, Chesterfield, MO 63017; TLC Vision Corporation (1150), 5280 Solar Drive, Suite 300, Mississauga, Ontario, L4W 5M8; and TLC Management Services, Inc. (0374), 1209 Orange Street, Wilmington, DE 19801.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEM 1.  IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, OR IF BOTH BOXES ARE CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST WITH RESPECT TO THE APPLICABLE CLASS.  IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1.  Class A6 Vote.**  The undersigned, a holder of a Medical Pending Litigation Claim in Class A6 of the Plan against one or more of the Debtors as of **February 17, 2010**  in the amount set forth below, votes to (check <u>one</u> box):

☐ **ACCEPT** the Plan.          ☐ **REJECT** the Plan.

**IF YOU VOTE TO ACCEPT THE PLAN, YOU ARE SPECIFICALLY CONSENTING TO THE RELEASES CONTAINED IN THE PLAN WITH RESPECT TO ALL CLAIMS VOTED ON THIS BALLOT.  SUCH RELEASES INCLUDE, BUT ARE NOT LIMITED TO, THE RELEASES CONTAINED IN SECTION 11.04 OF THE PLAN, WHICH INCLUDE THE RELEASE OF CLAIMS AND CAUSES OF ACTION AGAINST CERTAIN NONDEBTOR ENTITIES.**

Creditor: _____          Claim Amount: $_____

**Item 2.  Certification.**  By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant.  The undersigned understands that, if this Ballot is otherwise validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted as having been cast.

_____
Name

_____
Federal Tax I.D. No. (optional)

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

7653/74009-001 Current/15923797v9
RLF1 3523498v.3

# VOTING INFORMATION AND INSTRUCTIONS
# FOR COMPLETING THE CLASS A6 BALLOT

1.  In the boxes provided in Item 1 of the Ballot, please indicate acceptance or rejection of the Plan. Complete the Ballot by providing all the information requested and sign, date and return the Ballot by mail, overnight courier or personal delivery to Epiq Bankruptcy Solutions, LLC (the "Voting Agent") at the following address:

## BY UNITED STATES MAIL, OVERNIGHT COURIER OR PERSONAL DELIVERY:

| By U. S. Mail: | By Courier or Personal Delivery: |
|---|---|
| TLC Vision (USA) Corporation Ballot Processing c/o Epiq Bankruptcy Solutions, LLC FDR Station P.O. Box 5014 New York, NY 10150-5014 | TLC Vision (USA) Corporation Ballot Processing c/o Epiq Bankruptcy Solutions, LLC 757 Third Avenue 3rd Floor New York, NY 10017 |

**Ballots must be *received* by the Voting Agent by 5:00 P.M., PREVAILING EASTERN TIME, ON March 26, 2010 (the "Voting Deadline").** If a Ballot is received after the Voting Deadline, it will not be counted. An envelope addressed to the Voting Agent is enclosed for your convenience. Ballots submitted by e-mail or facsimile transmission will not be accepted. Ballots should not be sent to the Debtors.

2.  If you hold Claims in more than one voting Class under the Plan, or if you hold multiple Claims within the same voting Class under the Plan, you may receive a separate Ballot for each such Claim, coded by Class number and description, and a set of solicitation materials. **Each Ballot you receive is for voting only those Claims described on the Ballot. Please complete and return each Ballot you receive. The attached Ballot is designated only for voting Class A6 Medical Pending Litigation Claims against TLC Vision (USA) Corporation.** You must vote all of your Class A6 Medical Pending Litigation Claims under the Plan either to accept or reject the Plan. Accordingly, if you return more than one Ballot voting different Class A6 Medical Pending Litigation Claims under the Plan and the Ballots are not voted in the same manner, such Ballots shall not be counted. If you hold any portion of a single Claim, you and all other holders of any other portion of such Claim will be (a) treated as a single creditor for voting purposes and (b) required to vote every portion of such Claim collectively to either accept or reject the Plan. In the event a group of Ballots received from the various holders of multiple portions of a single Claim partially accepts and partially rejects the Plan, such Ballots shall not be counted.

3.  The Ballot does not constitute and shall not be deemed a proof of Claim or Interest or an assertion of a Claim or Interest.

<div align="center">PLEASE RETURN YOUR BALLOT PROMPTLY BY THE VOTING DEADLINE.</div>

THE VOTING AGENT WILL *NOT* ACCEPT BALLOTS BY E-MAIL OR FACSIMILE TRANSMISSION. BALLOTS SHOULD NOT BE SENT TO THE DEBTORS.

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT, Epiq Bankruptcy Solutions, LLC, BY TELEPHONE AT (877) 879-5075.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TLC Vision (USA) Corporation, *et al.*,[1] | ) | Case No. 09-14473 (KG) |
| | ) | |
| Debtors. | ) | Jointly Administered |

**BALLOT FOR ACCEPTING OR REJECTING
DEBTORS' JOINT CHAPTER 11 PLAN OF
REORGANIZATION DATED AS OF JANUARY 6, 2010**

**CLASS B3: PREPETITION LENDER SECURED CLAIMS AGAINST TLC VISION CORPORATION**

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN
> IS 5:00 P.M., PREVAILING EASTERN TIME, ON MARCH 26, 2010**

This Class B3 Ballot is submitted to you to solicit your vote to accept or reject the Joint Chapter 11 Plan of Reorganization Dated as of January 6, 2010 (the "Plan") proposed by the above-captioned debtors and debtors in possession, (collectively, the "Debtors"). The Plan is Appendix A to the Debtors' Disclosure Statement With Respect to the Joint Chapter 11 Plan of Reorganization Dated as of January 6, 2010 (the "Disclosure Statement") which is in the materials accompanying this Ballot and also has been posted on the Debtors' case website at www.epiqbankrutpcysolutions.com. Each capitalized term used herein but not otherwise defined shall have the meaning ascribed thereto in the Plan.

If you are, as of **February 17, 2010**, the holder of a Prepetition Lender Secured Claim Against TLC Vision Corporation, please use this Ballot to cast your vote to accept or reject the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (a) is accepted by the Holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan, and (b) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your vote counted, you must complete, sign and return this Ballot by no later than **5:00 p.m. Eastern time on March 26, 2010 (the "Voting Deadline")** to the Voting Agent at TLC Vision (USA) Corporation Ballot Processing, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Ave, 3rd Floor, New York, NY 10017 (by overnight delivery or personal courier) or, TLC Vision (USA) Corporation Ballot Processing, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5014, New York, NY 10150-5014 (by regular first class mail) so that it is received by the Voting Deadline. Ballots submitted by e-mail or facsimile transmission will not be accepted. Ballots should not be sent to the Debtors.

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim or Claims under the Plan. All of your

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number and address, are: TLC Vision (USA) Corporation (6220), 16305 Swingley Ridge Road, Chesterfield, MO 63017; TLC Vision Corporation (1150), 5280 Solar Drive, Suite 300, Mississauga, Ontario, L4W 5M8; and TLC Management Services, Inc. (0374), 1209 Orange Street, Wilmington, DE 19801.

Claims against TLC Vision Corporation arising from the Amended and Restated Credit Agreement have been placed in Class B3 under the Plan. If you hold claims in more than one Class or in multiple accounts, you will receive a Ballot for each Class or account in which you are entitled to vote.

Upon completion, this Ballot should be returned to the Debtors' Voting Agent, Epiq Bankruptcy Solutions, LLC , by mail, overnight courier or personal delivery to the following address:

| By U. S. Mail: | By Courier or Personal Delivery: |
|---|---|
| TLC Vision (USA) Corporation Ballot Processing c/o Epiq Bankruptcy Solutions, LLC FDR Station P.O. Box 5014 New York, NY 10150-5014 | TLC Vision (USA) Corporation Ballot Processing c/o Epiq Bankruptcy Solutions, LLC 757 Third Avenue 3rd Floor New York, NY 10017 |

If your Ballot is not received by the Voting Agent on or before the Voting Deadline and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan. Ballots will not be accepted by facsimile or other electronic transmission. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

**THE VOTING DEADLINE IS 5:00 P.M. EASTERN TIME ON MARCH 26, 2010.**

**PLEASE READ THE FOLLOWING**
**INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

HOW TO VOTE:

1.   COMPLETE ITEMS 1 AND 2.

2.   IF YOU HAVE VOTED OTHER CLASS B3 BALLOTS, COMPLETE ITEM 3.

3.   REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 4.

4.   **SIGN AND DATE THE BALLOT**.

5.   RETURN THE BALLOT IN THE ENCLOSED PRE-ADDRESSED POSTAGE-PAID ENVELOPE.

6.   YOU MUST VOTE THE FULL AMOUNT OF ALL YOUR SECURED NOTES, *EITHER* TO ACCEPT *OR* TO REJECT THE PLAN AND MAY NOT SPLIT YOUR VOTE.

7.   ANY EXECUTED BALLOT RECEIVED THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN, WILL NOT BE COUNTED.

7653/74009-001 Current/15923797v9
RLF1 3523498v.3

**Item 1. Class B3 Vote.** The undersigned, a holder of a Prepetition Lender Secured Claim in Class B3 of the Plan against one or more of the Debtors as of **February 17, 2010** in the amount set forth below, votes to (check <u>one</u> box):

☐ **ACCEPT** the Plan.          ☐ **REJECT** the Plan.

**IF YOU VOTE TO ACCEPT THE PLAN, YOU ARE SPECIFICALLY CONSENTING TO THE RELEASES CONTAINED IN THE PLAN WITH RESPECT TO ALL CLAIMS VOTED ON THIS BALLOT. SUCH RELEASES INCLUDE, BUT ARE NOT LIMITED TO, THE RELEASES CONTAINED IN SECTION 11.04 OF THE PLAN, WHICH INCLUDE THE RELEASE OF CLAIMS AND CAUSES OF ACTION AGAINST CERTAIN NONDEBTOR ENTITIES.**

**Item 2. Amount of Prepetition Lender Secured Claim Voted.** The undersigned certifies that as of **February 17, 2010**, the undersigned held a Claim against TLC Vision Corporation arising from the Amended and Restated Credit Agreement in the following aggregate principal amount (insert amount in box below):

| $ |
|---|

**Item 3. Identify all other Class B3 Prepetition Lender Secured Claims Voted.** By returning this Ballot, the Holder of the Class B3 Prepetition Lender Secured Claims identified in Item 2 certifies that (a) this Ballot is the only Ballot submitted for Class B3 Prepetition Lender Secured Claims held by such Holder, except for any other Class B3 Prepetition Lender Secured Claims that are identified in the following table, and (b) all Ballots for any other Class B3 Prepetition Lender Secured Claim submitted by the Holder indicate the same vote to accept or reject the Plan that the Holder has indicated in Item 1 of this Ballot (please use additional sheets of paper if necessary):

<div align="center">

**ONLY COMPLETE THIS TABLE IF YOU HAVE
VOTED OTHER CLASS B3 BALLOTS**

</div>

| Account Number | Name of Registered Holder | Principal Amount of other Class B3 Prepetition Lender Secured Claims |
|---|---|---|
| | | $ |
| | | $ |
| | | $ |
| | | $ |

Creditor: _____       Claim Amount: $_____

7653/74009-001 Current/15923797v9
RLF1 3523498v.3

**Item 4. Certification.** By returning this Ballot, the Holder of the Prepetition Lender Secured Claim identified in Item 2 certifies that: (a) it has full power and authority to vote to accept or reject the Plan with respect to the Prepetition Lender Secured Claim listed in Item 2, (b) it was the holder of the Prepetition Lender Secured Claim described in Item 2 as of **February 17, 2010**, (c) all Ballots to vote Class B3 Prepetition Lender Secured Claims submitted by the Holder indicate the same vote to accept or reject the Plan that the Holder has indicated on this Ballot, and (d) it has received a copy of the Disclosure Statement (including the appendices thereto) and understands that the solicitation of votes to accept or reject the Plan is subject to all the terms and conditions set forth in the Disclosure Statement and Plan.

### YOUR RECEIPT OF THIS BALLOT DOES NOT SIGNIFY
### THAT YOUR CLAIM HAS BEEN OR WILL BE ALLOWED.

Name of Claim Holder:_____

(Print or Type)

Social Security or Federal Tax I.D. No.:_____

(Optional)

Signature:_____

Print Name:_____

Title:_____

(If Appropriate)

Street Address:_____

City, State, Zip Code:_____

Telephone Number: (___)_____

Date Completed: _____

This Ballot shall not constitute or be deemed a proof of claim or equity interest, an assertion of a claim or equity interest, or the allowance of a claim or equity interest.

> **UPON COMPLETION, THIS BALLOT SHOULD BE RETURNED TO THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC. IF YOUR BALLOT IS NOT RECEIVED BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE AND SUCH DEADLINE IS NOT EXTENDED, YOUR VOTE WILL NOT COUNT AS EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN.**

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT BY TELEPHONE AT (877) 879-5075.

7653/74009-001 Current/15923797v9
RLF1 3523498v.3

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TLC Vision (USA) Corporation, *et al.,*[1] | ) | Case No. 09-14473 (KG) |
| | ) | |
| Debtors. | ) | Jointly Administered |

### BALLOT FOR ACCEPTING OR REJECTING
### DEBTORS' JOINT CHAPTER 11 PLAN OF
### REORGANIZATION DATED AS OF JANUARY 6, 2010

### CLASS B4: GENERAL UNSECURED CLAIMS AGAINST TLC VISION CORPORATION

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN
> IS 5:00 P.M., PREVAILING EASTERN TIME, ON MARCH 26, 2010**

This Class B4 Ballot is submitted to you to solicit your vote to accept or reject the Joint Chapter 11 Plan of Reorganization Dated as of January 6, 2010 (the "Plan") proposed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"). The Plan is Appendix A to the Debtors' Disclosure Statement With Respect to the Joint Chapter 11 Plan of Reorganization Dated as of January 6, 2010 (the "Disclosure Statement") which is in the materials accompanying this Ballot and also has been posted on the Debtors' case website at www.epiqbankruptcysolutions.com. Each capitalized term used herein but not otherwise defined shall have the meaning ascribed thereto in the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (a) is accepted by the Holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan, and (b) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your vote counted, you must complete, sign and return this Ballot by no later than **5:00 p.m. Eastern time on March 26, 2010 (the "Voting Deadline")** to the Voting Agent at TLC Vision (USA) Corporation Ballot Processing, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Ave, 3rd Floor, New York, NY 10017 (by overnight delivery or personal courier) or, TLC Vision (USA) Corporation Ballot Processing, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5014, New York, NY 10150-5014 (by regular first class mail) so that it is received by the Voting Deadline. Ballots submitted by e-mail or facsimile transmission will not be accepted. Ballots should not be sent to the Debtors.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number and address, are: TLC Vision (USA) Corporation (6220), 16305 Swingley Ridge Road, Chesterfield, MO 63017; TLC Vision Corporation (1150), 5280 Solar Drive, Suite 300, Mississauga, Ontario, L4W 5M8; and TLC Management Services, Inc. (0374), 1209 Orange Street, Wilmington, DE 19801.

PLEASE COMPLETE ITEM 1. IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, OR IF BOTH BOXES ARE CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST WITH RESPECT TO THE APPLICABLE CLASS. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1. Class B4 Vote.** The undersigned, a holder of a General Unsecured Claim in Class B4 of the Plan against one or more of the Debtors as of **February 17, 2010** in the amount set forth below, votes to (check <u>one</u> box):

☐ **ACCEPT** the Plan.        ☐ **REJECT** the Plan.

**IF YOU VOTE TO ACCEPT THE PLAN, YOU ARE SPECIFICALLY CONSENTING TO THE RELEASES CONTAINED IN THE PLAN WITH RESPECT TO ALL CLAIMS VOTED ON THIS BALLOT. SUCH RELEASES INCLUDE, BUT ARE NOT LIMITED TO, THE RELEASES CONTAINED IN SECTION 11.04 OF THE PLAN, WHICH INCLUDE THE RELEASE OF CLAIMS AND CAUSES OF ACTION AGAINST CERTAIN NONDEBTOR ENTITIES.**

Creditor: _____       Claim Amount: $_____

**Item 2. Certification.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that, if this Ballot is otherwise validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted as having been cast.

_____
Name

_____
Federal Tax I.D. No. (optional)

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

7653/74009-001 Current/15923797v9
RLF1 3523498v.3

# VOTING INFORMATION AND INSTRUCTIONS
## FOR COMPLETING THE CLASS B4 BALLOT

4.  In the boxes provided in Item 1 of the Ballot, please indicate acceptance or rejection of the Plan. Complete the Ballot by providing all the information requested and sign, date and return the Ballot by mail, overnight courier or personal delivery to Epiq Bankruptcy Solutions, LLC (the "Voting Agent") at the following address:

## BY UNITED STATES MAIL, OVERNIGHT COURIER OR PERSONAL DELIVERY:

| By U. S. Mail: | By Courier or Personal Delivery: |
|---|---|
| TLC Vision (USA) Corporation Ballot Processing c/o Epiq Bankruptcy Solutions, LLC FDR Station P.O. Box 5014 New York, NY 10150-5014 | TLC Vision (USA) Corporation Ballot Processing c/o Epiq Bankruptcy Solutions, LLC 757 Third Avenue 3rd Floor New York, NY 10017 |

**Ballots must be *received* by the Voting Agent by 5:00 P.M., PREVAILING EASTERN TIME, ON March 26, 2010 (the "Voting Deadline").** If a Ballot is received after the Voting Deadline, it will not be counted. An envelope addressed to the Voting Agent is enclosed for your convenience. Ballots submitted by e-mail or facsimile transmission will not be accepted. Ballots should not be sent to the Debtors.

5.  If you hold Claims in more than one voting Class under the Plan, or if you hold multiple Claims within the same voting Class under the Plan, you may receive a separate Ballot for each such Claim, coded by Class number and description, and a set of solicitation materials. **Each Ballot you receive is for voting only those Claims described on the Ballot. Please complete and return each Ballot you receive. The attached Ballot is designated only for voting Class B4 General Unsecured Claims against TLC Vision Corporation.** You must vote all of your Class B4 General Unsecured Claims under the Plan either to accept or reject the Plan. Accordingly, if you return more than one Ballot voting different Class B4 General Unsecured Claims under the Plan and the Ballots are not voted in the same manner, the last Ballot returned shall control your vote. If you hold any portion of a single Claim, you and all other holders of any portion of such Claim will be (a) treated as a single creditor for voting purposes and (b) required to vote every portion of such Claim collectively to either accept or reject the Plan. In the event a group of Ballots received from the various holders of multiple portions of a single Claim partially accepts and partially rejects the Plan, such Ballots shall not be counted.

6.  The Ballot does not constitute and shall not be deemed a proof of Claim or Interest or an assertion of a Claim or Interest.

PLEASE RETURN YOUR BALLOT PROMPTLY BY THE VOTING DEADLINE.

THE VOTING AGENT WILL *NOT* ACCEPT BALLOTS BY E-MAIL OR FACSIMILE TRANSMISSION. BALLOTS SHOULD NOT BE SENT TO THE DEBTORS.

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, BY TELEPHONE AT (877) 879-5075.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TLC Vision (USA) Corporation, *et al.*,[1] | ) | Case No. 09-14473 (KG) |
| | ) | |
| Debtors. | ) | Jointly Administered |

## BALLOT FOR ACCEPTING OR REJECTING
## DEBTORS' JOINT CHAPTER 11 PLAN OF
## REORGANIZATION DATED AS OF JANUARY 6, 2010

## CLASS C5: PREPETITION LENDER SECURED CLAIMS
## AGAINST TLC MANAGEMENT SERVICES INC.

---

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN
IS 5:00 P.M., PREVAILING EASTERN TIME, ON MARCH 26, 2010**

---

This Class C5 Ballot is submitted to you to solicit your vote to accept or reject the Joint Chapter 11 Plan of Reorganization Dated as of January 6, 2010 (the "Plan") proposed by the above-captioned debtors and debtors in possession, (collectively, the "Debtors"). The Plan is Appendix A to the Debtors' Disclosure Statement With Respect to the Joint Chapter 11 Plan of Reorganization Dated as of January 6, 2010 (the "Disclosure Statement") which is in the materials accompanying this Ballot and also has been posted on the Debtors' case website at www.epiqbankruptcysolutions.com. Each capitalized term used herein but not otherwise defined shall have the meaning ascribed thereto in the Plan.

If you are, as of **February 17, 2010**, the holder of a Prepetition Lender Secured Claim Against TLC Management Services Inc., please use this Ballot to cast your vote to accept or reject the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (a) is accepted by the Holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan, and (b) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your vote counted, you must complete, sign and return this Ballot by no later than **5:00 p.m. Eastern time on March 26, 2010 (the "Voting Deadline")** to the Voting Agent at TLC Vision (USA) Corporation Ballot Processing, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Ave, 3rd Floor, New York, NY 10017 (by overnight delivery or personal courier) or, TLC Vision (USA) Corporation Ballot Processing, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5014, New York, NY 10150-5014 (by regular first class mail) so that it is received by the Voting Deadline. Ballots submitted by e-mail or facsimile transmission will not be accepted. Ballots should not be sent to the Debtors.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number and address, are: TLC Vision (USA) Corporation (6220), 16305 Swingley Ridge Road, Chesterfield, MO 63017; TLC Vision Corporation (1150), 5280 Solar Drive, Suite 300, Mississauga, Ontario, L4W 5M8; and TLC Management Services, Inc. (0374), 1209 Orange Street, Wilmington, DE 19801.

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim or Claims under the Plan. All of your Claims against TLC Management Services Inc. arising from the Amended and Restated Credit Agreement have been placed in Class C5 under the Plan. If you hold claims in more than one Class or in multiple accounts, you will receive a Ballot for each Class or account in which you are entitled to vote.

Upon completion, this Ballot should be returned to the Debtors' Voting Agent, Epiq Bankruptcy Solutions, LLC, by mail, overnight courier or personal delivery to the following address:

| By U. S. Mail: | By Courier or Personal Delivery: |
|---|---|
| TLC Vision (USA) Corporation Ballot Processing c/o Epiq Bankruptcy Solutions, LLC FDR Station P.O. Box 5014 New York, NY 10150-5014 | TLC Vision (USA) Corporation Ballot Processing c/o Epiq Bankruptcy Solutions, LLC 757 Third Avenue 3rd Floor New York, NY 10017 |

If your Ballot is not received by the Voting Agent on or before the Voting Deadline and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan. Ballots will not be accepted by facsimile or other electronic transmission. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

**THE VOTING DEADLINE IS 5:00 P.M. EASTERN TIME ON MARCH 26, 2010.**

**PLEASE READ THE FOLLOWING
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

HOW TO VOTE:

1. COMPLETE ITEMS 1 AND 2.

2. IF YOU HAVE VOTED OTHER CLASS B3 BALLOTS, COMPLETE ITEM 3.

3. REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 4.

4. **SIGN AND DATE THE BALLOT**.

5. RETURN THE BALLOT IN THE ENCLOSED PRE-ADDRESSED POSTAGE-PAID ENVELOPE.

6. YOU MUST VOTE THE FULL AMOUNT OF ALL YOUR SECURED NOTES, *EITHER* TO ACCEPT *OR* TO REJECT THE PLAN AND MAY NOT SPLIT YOUR VOTE.

7. ANY EXECUTED BALLOT RECEIVED THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN, WILL NOT BE COUNTED.

7653/74009-001 Current/15923797v9
RLF1 3523498v.3

**Item 1. Class C5 Vote.** The undersigned, a holder of a Prepetition Lender Secured Claim in Class C5 of the Plan against TLC Management Services Inc. as of **February 17, 2010** in the amount set forth below, votes to (check <u>one</u> box):

    ☐ **ACCEPT** the Plan.          ☐ **REJECT** the Plan.

**IF YOU VOTE TO ACCEPT THE PLAN, YOU ARE SPECIFICALLY CONSENTING TO THE RELEASES CONTAINED IN THE PLAN WITH RESPECT TO ALL CLAIMS VOTED ON THIS BALLOT. SUCH RELEASES INCLUDE, BUT ARE NOT LIMITED TO, THE RELEASES CONTAINED IN SECTION 11.04 OF THE PLAN, WHICH INCLUDE THE RELEASE OF CLAIMS AND CAUSES OF ACTION AGAINST CERTAIN NONDEBTOR ENTITIES.**

**Item 2. Amount of Prepetition Lender Secured Claim Voted.** The undersigned certifies that as of **February 17, 2010**, the undersigned held a Claim against TLC Management Services Inc. arising from the Amended and Restated Credit Agreement in the following aggregate principal amount (insert amount in box below):

| $ |
|---|

**Item 3. Identify all other Class C5 Prepetition Lender Secured Claims Voted.** By returning this Ballot, the Holder of the Class C5 Prepetition Lender Secured Claims identified in Item 2 certifies that (a) this Ballot is the only Ballot submitted for Class C5 Prepetition Lender Secured Claims held by such Holder, except for any other Class C5 Prepetition Lender Secured Claims that are identified in the following table, and (b) all Ballots for any other Class C5 Prepetition Lender Secured Claim submitted by the Holder indicate the same vote to accept or reject the Plan that the Holder has indicated in Item 1 of this Ballot (please use additional sheets of paper if necessary):

<div align="center">

**ONLY COMPLETE THIS TABLE IF YOU HAVE
VOTED OTHER CLASS C5 BALLOTS**

</div>

| Account Number | Name of Registered Holder | Principal Amount of other Class C5 Prepetition Lender Secured Claims |
|---|---|---|
|  |  | $ |
|  |  | $ |
|  |  | $ |
|  |  | $ |

Creditor: _____        Claim Amount: $_____

_____

7653/74009-001 Current/15923797v9
RLF1 3523498v.3

**Item 4. Certification.** By returning this Ballot, the Holder of the Prepetition Lender Secured Claim identified in Item 2 certifies that: (a) it has full power and authority to vote to accept or reject the Plan with respect to the Prepetition Lender Secured Claim listed in Item 2, (b) it was the holder of the Prepetition Lender Secured Claim described in Item 2 as of **February 17, 2010,** (c) all Ballots to vote Class C5 Prepetition Lender Secured Claims submitted by the Holder indicate the same vote to accept or reject the Plan that the Holder has indicated on this Ballot, and (d) it has received a copy of the Disclosure Statement (including the appendices thereto) and understands that the solicitation of votes to accept or reject the Plan is subject to all the terms and conditions set forth in the Disclosure Statement and Plan.

<div align="center">

**YOUR RECEIPT OF THIS BALLOT DOES NOT SIGNIFY
THAT YOUR CLAIM HAS BEEN OR WILL BE ALLOWED.**

</div>

Name of Claim Holder:_____

              (Print or Type)

Social Security or Federal Tax I.D. No.:_____

              (Optional)

Signature:_____

Print Name:_____

Title:_____

              (If Appropriate)

Street Address:_____

City, State, Zip Code:_____

Telephone Number: (___)_____

Date Completed: _____

This Ballot shall not constitute or be deemed a proof of claim or equity interest, an assertion of a claim or equity interest, or the allowance of a claim or equity interest.

<div style="border:1px solid black; padding:8px;">

**UPON COMPLETION, THIS BALLOT SHOULD BE RETURNED TO THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC. IF YOUR BALLOT IS NOT RECEIVED BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE AND SUCH DEADLINE IS NOT EXTENDED, YOUR VOTE WILL NOT COUNT AS EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN.**

</div>

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT BY TELEPHONE AT (877) 879-5075.**

7653/74009-001 Current/15923797v9
RLF1 3523498v.3

## **EXHIBIT 3**

## **NOTICE OF CONFIRMATION HEARING**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TLC Vision (USA) Corporation, *et al.*,[1] | ) | Case No. 09-14473 (KG) |
| | ) | |
| Debtors. | ) | Jointly Administered |

## NOTICE OF (A) ENTRY OF ORDER APPROVING THE DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES; (B) DEADLINE FOR CASTING VOTES TO ACCEPT OR REJECT THE PLAN OF REORGANIZATION; (C) HEARING TO CONSIDER CONFIRMATION OF THE PLAN OF REORGANIZATION, AND (D) RELATED MATTERS

PLEASE TAKE NOTICE OF THE FOLLOWING:

1.    Pursuant to an order dated February 17, 2010 (Docket No. _____) (the "Approval Order"), the United States Bankruptcy Court for the District of Delaware (the "Court") has approved the Disclosure Statement with Respect to the Joint Chapter 11 Plan of Reorganization Dated as of January 6, 2010 (the "Disclosure Statement") filed by the above-captioned debtors and debtors in possession (the "Debtors") and directed the Debtors to solicit votes to accept or reject the Debtors' Joint Chapter 11 Plan of Reorganization Dated as of January 6, 2010 (as may be amended, the "Plan"), annexed as Appendix A thereto.

2.    The Approval Order establishes **February 17, 2010** as the Record Date for determining the Holders of prepetition Claims entitled to vote to accept or reject the Plan and establishes **5:00 p.m. on March 26, 2010** as the Voting Deadline for submission of Ballots to accept or reject the Plan (the "Ballots"). Holders of Claims entitled to vote to accept or reject the Plan will receive the following materials:  (a) this Notice, (b) a copy of the Approval Order (without exhibits) to which this Notice corresponds, (c) the Disclosure Statement, (d) the Plan, and (e) one or more Ballots (and return envelopes) to be used by you in voting to accept or reject the Plan (collectively, the "Solicitation Package"). Failure to follow the instructions set forth in the Ballot may disqualify that Ballot and the vote represented thereby.

3.    Holders of (a) Unimpaired Claims and (b) Claims or Interests that will receive no distribution and retain no property on account of such Claims or Interests under the Plan are not entitled to vote to accept or reject the Plan and, therefore, will receive a notice of non-voting status rather than a Ballot. If you are not entitled to vote to accept or reject the Plan but believe that you should be entitled to vote to accept or reject the Plan, then you must serve on the Notice Parties (defined below) and file with the Bankruptcy Court a motion for an order pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018(a) Motion") temporarily allowing such claim in a different amount for purposes of voting to accept or reject the Plan by the later of (a) **March 10, 2010]** or (b) fourteen (14) days after the date of service of a notice

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number and address, are: TLC Vision (USA) Corporation (6220), 16305 Swingley Ridge Road, Chesterfield, MO 63017; TLC Vision Corporation (1150), 5280 Solar Drive, Suite 300, Mississauga, Ontario, L4W 5M8; and TLC Management Services, Inc. (0374), 1209 Orange Street, Wilmington, DE 19801.

7653/74009-001 Current/15923797v9
RLF1 3523498v.3

of an objection, if any, to such claim. In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted unless temporarily allowed by the Bankruptcy Court for voting purposes, after notice and a hearing. Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above may not be considered.

4.     A hearing to consider confirmation of the Plan (the "Confirmation Hearing") will be held before the Honorable Kevin Gross, United States Bankruptcy Judge, in Court Room 3 of the Bankruptcy Court, 824 N. Market Street, 5th Floor, Wilmington, DE 19801 **on APRIL 16, 2010, at 10:00 a.m., Eastern time.** The Confirmation Hearing may be continued from time to time without further notice other than the announcement of the adjourned date at the Confirmation Hearing or any continued hearing.

5.     Objections, if any, to the confirmation of the Plan must:  (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (c) state with particularity the basis and nature of any objection; (d) be filed with the Court, and (e) be served on the following parties (the "Notice Parties") no later than **5:00 P.M., EASTERN TIME, ON MARCH 26, 2010** (the "Plan Objection Deadline"):  (i) the Debtors, c/o TLC Vision (USA) Corporation, 16305 Swingley Ridge Road, Chesterfield, Missouri 63017 (Attn:  William McManus); (ii) counsel for the Debtors, Proskauer Rose LLP, 70 West Madison Street, Chicago, Illinois 60602 (Attn:  Mark K. Thomas and Paul Possinger); (iii) the Office of The United States Trustee, District of Delaware, 844 King Street, Room 2202, Wilmington, Delaware 19801 (Attn: Mark Kenney);  and (iv) counsel for the Prepetition Lenders, Bingham McCutcheon LLP, 399 Park Avenue, New York, New York 10022-4689 (Attn: Jeffrey Sabin).

6.     Requests for copies of the Disclosure Statement and the Plan (excluding certain voluminous exhibits thereto) by parties in interest may be made in writing to the Voting Agent at Epiq Bankruptcy Solutions, 757 Third Avenue, 3rd Floor, New York, NY 10017 (Attn: TLC Solicitation Inquiry). In addition, any party may view and download the Plan, the Disclosure Statement and related exhibits (as they are filed) without charge at www.epiqbankruptcysolutions.com. If you have any questions regarding this Notice, please call the Voting Agent at (877) 879-5075.

**UNLESS AN OBJECTION IS TIMELY FILED AND SERVED AS PROVIDED HEREIN, IT MAY NOT BE CONSIDERED AT THE HEARING.**

[SIGNATURE PAGE FOLLOWS]

**RICHARDS, LAYTON & FINGER, P.A.**

Mark D. Collins (DE Bar No. 2981)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7531
Facsimile: (302) 498-7531

– and –

**PROSKAUER ROSE LLP**
Mark K. Thomas (admitted *pro hac vice*)
Paul V. Possinger (admitted *pro hac vice*)
Jeremy T. Stillings (admitted *pro hac vice*)
Three First National Plaza
70 West Madison, Suite 3800
Chicago, Illinois 60602-4342
Telephone: (312) 962-3550
Facsimile: (312) 962-3551

*Co-Counsel for the Debtors and Debtors in
Possession*

7653/74009-001 Current/15923797v9
RLF1 3523498v.3