# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TLC Vision (USA) Corporation, *et al.*,[1] | ) Case No. 09-14473 (KG) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) **Re: Docket No. 50** |
| | ) |

## ORDER APPROVING THE RETENTION OF CONWAY DEL GENIO, GRIES & CO., LLC AS CRISIS AND TURNAROUND MANAGER OF THE DEBTORS AND DESIGNATING MICHAEL F. GRIES AS CHIEF RESTRUCTURING OFFICER OF THE DEBTORS

Upon the application (the "Application"),[2] of the above-captioned Debtors and Debtors in Possession (collectively, the "Debtors") for Entry of an Order, pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") (i) authorizing the retention of Conway Del Genio, Gries & Co., LLC, ("CDG") as crisis and turnaround manager of the Debtors; (ii) designating Michael F. Gries as chief restructuring officer of the Debtors; and (iii) grating related relief; and upon the *Declaration of Michael F. Gries, Principal of CDG*, in support of the Application; and upon the *Declaration of Michael F. Gries, the Chief Restructuring Officer of the Debtors, in Support of First Day Motions* filed on the Petition Date and incorporated by reference; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1] The Debtors in the cases, along with the last four digits of each Debtor's federal tax identification number and address, are: TLC Vision (USA) Corporation (6220) 16305 Swingley Ridge Road, Chesterfield, MO 63017; TLC Vision Corporation (1150) 5280 Solar Drive, Suite 300, Mississauga, Ontario, L4W 5M8; and TLC Management Services, Inc. (0374) 1209 Orange Street, Wilmington, DE 19801.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

adequate notice of and a hearing on the Application having been provided; and it appearing that no other or further notice need be provided; and it appearing that CDG neither holds nor represents any interest adverse to the Debtors' estates; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest; and the Court being satisfied that the Fee Structure sought by CDG as described in the Engagement Letter is reasonable; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Application is GRANTED as set forth herein; and it is further

ORDERED that the Engagement Letter, as amended, in the form attached hereto as **Exhibit 1**, is APPROVED as set forth herein; and it is further

ORDERED that, subject to the provisions of this Order and in accordance with section 363 of the Bankruptcy Code, the Debtors are authorized to employ and retain (i) CDG as crisis and turnaround manager to perform restructuring management services for the Debtors; and (ii) Michael F. Gries as Chief Restructuring Officer of the Debtors and William McManus as interim Chief Financial Officer of the Debtors *nunc pro tunc* to the Petition Date, on the terms set forth in the Application, Engagement Letter attached hereto as **Exhibit 1** (the "Engagement Letter") and the Gries Affidavit, each as modified by this Order; and it is further

ORDERED that CDG and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with these cases; and it is further

ORDERED that in the event the Debtors seek to have CDG personnel assume executive officer positions that are different than the position(s) disclosed in the Motion, or to materially change the terms of the engagement by either (i) modifying the functions of the personnel, (ii)

adding new personnel, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed; and it is further

ORDERED that no principal, employee or independent contractor of CDG and its affiliates shall serve as a director of the Debtors during the pendency of these cases; and it is further

ORDERED that nothing in the Engagement Letter shall alter the fiduciary obligations of any CDG personnel who serve as officers of the Debtors in accordance with applicable principles of corporate governance and applicable state law; and it is further

ORDERED that, notwithstanding the indemnification obligations of the Debtors set forth in the Engagement Letter and/or attached to the Engagement Letter as "Schedule I" thereto:

a. the Debtors are permitted to indemnify those persons serving as executive officers on the same terms as provided to the Debtors other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' director's and officer's liability policies; and

b. there shall be no other indemnification of CDG or its affiliates;

and it is further

ORDERED that for a period of three years after the conclusion of the engagement, neither CDG nor any of its affiliates shall make any investments in the Debtors or the reorganized Debtors; and it is further

ORDERED that CDG shall disclose any and all facts that may have a bearing on whether the firm, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to any of the Debtors, their respective creditors, or other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation; and it is further

ORDERED that the Debtors shall pay CDG, pursuant to the terms of the Engagement

Letter, for services rendered to the Debtors, and shall reimburse CDG for reasonable out of pocket expenses incurred in connection with such services as further detailed in the Engagement Letter, including such services rendered in connection with the Application; and it is further

ORDERED that subject to this Court's review as described in this Order, CDG will be paid monthly by the Debtors for its services and expenses on the terms set forth in the Engagement Letter; and it is further

1. ORDERED that CDG shall file with the Court, and provide notice to the U.S. Trustee, the Official Committee of Unsecured Creditors appointed in these chapter 11 cases on January 5, 2010 (the "Committee"), and any other official committees appointed in these chapter 11 cases, reports (the "Monthly Reports" and each a "Monthly Report") of compensation earned and expenses incurred on a monthly basis. The Monthly Reports shall contain summary charts which (a) summarize the service provided to the Debtors, (b) note the compensation earned by CDG, (c) identify the CDG employees providing services to the Debtors and (d) itemize the expenses incurred. The U.S. Trustee, the Committee and any other official committees appointed in these chapter 11 cases shall have twenty (20) days from the date that a Monthly Report is served (the "Objection Deadline") to file an objection thereto. All compensation shall be subject to review by the Court in the event an objection is filed. To the extent that no objection to a Monthly Report is filed by the Objection Deadline, CDG shall be entitled to immediate payment on account of the fees and expenses set forth in the Monthly Report without further action being required. Because CDG and the CRO are not being employed as professionals under section 327 of the Bankruptcy Code, neither CDG or the CRO shall be required to submit fee applications pursuant to sections 330 and 331 of the Bankruptcy Code; and it is further

2. ORDERED that any success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of the case on a reasonableness standard and are not being pre-approved by entry of this Order. No success fee, transaction fee or back-end fee shall be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee; and it is further

ORDERED that in the event of a conflict between the Motion, the Gries Retention Declaration, the Engagement Letter, and/or this Order, this Order shall control; and it is further

ORDERED, that the Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion; and it is further

ORDERED that, notwithstanding anything in the Engagement Letter to the contrary, this Court shall retain primary jurisdiction with respect to all matters arising from or related to the

implementation of this Order.

Dated: Jan. 21, 2010
Wilmington, Delaware

_____
HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE