IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TLC VISION (USA) CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 09-14473-KG<br>(Jointly Adminstered)<br><br>Objection Deadline: February 10, 2010 at 4:00 p.m.<br>Hearing Date: February 17, 2010 at 1:00 p.m. |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND
RETENTION OF NHB ADVISORS, INC. *NUNC PRO TUNC* TO
JANUARY 8, 2010, AS ITS FINANCIAL ADVISORS**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the Chapter 11 cases of TLC Vision (USA) Corporation, *et al.*, debtors and debtors-in-possession herein ("Debtors") hereby files this application (the "Application") for an Order, pursuant to sections 328 and 1103 of the Bankruptcy Code (the "Bankruptcy Code") and Rule 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware ("Local Rules"), authorizing the employment and retention of NHB Advisors, Inc.[2] ("NHB") as financial advisors to the Committee *nunc pro tunc* to January 8, 2010 (the "Retention Date"). In support of the Application, the Committee relies upon the declaration of Edward T. Gavin, CTP (the "Gavin Declaration") attached hereto as Exhibit A and incorporated by reference, and respectfully represents as follows:

---

[1] The Debtors in the case, along with the last four digits of each Debtor's federal tax identification number and address, are: TLC Vision (USA) Corporation (6220) 16305 Swingley Ridge Road, Chesterfield, MO 63017; TLC Vision Corporation (1150) 5280 Solar Drive, Suite 300, Mississauga, Ontario, L4W 5M8; and TLC Management Services, Inc. (0374) 1209 Orange Street, Wilmington, DE 19801.

2425843/1

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for this Application are sections 328 and 1103(a) and 1103(b) of the Bankruptcy Code, Bankruptcy Rules 2014(a), 2016 and 5002 and Local Bankruptcy Rule 2014-1.

## BACKGROUND

2. On December 21, 2009 (the "Petition Date"), the Debtors filed with this Court voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

3. On January 6, 2010, the Office of the United States Trustee for the District of Delaware appointed the Committee. The Committee has selected Winston & Strawn LLP and Morris James LLP as its counsel and NHB as its financial advisors in these cases.

## RELIEF REQUESTED

4. By this Application, the Committee requests authorization to employ and retain NHB as its financial advisors in these Chapter 11 cases. Specifically, the Committee respectfully requests entry of an order pursuant to §§ 328, 1103(a) and 1103(b) of the Bankruptcy Code authorizing NHB to perform those financial advisory services that will be necessary during these Chapter 11 cases as more fully described below.

5. The Committee has been advised that: (i) NHB is one of the country's premier mid-market turnaround and crisis management firms and is well respected for its role as financial advisors; (ii) NHB has extensive experience working with financially troubled

---

[2] Prior to January 1, 2010 NHB Advisors, Inc. was known as NachmanHaysBrownstein, Inc.

2

entities in complex financial reorganizations – both in Chapter 11 cases and in out-of-court restructuring situations and; (iii) in particular, NHB and its principals and associates have served, or are serving, as financial advisors to numerous official committees and debtors-in-possession in bankruptcy proceedings.

## SERVICES TO BE PROVIDED

6. The Committee anticipates that NHB may render the following services in these cases:

a) Reviewing and analyzing the businesses, management, operations, properties, financial condition and prospects of the Debtors;

b) Reviewing and analyzing historical financial performance, and transactions between and among the Debtors, their creditors, affiliates and other entities;

c) Reviewing the assumptions underlying the business plans and cash flow projections for the assets involved in any potential plan of reorganization;

d) Determining the reasonableness of the projected performance of the Debtors;

e) Monitoring, evaluating and reporting to the Committee with respect to the Debtors' near-term liquidity needs, material operational changes and related financial and operational issues;

f) Reviewing and analyzing all material contracts and/or agreements;

g) Assisting and procuring and assembling any necessary validations of asset values;

h) Providing ongoing assistance to the Committee and the Committee's legal counsel;

i) Evaluating the Debtors' capital structure and making recommendations to the Committee with respect to the Debtors' efforts to reorganize their business operations and confirm a plan;

j) Assisting the Committee in preparing documentation required in connection with creating, supporting or opposing a plan and participating in negotiations on behalf of the Committee with the Debtors or any groups affected by a plan;

k) Assisting the Committee in marketing the Debtors' assets with the intent of maximizing the value received for any such assets from any such sale; and,

l) Providing ongoing analysis of the Debtors' financial condition, business plans, capital spending budgets, operating forecasts, management and the prospects for their future performance.

7. Subject to the Court's approval of this Application, NHB is willing to serve as the Committee's financial advisors and to perform services, including those described above.

8. The Committee has selected NHB based on NHB's experience in providing financial advisory services in Chapter 11 cases and based on NHB's familiarity with the Debtors' businesses.

9. The Committee requires assistance in collecting and analyzing financial and other information in relation to the Chapter 11 cases. NHB has considerable experience with rendering such services to parties in numerous Chapter 11 cases. As such, NHB is qualified to perform the work required in these cases.

## DISINTERESTEDNESS OF PROFESSIONALS

10. To the best of the Committee's knowledge and based upon the Gavin Declaration, NHB is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code.

11. To the best of the Committee's knowledge, information and belief, except as set forth in the Gavin Declaration filed concurrently herewith, NHB has no connection with and holds no interest adverse to the Debtors, their estates, their creditors, or any party in interest in these cases, nor to the best of the Committee's knowledge does NHB hold any interest adverse to the interests of the Committee or the Debtors' creditors, except as set forth in the Gavin Declaration.

## PROFESSIONAL COMPENSATION

12. NHB will seek compensation for its services and will maintain detailed records of any actual and necessary costs and expenses incurred in connection with the aforementioned services. NHB will record its time in increments in 1/10 of an hour.

13. The Committee was advised by NHB that it is not the general practice of financial advisors to keep detailed time records similar to those customarily kept by attorneys. NHB's restructuring professionals do as a practice, and in the Debtors' cases will as a practice, keep time records detailing and describing their daily activities, the identity of persons who performed such tasks and the amount of time expended on a daily basis. Notwithstanding the foregoing, NHB intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and Orders of this Court.

The Committee requests that NHB be authorized to file its fee application in accordance with the recording format outlined above.

14. Subject to the approval of this Court, NHB will charge the Committee for its advisory services on an hourly basis in accordance with its ordinary and customary rates, which are in effect on the date the services are rendered, subject to periodic adjustments. The Committee has been advised by NHB that the current hourly rates, which will be charged in respect of the primary members of the NHB engagement team for the Committee, are as follows:

| | |
|---|---|
| Edward T. Gavin, CTP | $500.00/hour |
| Ross Waetzman, CIRA | $375.00/hour |

15. From time to time, other NHB Principals, advisors and associates may be involved in these cases as needed. Hourly rates for these principals, advisors and associates range from $250.00 to $550.00 per hour. Reasonable travel time will be charged at one-half of the applicable hourly rate unless actual work is performed during such travel time, in which case the full hourly rate will be charged. The Committee has requested, and NHB has agreed to, a cap on the fees charged as hourly rates for time for this engagement in the amount of Five Hundred Thousand Dollars ($500,000.00).

16. In addition to hourly rates previously referred to and subject to the approval of this Court, the Debtors' estates shall also reimburse NHB for its travel and other reasonable out-of-pocket expenses, including but not limited to messenger, delivery charges, telephone, facsimile, photocopy and other similar charges, in connection with, or arising out of NHB's activities under this engagement, including but not limited to its due diligence investigation and review. NHB will charge the cost of these expenses in a manner

and at rates consistent with charges generally made to the firm's other clients. All such charges for which NHB seeks payment are subject to Court approval and/or pursuant to any administrative procedures established by Order of the Court. NHB understands that any compensation for fees and expenses paid to it must be from the Debtors' estates and must be approved by the Court upon application.

17. NHB intends to apply to the Court for the allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, and any orders entered by the Court with respect to compensation for fees and reimbursement for expenses of professionals in these Chapter 11 cases. NHB has agreed to accept as compensation such sums as may be allowed by the Court. NHB understands that interim and final fee awards are subject to approval by this Court.

18. NHB's fees will be subject to review and objection, if appropriate, pursuant to 11 U.S.C. § 330.

19. The Committee believes that the employment of NHB is necessary and in the best interests of the Debtors' estates, enabling the Committee to carry out its fiduciary duties owed to creditors under the Bankruptcy Code.

### *NUNC PRO TUNC* RELIEF REQUESTED

20. Pursuant to the Committee's request and due to exigent circumstances, NHB commenced this engagement immediately and with assurances that the Committee would seek approval of its employment *nunc pro tunc* to January 8, 2010. Based upon the foregoing, the Committee submits that cause exists to authorize the retention of NHB *nunc pro tunc* to January 8, 2010.

2425843/1

## NOTICE

21. The Committee has provided notice of this Application to (a) the United States Trustee, (b) counsel to the Debtors, and (c) all parties requesting notices pursuant to Bankruptcy Rule 2002. The Committee submits that, in light of the nature of the relief requested herein, no other or further notice is necessary.

22. No previous requests for the relief sought herein has been made to this or any other court.

WHEREFORE, the Committee respectfully requests that this Court enter an Order, substantially in the form attached hereto, (i) granting this Application, (ii) authorizing employment and retention of NHB *nunc pro tunc* to January 8, 2010 as financial advisor to the Committee to perform the services set forth herein, and (iii) granting such other and further relief as is just and proper.

Dated: January 28, 2010

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF TLC VISION
(USA) CORPORATION, *ET AL.*

By: _____
Lindsay T. Atwood, Chairperson