# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TLC VISION (USA) CORPORATION, et al.,[1] | Case No. 09-14473-KG |
| | (Jointly Adminstered) |
| Debtors. | |

**DECLARATION OF EDWARD T. GAVIN, CTP IN SUPPORT OF THE
APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND
RETENTION OF NHB ADVISORS, INC. *NUNC PRO TUNC* TO JANUARY 8, 2010
OF AS ITS FINANCIAL ADVISORS**

Edward T. Gavin, CTP[2] makes this declaration pursuant to 28 U.S.C. § 1746 and states:

1. I am a Principal of the firm of NHB Advisors, Inc.[3] ("NHB"), with offices at 919 N. Market Street, Suite 1410; Wilmington, DE 19801 and other locations, and I am duly authorized to make this statement on behalf of NHB. This Declaration is given in support of the application (the "Application") for an Order, pursuant to sections 328 and 1103 of the Bankruptcy Code (the "Bankruptcy Code") and Rule 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware ("Local Rules"), authorizing the employment and retention of NHB as financial advisors to the Official

---

[1] The Debtors in the case, along with the last four digits of each Debtor's federal tax identification number and address, are: TLC Vision (USA) Corporation (6220) 16305 Swingley Ridge Road, Chesterfield, MO 63017; TLC Vision Corporation (1150) 5280 Solar Drive, Suite 300, Mississauga, Ontario, L4W 5M8; and TLC Management Services, Inc. (0374) 1209 Orange Street, Wilmington, DE 19801.

[2] The suffix "CTP" refers to "Certified Turnaround Professional", a credential awarded by the Association of Certified Turnaround Professionals based upon, *inter alia,* at least five years experience as a turnaround professional, passage of a rigorous examination, an extensive background check, and maintenance of continuing professional education.

[3] Prior to January 1, 2010, NHB Advisors, Inc. was known as NachmanHaysBrownstein, Inc.

Committee of Unsecured Creditors (the "Committee"), in part on personal knowledge and in part on information and belief based on discussions with individuals at NHB whom I consider reliable for the purposes of the matters discussed, and in part on reviewing records provided to me by NHB colleagues and employees.

2. With headquarters near Philadelphia and offices in New York, Boston, Dallas, Los Angeles and Wilmington, NHB has extensive experience and expertise as financial advisors and turnaround management specialists in bankruptcy and reorganization proceedings. The Committee in these cases seeks the employment of NHB to provide financial advisory services for the Committee in connection with carrying out its fiduciary duties and responsibilities under the Bankruptcy Code consistent with §1103(c) and other provisions of the Bankruptcy Code.

3. NHB is well qualified to provide financial advisory services to the Committee of TLC Vision (USA) Corporation, *et al.* (the "Debtors") in these Chapter 11 cases. NHB professionals have broad-based experience and a respected reputation as financial advisors in bankruptcy and reorganization proceedings. In fact, NHB is one of the country's premier mid-market turnaround and crisis management firms. Through NHB, the Committee will have the benefit of such knowledge and experience as may be needed.

4. NHB is not a law firm and does not "represent" clients in the sense that attorneys do, nor is NHB subject to licensing requirements or conflicts of interest regulations pursuant to state law.

5. NHB has three shareholder Principals: Thomas D. Hays, III, CTP, Edward T. Gavin, CTP and John Tittle, Jr. CTP, CIRA, CDBV (collectively, the "Principals"), one non-shareholder Principal, several Managing Directors, Directors, Senior Consultants and

other associates (collectively, the "Associates"). NHB's Principals each own a separate business entity (corporation, limited liability company, or other legal entity) of which the Principal is the sole employee except possibly for family members. Each of these entities does all or substantially all of its business with NHB. These entities provide the services of the Principals to NHB and its clients pursuant to written agreements between each such entity and NHB. Compensation received by the Principals' business entities is substantially unrelated to fees received by NHB from any particular client. The Associates each have written independent contractor agreements with NHB pursuant to which they provide services to NHB and, through NHB, to its clients, through a business entity owned by each Associate and of which the Associate is the sole employee, except possibly for family members. Each of the Associates or their respective business entities does all or substantially all of its business with NHB, and all of them are considered regular members of NHB's professional staff, and are featured in NHB's marketing literature and on its website. Compensation received by the Associates or their respective entities is based in substantial part upon fees received by NHB from each of NHB's clients.

6. NHB has undertaken an extensive examination of its database of existing and former clients to determine whether it had or has any connections with parties in interest in these cases. Specifically, based upon the information provided by the Debtors, NHB's analysis included: the Debtors; the Debtors' insiders; the thirty (30) largest unsecured creditors of the Debtors as listed on the Debtors' voluntary petition; professionals for the Debtors; the United States Trustee's Office; current officers and directors; and any known parties to any known executory contracts sought to be rejected by the Debtors.

2430081/1

7. Based on the database examination specified above, NHB wishes to disclose as follows: The Debtors have retained or seek to retain Proskauer Rose LLP, Torys LLP and Richards, Layton & Finger P.A. as their counsel, Conway Del Genio Gries & Co. LLC as restructuring advisor and Morris Anderson & Associates as restructuring monitor. Canter Fitzgerald Securities, as Administrative Agent for certain secured lenders has retained Bingham McCutchen LLP & Pachulski Stang Ziehl & Jones LLP. Dunkirk Investments 1, LLC has retained Greenberg Traurig, LLP. Michael Aronsky has retained Cozen O'Connor. Vision Source, L.P. has retained Andrews Kurth LLP and Connolly Bove Lodge & Hutz LLP. Abbott Medical Optics, Inc. has retained Ashby & Geddes, P.A. Certain equity security holders have retained Cooley Godward Kronish, LLP. In addition, the Official Committee of Unsecured Creditors has proposed to retain Winston Strawn LLP and Morris James LLP as its counsel. NHB has in the past worked in the same cases as, and may currently work in the same cases as, some of the professional firms that will be involved in these cases, including those set forth above, in connection with matters wholly unrelated to these Chapter 11 proceedings. NHB is the proposed financial advisor to the Official Committee of Unsecured Creditors in another case proceeding before this Court, *In re Broadstripe, LLC et al* (Case No. 09-10006-CSS) in which Richards Layton & Finger, P.A. is counsel to James Cable, who is chair of the Official Committee of Unsecured Creditors and is a party to ongoing litigation with the debtor in that matter and Ashby & Geddes, P.A. is counsel to the debtors. Pachulski Stang Ziehl & Jones, LLP is counsel to the Waterlink Liquidating Trust, a post-confirmation trust of which I am Liquidating Trustee. Morris James LLP is both counsel for the MaxJet Liquidating Trust and local counsel for the MaxJet Liquidating Trust's special counsel, ASK Financial. The MaxJet Liquidat-

ing Trust is a post-confirmation trust for which I am Trustee. Proskauer Rose LLP is special counsel to the Official Committee of Unsecured Creditors in *In Re PPI Holdings, Inc. et al*, Case No. 08-13289-KG and NHB is engaged as financial advisor to that committee. In addition, NHB may have in the past and may, in the future, be referred to companies by, and/or may refer opportunities for financing to, certain of the lenders in the group of secured lenders for which Canter Fitzgerald Securities acts as Administrative Agent.

8. Additionally, neither I, nor NHB, nor any Principal or professional of NHB, nor any Associate of NHB, insofar as I have been able to ascertain:

    a. is a creditor of the Debtors;

    b. is a direct or indirect equity interest holder of the Debtors;

    c. is or has been an officer within two years before commencement of these Chapter 11 cases, director or employee of the Debtors or an "insider" of the Debtors as that term is defined in § 101(31) of the Bankruptcy Code;

    d. presently provides services to a creditor or equity interest holder of the Debtors, or a person otherwise adverse or potentially adverse to the Debtors or the Debtors' estates on any matter that is related to the Debtors or the Debtors' estates or, except as described in paragraph 7 above, on any matter that is unrelated to the Debtors or the Debtors' estates;

    e. except as described in paragraph 7 above, has any other connection with the Debtors, their creditors, the Trustee, the Office of the United States Trustee or any employee of that office or any other parties in interest; or

    f. has any other interest, direct or indirect, which may affect or be affected by the provision of services proposed hereunder.

9. NHB will provide services to no entity other than the Committee in connection with these Chapter 11 cases.

10. To the best of my knowledge, information and belief, except as set forth herein, there are no other instances where NHB has, has had, or might be deemed to have or have had connections with the Debtors, creditors, or other parties in interest.

11. NHB has not received a retainer.

12. NHB has agreed to be employed by the Committee at the firm's customary, hourly rates for comparable matters and understands that the firm's compensation is to be paid and the expenses and costs are to be reimbursed upon application to the Court and is subject to the Court's approval and/or pursuant to any administrative procedures established by order of the Court, after notice and a hearing. NHB anticipates that the following are the core team of advisors who will be primarily responsible for this engagement and the current hourly rates, which NHB customarily charges for their services:

| | |
|---|---|
| Edward T. Gavin, CTP | $ 500.00 per hour |
| Ross Waetzman, CIRA | $ 375.00 per hour |

13. Other professionals, Principals and Associates at NHB may be called upon from time to time as the need and issues arise to provide services to the Committee in respect of certain aspects of these Chapter 11 cases. Hourly rates of Principals, professionals and associates of NHB range from $250.00 to $525.00 per hour. Reasonable travel time will be charged at one-half of the applicable hourly rate unless actual work is performed during such travel time, in which case the full hourly rate will be charged. NHB's rates may change from time to time in accordance with NHB's established billing practices and procedures. NHB will maintain detailed, contemporaneous records of time and necessary

expenses provided or incurred in connection with the rendering of the financial advisory services described above by category and nature of the services rendered. The Committee has requested, and NHB has agreed to, a cap on the fees charged as hourly rates for time for this engagement in the amount of Five Hundred Thousand Dollars ($500,000.00).

14. NHB customarily and generally charges clients for the costs of support services the firm provides in connection with provision of professional services, including, without limitation, photocopying charges, long distance telephone calls, facsimile transmissions, messengers, courier mail, secretarial and administrative overtime and temporary services, travel, lodging and catering for meetings. Some of these services are provided by NHB, in which case the charges are set by NHB, and others are provided by third party service providers, in which case the charges are set by the providers. NHB will charge the cost of these expenses in a manner and at rates consistent with charges generally made to the firm's other clients. All such charges for which NHB seeks payment are subject to Court approval and/or pursuant to any administrative procedure established by Order of the Court.

15. No agreement or understanding exists between NHB and any other person (other than members or employees of the firm as disclosed herein) to share compensation received for services to be rendered in connection with services to be provided hereunder. No representations have been received or made by NHB nor any member or associate thereof, in respect of compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

16. NHB's fees will be subject to review and objection, if appropriate, pursuant to 11 U.S.C. § 330.

7

2430081/1

17. By reason of the foregoing, I believe that NHB is eligible for employment and retention by the Committee pursuant to sections 328 and 1103 of the Bankruptcy Code and applicable rules of bankruptcy procedure and local rules.

I certify under penalty of perjury under the laws of the United States that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated: January 15, 2010     By: _/s/ Edward T. Gavin_
                                                  Edward T. Gavin, CTP