# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TLC Vision (USA) Corporation, *et al.*,[1] | ) | Case No. 09-14473 (KG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | **Related Docket Nos. 94, 95, 96, 196, 199, 232, 238, 273, 343, 345, 348, 351, 357, 358, 370, 384 & 385** |

## ORDER APPROVING (I) DISCLOSURE STATEMENT, (II) PROCEDURES FOR THE SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN, AND (III) RELATED NOTICE AND OBJECTION PROCEDURES

Upon the motion [Docket No. 96] (the "Motion"[2]) of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order approving: (1) the Disclosure Statement; (2) procedures for the solicitation and tabulation of votes to accept or reject the Plan; and (3) related notice and objection procedures; it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, and other parties in interest; the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; the Debtors having filed with the Court the *Fourth Amended Joint Chapter 11 Plan of Reorganization Dated as of March 24, 2010* [Docket No. 384] (the "Fourth Amended Plan") and the *Fourth Amended Disclosure Statement With Respect to the Fourth Amended Joint Chapter 11 Plan of Reorganization Dated as of March 24, 2010* [Docket No.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number and address, are: TLC Vision (USA) Corporation (6220), 16305 Swingley Ridge Road, Chesterfield, MO 63017; TLC Vision Corporation (1150), 5280 Solar Drive, Suite 300, Mississauga, Ontario, L4W 5M8; and TLC Management Services, Inc. (0374), 1209 Orange Street, Wilmington, DE 19801.

385] (the "Fourth Amended Disclosure Statement"); the Disclosure Statement Hearing Notices having been served on the Debtors' Creditors and equity security Holders; and the Motion, the Disclosure Statement Hearing Notice, the Disclosure Statement, the Plan and the Notice of Filing of Amended Plan and Disclosure Statement and Rescheduled Hearing to Approve Disclosure Statement and Solicitation Procedures [Docket No. 273] (the "Notice of Amended Disclosure Statement") having been served on: (i) the Office of the United States Trustee; (ii) counsel for the Prepetition Lenders; (iii) counsel to the Official Committee of Unsecured Creditors; (iv) counsel and agent to the Debtors' previous debtor-in-possession lender; and (v) all parties who have requested notice pursuant to Bankruptcy Rule 2002; the affidavits of service of the notice of the hearing on the Disclosure Statement having been sworn to on January 12, 2010 and January 15, 2010 (collectively, the "Affidavit of Service"); the Court having reviewed the Disclosure Statement, the Motion, the papers in support thereof and the responses thereto, if any, and the Affidavit of Service; the Court having reviewed *Lindsay T. Atwood's Objection to Second Amended Disclosure Statement With Respect to the Joint Chapter 11 Plan of Recoginization* [sic] *Dated as of February 12, 2010* [Docket No. 343], the *Objection of the Plaintiff John Hollman, on Behalf of Himself and All Others Similarly Situated, (A) to the Debtors' Second Amended Disclosure Statement With Respect to the Second Amended Joint Chapter 11 Plan of Reorganization Dated as of February 12, 2010 and (B) to the Debtors' Motion for Entry of an Order Approving: (I) the Disclosure Statement; (II) Procedures for the Solicitation and Tabulation fo* [sic] *Votes to Accept or Reject the Plan; and (III) Related Notice and Objection Procedures* [Docket No, 345], the *Limited Objection of Highland Equity Focus Fund, L.P. and Highland Credit Opportunities CDO Ltd. to Debtors' Third Amended Disclosure Statement With*

---

[2] Each capitalized term used but not otherwise defined herein shall have the meaning ascribed thereto in the Motion.

*Respect to the Third Amended Joint Chapter 11 Plan of Reorganization Dated as of March 17, 2010* [Docket No. 357], the *Joinder of Strategic Turnaround Opportunity Fund, L.P., Strategic Turnaround Equity Partners, L.P. (Cayman), Trinad Capital Master Fund Ltd., Rexon Galloway Capital Growth, LLC, Red Oak Fund, L.P., Pinnacle Fund LLLP, Bruce Galloway Rollover IRA, Sara Galloway Rollover IRA, Gary Herman IRA, Inventron, Ltd. (Energy), Lorraine Herman and Larry Hopfensinger to Limited Objection of Highland Equity Focus Fund, L.P. and Highland Credit Opportunities CDO Ltd. to Debtors' Third Amended Disclosure Statement With Respect to the Third Amended Joint Chapter 11 Plan of Reorganization Dated as of March 17, 2010* [Docket No. 358] and the *Debtors' Omnibus Reply to Objections to Disclosure Statement* [Docket No. 370]; the Court having found and determined that (A) the legal and factual bases set forth in the Motion and at the hearing on the Motion establish just cause for the relief granted herein and (B) the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and upon the Disclosure Statement, the Motion, the papers in support thereof and the responses thereto, if any, the record of the hearing on the Disclosure Statement and all of the proceedings had before the Court, and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND THAT:**

A. The Disclosure Statement Hearing Notice was served properly upon the Debtors' Creditors and Interest Holders.

B. The Motion, the Disclosure Statement Hearing Notice, the Disclosure Statement, the Plan and the Notice of Amended Disclosure Statement were served properly upon: (a) the Office of the United States Trustee; (b) counsel for the Prepetition Lenders; (c) counsel to the Official Committee of Unsecured Creditors; (d) counsel and agent to the Debtors' previous

3

debtor-in-possession financing lender; and (e) all parties who requested notice pursuant to Bankruptcy Rule 2002 prior to January 6, 2010 (and in the case of the Notice of Amended Disclosure Statement, February 16, 2010).

C. The Disclosure Statement filed in these cases as Docket Number 95 (as amended by that certain Fourth Amended Disclosure Statement and as the same may have been or be amended and/or revised from time to time, including in connection with the Disclosure Statement hearing) contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code.

D. The form of notice of non-voting status ("Notice of Non-Voting Status") to be sent to Holders of Claims and Interests in Classes A1, A2, A3, A4, B1, B2, B3, B4, C1, C2, C3, C4 and C5, which Classes are deemed to accept the Plan, and Holders of Claims and Interests in Classes A7, A8, A9, B7, B8, C6 and C7, which Classes are deemed to reject the Plan, substantially in the form annexed hereto as **Exhibit 1**, complies with Bankruptcy Rule 3017 and adequately addresses the particular needs of the Chapter 11 Cases.

E. The forms of the Ballots annexed hereto as **Exhibit 2** are substantially consistent with Official Form No. 14, adequately address the particular needs of the Chapter 11 Cases, and are appropriate for each Class of Claims entitled to vote to accept or reject the Plan.

F. The Ballots require the furnishing of sufficient information to assure that duplicate Ballots are not submitted and tabulated.

G. Ballots need not be provided to the Holders of Claims and Interests in Classes A1, A2, A3, A4, B1, B2, B3, B4, C1, C2, C3, C4 and C5 because the Plan provides that such Classes are Unimpaired and, therefore, deemed to accept the Plan.

H. Ballots need not be provided to the Holders of Claims and Interests in Classes A7, 8, A9, B5, B7 and C6 because the Plan provides that such Holders will not receive or retain any property under the Plan in account of such Claims and Interests and, therefore, are deemed to reject the Plan.

I. The period set forth below during which the Debtors may solicit acceptances to the Plan is a reasonable and adequate period of time for creditors to make an informed decision to accept or reject the Plan.

J. The procedures for the solicitation and tabulation of votes to accept or reject the Plan (as more fully set forth in the Motion and below) provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

K. The Confirmation Hearing Notice substantially in the form annexed hereto as **Exhibit 3**, the procedures set forth below for providing such notice to all Creditors and Interest Holders of the time, date and place of the Confirmation Hearing, and the contents of the Solicitation Packages comply with rules 2002 and 3017 of the Bankruptcy Rules and constitute sufficient notice to all interested parties.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. The Disclosure Statement is APPROVED and the Objections are OVERRULED and DENIED.

3. **March 24, 2010** is established as the Voting Record Date for purposes of this Order and for determining: (a) the Creditors and Interest Holders who are entitled to vote to accept or reject the Plan; and (b) in the case of non-voting Classes, the Creditors and Interest Holders who are to receive certain non-voting materials.

4. The Debtors are directed to distribute or cause to be distributed Solicitation Packages to all Holders of Claims in Classes A5, A6, B5, B6 and C7 (collectively, the "Voting Classes"), including: (a) all persons or entities identified in the Debtors' schedules of assets and liabilities filed pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007 (as amended, the "Schedules") as holding liquidated, noncontingent and undisputed Claims, in an amount greater than zero dollars, excluding scheduled Claims that have been paid in full or superseded by filed proofs of claim; (b) all parties having timely filed proofs of claim, as reflected in the official claims register maintained by Epiq Bankruptcy Solutions, LLC (the "Voting Agent") in an amount greater than zero or that are wholly contingent, unliquidated or disputed and, as to both of the foregoing, whose Claims have not been disallowed or expunged prior to the Solicitation Date (as defined below); (c) the assignee of a transferred and assigned Claim (whether a filed or scheduled Claim) whose transfer and assignment has been properly noted on the Court's docket and is effective pursuant to Bankruptcy Rule 3001(e) as of the close of business on the Voting Record Date and whose claims have not been disallowed or expunged prior to the Solicitation Date; and (d) any other known holders of Claims against the Debtors as of the Voting Record Date.

5. The Solicitation Packages shall contain copies of: (a) a cover letter describing the contents of the Solicitation Package; (b) the Approval Order (without exhibits); (c) the Confirmation Hearing Notice (as defined below); (d) an appropriate form of Ballot together with a pre-addressed, postage prepaid return envelope addressed to the Voting Agent; (e) the Disclosure Statement (together with the Plan annexed thereto as Appendix A, and all other appendices); and (f) correspondence from the Official Committee of Unsecured Creditors in support of the Plan substantially in the form attached hereto as **Exhibit 4**.

6. The form of Notice of Non-Voting Status, substantially in the form annexed hereto as **Exhibit 1**, is approved and shall be distributed to Holders, as of the Voting Record Date, of: (a) Unimpaired Claims and Interests in Classes A1, A2, A3, A4, B1, B2, B3, B4, C1, C2, C3, C4 and C5, which Classes are deemed to accept the Plan, and (b) Claims and Interests in Classes A7, A8, A9, B7, B8 and C6, which Classes are deemed to reject the Plan.

7. The forms of Ballots, substantially in the forms annexed hereto as **Exhibit 2**, are approved.

8. The Confirmation Hearing Notice, substantially in the form annexed hereto as **Exhibit 3** is approved and shall be transmitted to all Creditors and Interest Holders.

9. With respect to addresses from which notices of the hearing to approve the Disclosure Statement were returned as undeliverable by the United States Postal Service, the Debtors are excused from distributing Solicitation Packages and/or Notices of Non-Voting Status to those entities listed at such addresses unless the Debtors are provided with accurate addresses for such entities at least one Business Day prior to the Solicitation Date, and failure to distribute Solicitation Packages to such entities will not constitute inadequate notice of the Confirmation Hearing, the Voting Deadline (as defined below) or a violation of Bankruptcy Rule 3017(d).

10. The Debtors are not required to distribute Solicitation Packages, Ballots, copies of the Disclosure Statement or Plan, or any other notices to: (a) parties to executory contracts who do not hold either allowed (for voting or otherwise) Claims or filed or scheduled Claims listed as contingent, unliquidated or disputed; or (b) Holders of Claims that have not been classified in the Plan pursuant to section 1123(a)(1) of the Bankruptcy Code.

11. Except as otherwise provided herein, to be counted as a vote to accept or reject the Plan, each Ballot must be properly executed, completed and the original thereof delivered to

7

RLF1 3552224v.2

the Voting Agent so as to be actually received by the Voting Agent no later than **April 28, 2010 at 5:00 p.m. Eastern** (the "Voting Deadline").

12. The Debtors may extend the Voting Deadline, if necessary, without further order of this Court, to a date that is no later than one (1) business day before the Confirmation Hearing by publishing on www.chapter11.epiqsystems.com/tlcvision an announcement of such extension.

13. Solely for purposes of voting to accept or reject the Plan, not for the purpose of the allowance of or distribution on account of a Claim, and without prejudice to the rights of the Debtors in any other context, each Claim within a Class of Claims entitled to vote to accept or reject the Plan shall be entitled to vote the amount of such Claim as set forth in the Schedules (as may be amended from time to time) unless such Holder has timely filed a proof of claim, in which event such Holder would be entitled to vote the amount of such Claim as set forth in such proof of claim; provided that:

   a. If a Claim is deemed "Allowed" under the Plan or an order of the Court, such Claim shall be allowed for voting purposes in the deemed "Allowed" amount set forth in the Plan or the Court's order;

   b. If a Claim for which a proof of claim has been timely filed is wholly contingent, unliquidated or disputed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, and the Ballot mailed to the Holder of such Claim shall be marked as voting at $1.00;

   c. If a Claim is partially liquidated and partially unliquidated, the Claim shall be allowed for voting purposes only in the liquidated amount;

   d. If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim shall be temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

   e. If a Claim is listed in the Schedules as contingent, unliquidated or disputed and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, then, unless the Debtors have consented in writing to allow such Claim for voting purposes, such Claim shall be disallowed

8

for voting purposes and for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c);

f. If the Debtors have filed an objection to a Claim before the Voting Deadline, such Claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection; and

g. Notwithstanding anything to the contrary contained herein, any Creditor who has filed, purchased or otherwise holds duplicate Claims (whether against the same or multiple Debtors) that are classified under the Plan in the same Class, shall be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate claims.

14. If any claimant seeks to challenge the allowance of its Claim for voting purposes in accordance with the above procedures, such claimant is directed to serve on counsel for Debtors and counsel for the Creditors' Committee and file with the Court on or before the later of (a) April 14, 2010 and (b) the fourteenth (14th) day after the date of service of an objection, if any, to such Claim, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim in a different amount for purposes of voting to accept or reject the Plan.

15. As to any Creditor filing a motion pursuant to Bankruptcy Rule 3018(a), such Creditor's Ballot shall not be counted unless temporarily allowed by the Court for voting purposes after notice and a hearing.

16. If a Creditor casts more than one Ballot voting the same Claim(s) before the Voting Deadline, the last Ballot received before the Voting Deadline is deemed to reflect the voter's intent and, thus, to supersede any prior Ballots.

17. Creditors with multiple Claims within a particular Class must vote all of their Claims within a particular Class under the Plan either to accept or reject the Plan and may not split their votes, and thus neither (a) any Ballot that partially rejects and partially accepts the Plan

RLF1 3552224v.2

nor (b) any Ballot filed by a Creditor with multiple Claims within a Class who votes inconsistently, will be counted.

18. Without further order of this Court, any Ballot that is properly completed, executed and timely returned to the Voting Agent, but does not indicate an acceptance or rejection of the Plan or indicates both an acceptance and a rejection of the Plan, shall not be counted.

19. Without further order of this Court, any Ballot actually received by the Voting Agent after the Voting Deadline shall not be counted, unless the Debtors granted an extension of the Voting Deadline with respect to such Ballot.

20. Without further order of this Court, any Ballot that is illegible or contains insufficient information to permit the identification of the claimant shall not be counted.

21. Without further order of this Court, any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan shall not be counted.

22. Without further order of this Court, any Ballot cast for a Claim identified as unliquidated, contingent or disputed for which no proof of claim was timely filed shall not be counted.

23. Without further order of this Court, any unsigned Ballot or non-originally signed Ballot shall not be counted.

24. Without further order of this Court, any Ballot sent directly to any of the Debtors, their agents (other than the Voting Agent), any indenture trustee (unless specifically instructed to do so) or the Debtors' financial or legal advisors or to any party other than the Voting Agent shall not be counted.

25. Without further order of this Court, any Ballot cast for a Claim that has been disallowed (for voting purposes or otherwise) or satisfied shall not be counted.

26. Subject to any contrary Order of this Court, the Debtors may reject any and all Ballots, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules.

27. None of the Debtors, the Voting Agent or any other person or entity shall be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor shall the Debtors, the Voting Agent or any other person or entity incur any liability for failure to provide such notification.

28. The Voting Agent may disregard any and all defective Ballots with no further notice to any other person or entity.

29. The Debtors are directed to file all exhibits to the Plan with the Court and make them available for review on the Debtors' case web site at www.chapter11.epiqsystems.com/tlcvision no later than five (5) days before the Confirmation Hearing.

30. The Confirmation Hearing will be held at **2:00 p.m. Eastern on May 5, 2010** *provided, however*, that the Confirmation Hearing may be adjourned from time to time by the Court or the Debtors without further notice to parties other than an announcement in Court at the Confirmation Hearing or any adjourned Confirmation Hearing.

31. The Debtors shall publish the Confirmation Hearing Notice on or before **March 31, 2010** in the national editions of *The Wall Street Journal* and the *Globe & Mail* and electronically on www.chapter11.epiqsystems.com/tlcvision.

32. Objections to confirmation of the Plan or proposed modifications to the Plan, if any, must: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state the name and address of the objecting party and the amount and nature of the claim or interest of such party; (d) state with particularity the basis and nature of any objection to the Plan; and (e) be filed electronically, together with proof of service, with the Court and served on the parties listed in the Confirmation Hearing Notice, on or before 5:00 p.m. (prevailing Eastern time) on **April 28, 2010**.

33. Objections to confirmation of the Plan not timely filed and served in the manner set forth above shall not be considered and shall be overruled.

34. The Debtors or the Voting Agent shall file the vote tabulation certification no later than **May 3, 2010**.

35. The Debtors shall file any consolidated response to any objections to the Plan no later than **May 3, 2010**.

36. The Debtors are authorized to take or refrain from taking any action and expending such funds necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

RLF1 3552224v.2

37. The Debtors are authorized to make nonsubstantive changes to the Disclosure Statement, Plan, Ballots, the Confirmation Hearing Notice, any other notice related to the Plan or Disclosure Statement and all exhibits and appendices to any of the foregoing without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan and any other materials in the Solicitation Package prior to their distribution.

Date: **March 24,** 2010
Wilmington, Delaware

*Kevin Gross*
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE