## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TLC Vision (USA) Corporation, *et al.*,[1] | ) | Case No. 09-14473 (KG) |
| | ) | |
| Debtors. | ) | Jointly Administered *Re Dkt #384-522* |

## ORDER CONFIRMING DEBTORS' FIFTH AMENDED JOINT
## CHAPTER 11 PLAN OF REORGANIZATION DATED AS OF MAY 5, 2010

TLC Vision (USA) Corporation ("TLC USA"), TLC Vision Corporation ("TLC

Canada") and TLC Management Services, Inc. ("TLC MSI") (TLC USA, TLC Canada, and TLC

MSI each a "Debtor" and collectively, the "Debtors") having filed the Fourth Amended Joint

Chapter 11 Plan of Reorganization Dated as of March 24, 2010 (as modified in the form attached

hereto as Exhibit A, the Fifth Amended Joint Chapter 11 Plan of Reorganization Dated as of

May 5, 2010, the "Plan")[2] with the Bankruptcy Court; the Debtors having filed the Fourth

Amended Disclosure Statement With Respect to the Fourth Amended Joint Chapter 11 Plan of

Reorganization Dated as of March 24, 2010 [Docket No. 385] (including all appendices and

exhibits attached thereto, and each as modified or amended, the "Disclosure Statement"); the

Debtors having provided notice of a hearing to approve the Disclosure Statement in accordance

with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

Rules") and orders of the Bankruptcy Court; the Bankruptcy Court having held a hearing on

March 24, 2010 to determine the adequacy of the Disclosure Statement; the Bankruptcy Court

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number and address, are: TLC Vision (USA) Corporation (6220), 16305 Swingley Ridge Road, Chesterfield, MO 63017; TLC Vision Corporation (1150), 5280 Solar Drive, Suite 300, Mississauga, Ontario, L4W 5M8; and TLC Management Services, Inc. (0374), 1209 Orange Street, Wilmington, DE 19801.

[2] Each capitalized term used but not otherwise defined herein shall have the meaning ascribed thereto in the Plan.

having entered an order dated March 24, 2010 [Docket No. 390] (the "Approval Order") (1) approving the Disclosure Statement, (2) approving solicitation packages and procedures for distribution thereof, (3) approving forms of ballots and establishing voting procedures, (4) scheduling the Confirmation Hearing, and (5) establishing procedures for filing and prosecuting objections to the Plan and confirmation of the Plan; the Disclosure Statement having been transmitted to all Holders of Claims in Classes A1, A5, A6, B1, B5, B6 and C7 (collectively, the "Voting Classes") as directed by the Approval Order; the Debtors having filed the Plan Supplement dated April 23, 2010 [Docket No. 495] (as amended, supplemented and otherwise modified, the "Plan Supplement"); the Debtors having provided notice of the Confirmation Hearing to Holders of Claims and Interests as directed by the Approval Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; the Debtors having filed the Debtors' Memorandum of Law in Support of Confirmation of Debtors' Fourth Amended Joint Chapter 11 Plan of Reorganization Dated as of March 24, 2010 [Docket No. 529] (the "Confirmation Memorandum"); Medical Management Affiliates, Inc. ("MMA") having filed the Objection of Medical Management Affiliates, Inc. to Assumption of an Executory Contract Pursuant and Subject to the Terms of the Debtors' Fourth Amended Joint Chapter 11 Plan of Reorganization Dated as of March 24, 2010 (as Modified) and to Confirmation of the Plan to the Extent Such Plan Includes Assumption of the Executory Contract [Docket No. 531] (the "MMA Objection"); the Debtors having filed the Debtors' Response to Objection of Medical Management Affiliates, Inc. to Confirmation of the Debtors' Fourth Amended Joint Chapter 11 Plan of Reorganization Dates as of March 24, 2010 [Docket No. 537] (the "Debtors' Response to MMA Objection"); the Committee having filed the Joinder of the Official Committee of Unsecured Creditors to the Debtors' Response to Objection of Medical

2

Management Affiliates, Inc. to Confirmation of the Debtors' Fourth Amended Joint Chapter 11 Plan of Reorganization Dates as of March 24, 2010 [Docket No. 538]; the Bankruptcy Court having held the Confirmation Hearing on May 5, 2010; upon all of the proceedings in the Chapter 11 Cases before the Bankruptcy Court; after full consideration of: (a) the declarations filed with the Bankruptcy Court, including (i) the Declaration of Michael Gries in Support of Confirmation of the Fourth Amended Joint Chapter 11 Plan of Reorganization Dated as of March 24, 2010 [Docket No. 530] (the "Gries Confirmation Declaration"), and (ii) the Declaration of Jennifer Meyerowitz on Behalf of Epiq Bankruptcy Solutions LLC, as Voting Agent, Regarding the Solicitation and Tabulation of Votes with Respect to the Fourth Amended Joint Chapter 11 Plan of Reorganization Dated as of March 24, 2010 [Docket No. 528] (the "Voting Agent Declaration") (the Gries Confirmation Declaration and the Voting Agent Declaration, together, the "Declarations"), and the testimony contained therein; (b) the Confirmation Memorandum; (c) the MMA Objection; (d) the Debtors' Response to MMA Objection; (e) the Committee's joinder to the Debtors' Response to MMA Objection; (f) the arguments of counsel to the Debtors and counsel to MMA regarding the MMA Objection; and (g) all other evidence proffered or adduced, memoranda and objections filed in connection with, and arguments of counsel made at, the Confirmation Hearing; and after due deliberation and sufficient cause appearing therefor,

**THE BANKRUPTCY COURT HEREBY DETERMINES, FINDS, ADJUDGES, DECREES AND ORDERS THAT:**

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.    Exclusive Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a)). The Bankruptcy Court has jurisdiction over the Chapter 11 Cases pursuant to sections 157 and 1334 of title 28 of the United States Code. Venue of the Chapter 11 Cases in this district is proper pursuant to sections 1408 and 1409 of title 28 of the United States Code.

3

Confirmation of the Plan is a core proceeding pursuant to section 157(b)(2)(L) of title 28 of the United States Code, and the Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

B.     Commencement and Joint Administration of the Chapter 11 Cases.     On the Petition Date, each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code in the Bankruptcy Court. By prior order of the Bankruptcy Court, the Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015.     The Debtors have operated their businesses and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases.

C.     Judicial Notice.     The Bankruptcy Court takes judicial notice of the docket of the Chapter 11 Cases maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed and orders entered thereon.     The Bankruptcy Court also takes judicial notice of all evidence proffered or adduced and all arguments made at the hearings held before the Bankruptcy Court during the pendency of the Chapter 11 Cases.

D.     Burden of Proof.     The Debtors have the burden of proving the elements of section 1129 of the Bankruptcy Code by a preponderance of the evidence, and they have met that burden, as further found and determined herein.

E.     Notice; Transmittal and Mailing of Materials.

(1)     The Debtors provided to all known holders of Claims and Interests due, adequate and sufficient notice of the Disclosure Statement, the Plan and the Confirmation Hearing, along with the deadlines for voting on and filing objections to the Plan, substantially in

4

accordance with the procedures set forth in the Approval Order, and no other or further notice is or shall be required;

(2)     The Debtors transmitted and served the Disclosure Statement, Plan, Ballots and Approval Order in compliance with the Approval Order and the Bankruptcy Rules, and such transmittal and service were adequate and sufficient and no further notice is or shall be required. All procedures used to distribute the solicitation packages to the Voting Classes were fair and conducted in accordance with the Approval Order, the Bankruptcy Code and the Bankruptcy Rules and all other applicable rules, laws and regulations;

(3)     The Debtors provided adequate and sufficient notice of the Confirmation Hearing and other dates described in the Approval Order and the Plan, all in compliance with the Bankruptcy Rules and the Approval Order, and no other or further notice is or shall be required; and

(4)     The filing with the Bankruptcy Court and service of the version of the Plan attached as Appendix A to the Disclosure Statement and the disclosure of any further modifications to the Plan on the record at the Confirmation Hearing constitute due and sufficient notice of the Plan and all modifications thereto.

F.     Voting. The Debtors solicited votes on the Plan after the disclosure of "adequate information" as defined in section 1125 of the Bankruptcy Code. As evidenced by the Voting Agent Declaration, votes to accept the Plan have been solicited and tabulated fairly, in good faith and in a manner consistent with the Approval Order, the Bankruptcy Code and the Bankruptcy Rules.

G.     Plan Supplement. The Plan Supplement complies with the terms of the Plan and the filing and notice of the Plan Supplement and the documents therein was sufficient and proper

5

and completed in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Approval Order, and no other or further notice is or shall be required.

H.    Plan Modifications (11 U.S.C. § 1127). Subsequent to solicitation of the Plan, the Debtors made certain non-material modifications to the Plan (the "Plan Modifications"). The Plan Modifications include the following: (a) the modification of the treatment of Claims in Classes C6 and C7 from Impaired to Unimpaired; (b) at the request of the United States Trustee, the removal of the Committee, its members and its Professionals from the definition of "Releases" and inclusion thereof in the definition of "Exculpated Persons"; (c) at the request of the Untied States Trustee, the carve out from effect of the Plan's injunction provisions of (i) setoff claims asserted against the Debtors prior to the Effective Date, and (ii) any defense of recoupment in favor of any non-Debtor party; and (d) modification of section 6.01 of the Plan in accordance with paragraph 19 of this Order. Each of the Plan Modifications is reflected in the version of the Plan attached hereto. In addition, the Debtors made certain other non-material modifications to the Plan, as also reflected in the version of the Plan attached hereto. There may be other non-material modifications made to the Plan to reflect compromises to objections to the Plan or other appropriate clarifications. Except as provided for by law, contract or prior order of the Bankruptcy Court, none of the modifications made since the commencement of solicitation of the Plan adversely affects the treatment of any Claim or Interest under the Plan. Accordingly, pursuant to section 1127(a) of the Bankruptcy Code and Bankruptcy Rule 3019, none of these modifications require additional disclosure under section 1125 of the Bankruptcy Code or resolicitation of votes under section 1126 of the Bankruptcy Code, nor do they require that holders of Claims or Interests be afforded an opportunity to change previously cast acceptances

6

or rejections of the Plan. The Plan as modified shall constitute the Plan submitted for confirmation to the Bankruptcy Court.

I.    Notice of Plan Modifications. The filing with the Bankruptcy Court of the Plan as modified by the Plan Modifications and the disclosure of the Plan Modifications on the record at the Confirmation Hearing constitute due and sufficient notice thereof.

J.    Deemed Acceptance of Plan as Modified. In accordance with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, all holders of Claims who voted to accept the Plan or who are conclusively presumed to have accepted the Plan are deemed to have accepted the Plan as modified by the Plan Modifications. No holder of a Claim or Interest shall be permitted to change its vote as a consequence of the Plan Modifications.

K.    Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1)). The Plan complies with the applicable provisions of the Bankruptcy Code. Accordingly, the Plan satisfies section 1129(a)(1) of the Bankruptcy Code.

L.    Proper Classification (11 U.S.C. §§ 1122 and 1123(a)(1)). In addition to Administrative Claims and Priority Tax Claims that need not be classified, the Plan classifies twenty-four (24) Classes of Claims and Interests. The Claims and Interests placed in each Class are substantially similar to other Claims or Interests, as the case may be, in each such Class. Valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and Interests under the Plan, the classifications were not done for any improper purpose and such Classes do not unfairly discriminate between or among Holders of Claims or Interests. Accordingly, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

M.    Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2)). Sections 2.03(a), 2.04(a) and 2.05(a) of the Plan, as modified hereby, specify that Claims in Class A1 (Other Secured

7

Claims against TLC USA), Class A2 (Essential Trade Claims against TLC USA), Class A3 (Other Priority Claims against TLC USA), Class A4 (Prepetition Lender Secured Claims against TLC USA), Class B1 (Other Secured Claims against TLC Canada), Class B2 (Other Priority Claims against TLC Canada), Class B3 (Essential Trade Claims against TLC Canada), Class B4 (Prepetition Lender Secured Claims against TLC Canada), Class C1 (Other Secured Claims against TLC MSI), Class C2 (Other Priority Claims against TLC MSI), Class C3 (General Unsecured Claims Against TLC MSI), Class C4 (TLC MSI Common Stock and Interests), Class C5 (Prepetition Lender Secured Claims against TLC MSI), Class C6 (Intercompany Claims against TLC MSI), and Class C7 (Medical Pending Litigation Claims against TLC MSI) are Unimpaired by the Plan, subject to Section 3.02 of the Plan solely with respect to Claims in Classes A1, B1 and C2. Accordingly, the Plan satisfies section 1123(a)(2) of the Bankruptcy Code.

N.      Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)).     Sections 2.03(b) and (c) and 2.04(b) and (c) of the Plan designate Class A5 (General Unsecured Claims against TLC USA), Class A6 (Medical Pending Litigation Claims against TLC USA), Class A7 (Subordinated Claims against TLC USA), Class A8 (Intercompany Claims against TLC USA), Class A9 (TLC USA Common Stock and Interests), Class B5 (General Unsecured Claims against TLC Canada), Class B6 (Medical Pending Litigation Claims against TLC Canada), Class B7 (Intercompany Claims against TLC Canada), and Class B8 (TLC Canada Common Stock and Interests) as Impaired, and Article III of the Plan specifies treatment of all of these Classes of Claims and Interests under the Plan. Accordingly, the Plan satisfies section 1123(a)(3) of the Bankruptcy Code.

8

O. No Discrimination (11 U.S.C. § 1123(a)(4)). The Plan provides for the same treatment by the Debtors for each Claim or Interest in each respective Class, unless the Holder of a Claim or Interest has agreed to a less favorable treatment. Accordingly, the Plan satisfies section 1123(a)(4) of the Bankruptcy Code.

P. Implementation of Plan (11 U.S.C. § 1123(a)(5)). The Plan and the various documents and agreements set forth in the Plan Supplement and described in the Plan provide adequate and proper means for the Plan's implementation. Accordingly, the Plan satisfies section 1123(a)(5) of the Bankruptcy Code.

Q. Nonvoting Equity Securities (11 U.S.C. § 1123(a)(6)). The New TLC USA Certificates of Incorporation and amended Certificate of Incorporation of Reorganized TLC MSI, the forms of which were filed with the Bankruptcy Court on April 23, 2010 as part of the Plan Supplement, comply with section 1123(a)(6) of the Bankruptcy Code. Accordingly, the Plan satisfies section 1123(a)(6) of the Bankruptcy Code.

R. Designation of Directors and Officers (11 U.S.C. § 1123(a)(7)). Sections 7.01 and 10.02 of the Plan contain provisions with respect to the manner of appointment of the directors and officers of the Reorganized Debtors that are consistent with the interests of Creditors, equity security holders and public policy in accordance with section 1123(a)(7) of the Bankruptcy Code. Accordingly, the Plan satisfies section 1123(a)(7) of the Bankruptcy Code.

S. Additional Plan Provisions (11 U.S.C. § 1123(b)(6)). The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code.

T. Bankruptcy Rule 3016(a). The Plan reflects the date it was filed with the Bankruptcy Court and identifies the entities submitting it as Plan proponents. Accordingly, the Plan satisfies Bankruptcy Rule 3016(a).

9

U.     Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2)). The Debtors, as the proponents of the Plan, have complied with the applicable provisions of the Bankruptcy Code. Accordingly, the Plan satisfies section 1129(a)(2) of the Bankruptcy Code. Specifically, among other things:

(1)     The Debtors are proper debtors under section 109(d) of the Bankruptcy Code;

(2)     The Debtors have complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by order of the Bankruptcy Court; and

(3)     The Debtors have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Approval Order in: (i) transmitting the Disclosure Statement, the Plan and related documents and notices; and (ii) soliciting and tabulating votes on the Plan.

V.     Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)). The Debtors have proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. The Debtors' good faith is evident from the facts and records of the Chapter 11 Cases, the Disclosure Statement and the hearing thereon, the Gries Confirmation Declaration, and the record of the Confirmation Hearing and other proceedings held in the Chapter 11 Cases. The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Estates and to effectuate a successful reorganization of the Debtors.

W.     Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)). Any payment made or to be made by any of the Debtors for services or for costs and expenses in or in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter

1112/74009-001 Current/18884763v2
RLF1 3566692v.2

11 Cases, has been approved by, or is subject to the approval of, the Bankruptcy Court as reasonable. Accordingly, the Plan satisfies section 1129(a)(4) of the Bankruptcy Code.

X.     Directors, Officers and Insiders (11 U.S.C. § 1129(a)(5)).  The Debtors have complied with section 1129(a)(5) of the Bankruptcy Code. The identity and affiliations of the persons proposed to serve as members of the Boards of Directors of the Reorganized Debtors were disclosed in the Plan Supplement, and the appointment to, or continuance in, such positions of such persons is consistent with the interests of holders of Claims against, and Interests in, the Debtors and with public policy. The Debtors have further disclosed that as of the Effective Date: (1) the Board of Directors of Reorganized TLC USA and each of the Buyer Parties will consist of Brandon White, Josh Klevens, Tim Palmer, Tim Armstrong, and Brandon Schwartz, all of whom will be appointed by the Plan Sponsor; (2) the sole member of the Board of Directors of Reorganized TLC MSI shall be James B. Tiffany, who was the sole director of Debtor TLC MSI as of the Petition Date; (3) the Board of Directors of TLC Canada will be dissolved and the members of the Board of Directors of TLC Canada shall resign whereupon the members of the Board of Directors of TLC Canada shall have no further duties or responsibilities in respect of TLC Canada and the remaining assets of TLC Canada will be liquidated in a Canadian bankruptcy case (the "Canadian Bankruptcy Case") in which the Canadian Court will be requested to appoint the firm acting as Information Officer as trustee-in-bankruptcy of TLC Canada (the "Canadian Trustee"); (4) the principal officers of TLC USA and TLC MSI immediately prior to the Effective Date will be the officers of such Reorganized Debtor as of the Effective Date; and (5) TLC Canada shall have no officers, as such officers of TLC Canada will be deemed terminated and shall resign and TLC Canada shall be liquidated in the Canadian Bankruptcy Case in which the Canadian Court will be requested to appoint the Canadian Trustee.

11

The identity of any insider that will be employed or retained by the Reorganized Debtors has been disclosed in the Plan Supplement.

Y.     No Rate Changes (11 U.S.C. § 1129(a)(6)).     Section 1129(a)(6) of the Bankruptcy Code requires that any regulatory commission having jurisdiction over the rates charged by a reorganized debtor in the operation of its business approve any rate change provided for in a plan of reorganization.     The Plan does not provide for any changes in any regulated rates. Accordingly, the Plan satisfies section 1129(a)(6) of the Bankruptcy Code.

Z.     Best Interests of Creditors (11 U.S.C. § 1129(a)(7)).     The Plan satisfies section 1129(a)(7) of the Bankruptcy Code.     The Declarations, the liquidation analysis set forth in Appendix B of the Disclosure Statement and other evidence proffered or adduced at the Confirmation Hearing:  (1) are persuasive and credible; (2) have not been controverted by other evidence; and (3) establish that each Holder of an Impaired Claim or Interest either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such Holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.

AA.     Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)).     Classes A2, A3, A4, B2, B3, B4, C1, C2, C3, C4, C5, C6 and C7 are each Classes of Unimpaired Claims or Interests that are conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code. Classes A5 and B5 have each voted to accept the Plan in accordance with section 1126(c) of the Bankruptcy Code.  Classes A1 and B1 are each Impaired pursuant to Section 3.02 of the Plan, and have each voted to accept the Plan in accordance with section 1126(c) of the Bankruptcy Code.  Classes A6 and B6 have voted to reject the Plan.  In addition, Classes A7, A8, A9, B7, and B8 are not entitled to receive or retain any property under the Plan

12

and, therefore, are deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code. Although section 1129(a)(8) of the Bankruptcy Code has not been satisfied with respect to Classes A6, A7, A8, A9, B6, B7 and B8, the Plan is confirmable because the Plan does not discriminate unfairly and is fair and equitable with respect to each of Classes A6, A7, A8, A9, B6, B7 and B8. Accordingly, the Plan satisfies section 1129(b) of the Bankruptcy Code with respect to such Classes.

BB.    Treatment of Administrative, Priority Tax, Miscellaneous Priority and Miscellaneous Secured Claims (11 U.S.C. § 1129(a)(9)). The treatment of Administrative Claims pursuant to Section 3.03 of the Plan satisfies the requirements of section 1129(a)(9)(A) of the Bankruptcy Code. The treatment of Other Priority Claims pursuant to Sections 3.06(c), 3.07(b) and 3.08(b) of the Plan satisfies the requirements of section 1129(a)(9)(B) of the Bankruptcy Code. The treatment of Priority Tax Claims pursuant to Section 3.04 of the Plan satisfies the requirements of section 1129(a)(9)(C) of the Bankruptcy Code. The treatment of Other Secured Claims pursuant to Sections 3.06(a), 3.07(a) and 3.08(a) of the Plan satisfies the requirements of section 1129(a)(9)(D) of the Bankruptcy Code. Accordingly, the Plan satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code.

CC.    Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(10)). Classes A1, A5, B1 and B5 are each Impaired Classes and have voted to accept the Plan, without including any acceptance of the Plan by any insider. As such, there is at least one Class of Claims against the Debtors that is Impaired under the Plan and has accepted the Plan, determined without including any acceptance of the Plan by any insider. Accordingly, the Plan satisfies the requirements of section 1129(a)(10) of the Bankruptcy Code.

13

DD. Feasibility (11 U.S.C. § 1129(a)(11)). The Gries Confirmation Declaration and other evidence proffered or adduced at the Confirmation Hearing regarding feasibility: (1) is persuasive and credible; (2) has not been controverted by other evidence; and (3) establishes that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Reorganized Debtors. Accordingly, the Plan satisfies the requirements of section 1129(a)(11) of the Bankruptcy Code.

EE. Payment of Fees (11 U.S.C. § 1129(a)(12)). As provided in Section 13.10 of the Plan, all fees payable pursuant to section 1930(a) of title 28 of the United States Code, as determined by the Bankruptcy Court, have been paid or shall be paid for each quarter on or prior to the Effective Date and the Reorganized Debtors shall continue to pay such fees as they become due from and after the Effective Date through the closing of the Chapter 11 Cases. Accordingly, the Plan satisfies the requirements of section 1129(a)(12) of the Bankruptcy Code.

FF. Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)). Section 1129(a)(13) of the Bankruptcy Code does not apply in the Chapter 11 Cases because the Debtors are not obligated to pay any retiree benefits subject thereto.

GG. Payment of Domestic Support Obligations (11 U.S.C. § 1129(a)(14)). Section 1129(a)(14) of the Bankruptcy Code does not apply in the Chapter 11 Cases because the Debtors are not required to pay any domestic support obligations subject thereto.

HH. Objection to the Plan of an Individual (11 U.S.C. § 1129(a)(15)). Section 1129(a)(15) of the Bankruptcy Code does not apply in the Chapter 11 Cases because none of the Debtors are individuals.

14

II.    Transfers of Property (11 U.S.C. § 1129(a)(16)).    Section 1129(a)(16) of the Bankruptcy Code does not apply in the Chapter 11 Cases because each of the Debtors is a moneyed, business or commercial corporation.

JJ.    No Unfair Discrimination; Fair and Equitable (11 U.S.C. § 1129(b)).    Based upon the evidence proffered or adduced at the Confirmation Hearing, the Disclosure Statement and all other evidence before the Bankruptcy Court, the Plan does not discriminate unfairly and is fair and equitable with respect to Classes A7, A8, A9, B7 and B8, as required by sections 1129(b)(1) and (2) of the Bankruptcy Code. Thus, the Plan may be confirmed notwithstanding the Debtors' failure to satisfy section 1129(a)(8) of the Bankruptcy Code. Upon confirmation and the occurrence of the Effective Date, the Plan shall be binding upon the members of all Classes, including those of Classes A7, A8, A9, B7 and B8.

KK.    The Plan Does Not Unfairly Discriminate Against the Rejecting Classes.    The Plan does not unfairly discriminate against Classes A6, A7, A8, A9, B6, B7 and B8. The difference in treatment between Unsecured Claims in Classes A6 and B6 and other Unsecured Claim Classes does not constitute unfair discrimination because Holders of Claims in Classes A6 and B6 have recourse against non-Debtor affiliates that are not subject to the Plan or the benefits of any discharge under the Bankruptcy Code, and as such will realize equal or greater value than the Holders of other Unsecured Claims against the Debtors. The Unsecured Claim Classes A7, A8 and B7 consist of either insider Claims or Claims subject to subordination to other Claims in accordance with section 510 of the Bankruptcy Code, and as such are not similarly situated to other Classes of Unsecured Claims, and the Plan's treatement thereof does not constitute unfair discrimination. Classes A9 and B8 are equity Interests that will not receive any recovery, but are not receiving dissimilar treatment from any other equity Class at their respective Debtor.

15

LL.     The Plan is Fair and Equitable. The Plan is fair and equitable with respect to Unsecured Claim Classes A6, A7, A8, B6 and B7, in that no Holder of any Claim or Interest that is junior to the Claims in these Classes will receive or retain any property on account of such Claim or Interest. The Plan is fair and equitable with respect to equity Interest Classes A9 and B8, in that no Holder of any Interest that is junior to the Interests in these Classes will receive or retain any property on account of such Interest. Therefore, the Plan satisfies sections 1129(b)(2)(B)(ii) and 1129(b)(2)(C)(ii) of the Bankruptcy Code.

MM.     Only One Plan (11 U.S.C. § 1129(c)). The Plan is the only plan of reorganization filed in the Chapter 11 Cases. Accordingly, section 1129(c) of the Bankruptcy Code is inapplicable.

NN.     Principal Purpose of the Plan (11 U.S.C. § 1129(d)). The principal purpose of the Plan, as evidenced by its terms, is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

OO.     Good Faith Solicitation (11 U.S.C. § 1125(e)). Based on the record before the Bankrutpcy Court in the Chapter 11 Cases, the Exculpated Persons have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all of their respective activities relating to the solicitation of acceptances to the Plan and their participation in the activities described in section 1125 of the Bankruptcy Code. Accordingly, the Exculpated Persons referenced in Section 11.03 of the Plan are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the exculpation provisions set forth in Section 11.03 of the Plan.

16

PP.     Satisfaction of Confirmation Requirements. Based upon the foregoing, the Plan satisfies the requirements for Confirmation set forth in section 1129 of the Bankruptcy Code.

QQ.     Implementation. All documents and agreements necessary to implement the Plan, including, without limitation, those contained in the Plan Supplement, and all other relevant and necessary documents (including the Plan Sponsor Agreement and its related documents, the General Unsecured Creditor Note, the New TLC USA Certificates of Incorporation and the amended Certificate of Incorporation of Reorganized TLC MSI) described in the Plan and/or the Plan Supplement, have been negotiated in good faith at arm's length, are in the best interests of the Debtors and the Reorganized Debtors and shall upon execution be valid, binding and enforceable documents and agreements not in conflict with any federal or state law.

RR.     Good Faith. The Exculpated Persons will be acting in good faith if they proceed to: (1) consummate the Plan and the agreements, settlements, transactions and transfers contemplated thereby; and (2) take the actions authorized and directed by this Confirmation Order. The Buyer Parties are purchasers in good faith with respect to the Purchased Assets and are entitled to the protections of section 363(m) of the Bankruptcy Code to the fullest extent applicable.

SS.     Notice of Assumption and Rejection of Executory Contracts and Unexpired Leases. The filing of the Plan and the Plan Supplement (including the Schedule of Rejected Contracts and any subsequent modification thereof) and the publication of the Confirmation Hearing Notice and notice of the entry of this Confirmation Order constitute adequate notice of the assumption and rejection of executory contracts and unexpired leases pursuant to Article VI of the Plan (both for contracts and leases that are listed in the Plan Supplement and for contracts and leases assumed by default). Therefore, no other or further notice is required.

17

TT.     Assumption or Rejection of Executory Contracts and Unexpired Leases. The Debtors have exercised reasonable business judgment in determining whether to assume, assume and assign, or reject each of their executory contracts and unexpired leases as set forth in Article VI of the Plan and the Plan Supplement. Each assumption, assumption and assignment, or rejection of an executory contract or unexpired lease as provided in Article VI of the Plan shall be legal, valid and binding upon the Reorganized Debtors and all non-Debtor parties to such executory contract or unexpired lease to the same extent as if such assumption, assumption and assignment, or rejection had been effectuated pursuant to an appropriate separate authorizing order of the Bankruptcy Court entered before the Confirmation Date under section 365 of the Bankruptcy Code.

UU.     Adequate Assurance. The Debtors have cured or provided adequate assurance that the Reorganized Debtors will cure defaults (if any) under or relating to each of the assumed executory contracts and unexpired leases that are being assumed by the Debtors pursuant to the Plan, including, without limitation, the operating agreement that was the subject of the MMA Objection and entered into evidence as Exhibit MMA-1 at the confirmation hearing.

VV.     Transfers by Debtors; Vesting of Assets. All transfers of property of the Estates, including, without limitation, the transfer of the TLC USA Common Stock and the other transfers set forth in the Plan Sponsor Agreement, shall be free and clear of all Liens, charges, Claims, encumbrances and other interests, except as expressly provided in the Plan or this Confirmation Order. Pursuant to sections 1141(b) and (c) of the Bankruptcy Code, all Property of each of the Debtors (excluding property that has been abandoned pursuant to the Plan or an order of the Bankruptcy Court or that has been transferred under the terms of the Plan and the Plan Sponsor Agreement) shall vest in each of the respective Reorganized Debtors or the Buyer

18

Parties under the Plan Sponsor Agreement, as the case may be, free and clear of all Liens, charges, Claims, encumbrances and other interests, except as expressly provided in the Plan, the Plan Sponsor Agreement, or this Confirmation Order. Such vesting does not constitute a voidable transfer under the Bankruptcy Code or applicable nonbankruptcy law.

WW. Exemption From Securities Laws. The sale and transfer of the US Stock (as defined in the Plan Sponsor Agreement) and the Canadian Stock (as defined in the Plan Sponsor Agreement) under the Plan and the Plan Sponsor Agreement are private placements under section 4(2) of the Securities Act and thereby are exempt from registration under the Securities Act. To the extent it would be otherwise required, the General Unsecured Creditor Note is exempt from registration under the Securites Act by reason of section 1145 of the Bankruptcy Code.

XX. Conditions to Confirmation. The conditions to Confirmation set forth in Section 9.01 of the Plan: (1) have been satisfied or waived; or (2) will be satisfied by entry of this Confirmation Order.

YY. Conditions to Consummation. The conditions to the Effective Date are set forth in Section 9.02 of the Plan. Such conditions (other than those in Sections 9.02(a), (b), (c) and (f) of the Plan) may be waived at any time by a writing signed by an authorized representative of the Debtors and the Buyer Parties, without notice or order of the Bankruptcy Court or any further action.

ZZ. Retention of Jurisdiction. The Bankruptcy Court properly may retain jurisdiction over the matters set forth in Article XII of the Plan.

AAA. Releases and Discharges. The discharge, release, indemnification and exculpation provisions set forth in Article XI of the Plan constitute good faith compromises and settlements

19

of the matters covered thereby. Such compromises and settlements are made in exchange for consideration, are in the best interests of the Debtors, the Estates, and Holders of Claims and Interests, are fair, equitable, reasonable, and are integral elements of the restructuring and resolution of the Chapter 11 Cases in accordance with the Plan. Notwithstanding any language to the contrary contained in the Disclosure Statement, Plan, and/or this Confirmation Order, no provision shall release any non-Debtor, including any current and/or former officer and/or director of any Debtors and/or the Releasees, from liability in connection with any legal action or claim brought by the United States Securities and Exchange Commission.

BBB. Preservation of Causes of Action. It is in the best interests of the Holders of Claims and Interests that all Causes of Action (including Avoidance Actions) that are not expressly released under the Plan be retained and preserved by the Reorganized Debtors pursuant to Article VIII of the Plan to maximize the value of the Estates.

## DECREES

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Confirmation. The Plan is approved and confirmed under section 1129 of the Bankruptcy Code. The Plan Supplement, as amended and further supplemented, is incorporated by reference into and is an integral part of the Plan.

2. Objections. For the reasons stated on the record at the Confirmation Hearing: (a) the MMA Objection is overruled; and (b) the oral motion of MMA made at the Confirmation Hearing for stay pending appeal is denied. All other objections to the Plan or to Confirmation of the Plan that have not been withdrawn or deemed to be withdrawn at the Confirmation Hearing, waived or settled, and all reservations of rights pertaining to Confirmation of the Plan, are overruled on the merits.

20

3. Provisions of Plan and Order Nonseverable and Mutually Dependent. The provisions of the Plan, the Plan Supplement and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are nonseverable and mutually dependent.

4. Plan Supplement. The documents contained in the Plan Supplement, and any amendments, modifications, and supplements thereto, and all documents and agreements related thereto (including all exhibits and attachments thereto and documents referred to therein), and the execution, delivery and performance thereof by the Reorganized Debtors, are authorized and approved as finalized, executed and delivered. Without further order or authorization of the Bankruptcy Court, the Debtors, the Reorganized Debtors and their successors are authorized and empowered to make all modifications to all documents included as part of the Plan Supplement that are not inconsistent with the Plan. Once finalized and executed, the documents comprising the Plan Supplement and all other documents contemplated by the Plan shall constitute legal, valid, binding and authorized obligations of the respective parties thereto, enforceable in accordance with their terms.

5. Solicitation and Notice. Notice of the Confirmation Hearing complied with the terms of the Approval Order, was appropriate and satisfactory based on the circumstances of the Chapter 11 Cases, and complied with the provisions of the Bankruptcy Code and the Bankruptcy Rules. The solicitation of votes on the Plan complied with the solicitation procedures in the Approval Order, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases, and complied with the provisions of the Bankruptcy Code and the Bankruptcy Rules. Notice of the Plan Supplement and all related documents was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases and complied with the provisions of the Plan, the Bankruptcy Code and the Bankruptcy Rules.

21

6.     Plan Classifications Controlling.  The classification of Claims and Interests for purposes of distributions made under the Plan shall be governed solely by the terms of the Plan. The classifications set forth on the Ballots tendered to or returned by Creditors in connection with voting on the Plan: (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for distribution purposes; and (c) shall not be binding on the Debtors or Reorganized Debtors.

7.     Effects of Confirmation; Immediate Effectiveness; Successors and Assigns.  The stay provided by Bankruptcy Rule 3020(e) shall not apply to this Confirmation Order. Immediately upon occurrence of the Effective Date, this Confirmation Order and the terms of the Plan shall be deemed binding upon: (a) the Debtors; (b) the Reorganized Debtors; (c) all Holders of Claims and Interests, whether or not Impaired under the Plan and whether or not, if Impaired, such Holders accepted the Plan; (d) each Person acquiring Property under the Plan; (e) any other party in interest in the Chapter 11 Cases; (f) any Person making an appearance in the Chapter 11 Cases; and (g) each of the foregoing's respective heirs, successors, assigns, agents, attorneys, affiliates and beneficiaries.

8.     Continued Corporate Existence.  Except as otherwise provided in the Plan or this Confirmation Order, each Debtor shall, as a Reorganized Debtor, continue to exist after the Effective Date as a separate legal entity, each with all of the powers of a corporation under the laws of their respective states of incorporation and without prejudice to any right to alter or terminate such existence (whether by merger or otherwise) under applicable state law.

9.     Cancellation of Notes and Instruments.  Upon the occurrence of the Effective Date, except to the extent otherwise provided in this Confirmation Order or the Plan, all notes,

22

instruments, certificates and other documents evidencing, among other things: (a) the Prepetition Lender Secured Claims; (b) Subordinated Claims; and (c) Intercompany Claims against the Debtors other than TLC MSI, shall be cancelled, and the obligations of the Debtors thereunder and in any way related thereto shall be fully satisfied, released and discharged in exchange for the treatment provided under the Plan for Allowed Claims, if any, arising thereunder. Upon the occurrence of the Effective Date, except to the extent otherwise provided in this Confirmation Order or the Plan, any credit agreement, indenture or similar agreement relating to any of the foregoing, shall be deemed to be cancelled, as permitted by section 1123(a)(5)(F) of the Bankruptcy Code, and discharged: (i) with respect to all obligations owed by any Debtor under any such agreement; and (ii) except to the extent provided herein and in the Plan.

10.    Transfer of TLC USA Common Stock and Interests. The transfer of TLC USA Common Stock and Interests to the Buyer Parties under and in accordance with the Plan and the Plan Sponsor Agreement is authorized without the need for any further corporate action and without any further action by the Bankruptcy Court or Holders of Claims or Interests.

11.    Corporate Action. The entry of this Confirmation Order authorizes the Debtors and the Reorganized Debtors to take or to cause to be taken all corporate actions necessary or appropriate to consummate and implement the provisions of the Plan prior to, on and after the Effective Date, and all such actions taken or caused to be taken shall be deemed to have been authorized and approved by the Bankruptcy Court, including, without limitation:    (a) the consummation of the transactions contemplated by the Plan Sponsor Agreement; (b) the election of directors and officers in accordance with Section 10.02 of the Plan; (c) the adoption of the New TLC USA Certificates of Incorporation and the amended Certificate of Incorporation of Reorganized TLC MSI; (d) the execution and delivery of the new Senior Management Contracts;

23

and (e) the Canadian Bankruptcy Case and conclusion of the CCAA Case. All such actions shall be deemed to have occurred and shall be in effect pursuant to applicable non-bankruptcy law and the Bankruptcy Code, without any requirement of further action by the stockholders or directors of the Debtors or the Reorganized Debtors. On the Effective Date, the appropriate officers and directors of the Debtors and the Reorganized Debtors are authorized and directed to execute and deliver the agreements, documents and instruments contemplated by the Plan and the Plan Supplement in the name and on behalf of the Debtors and the Reorganized Debtors to effect the actions detailed herein.

12. <u>Officers and Boards of Directors of the Reorganized Debtors</u>. Upon the occurrence of the Effective Date, the principal officers of Reorganized TLC USA and Reorganized TLC MSI Debtors (a) shall be the same officers of such Debtors as of the Petition Date (as set forth in the Plan Supplement), and (b) will be reimbursed for all reasonable costs and expenses, and will receive compensation, as set forth in the Senior Management Contracts or such other employment arrangements, with all such payments to be made by the respective Reorganized Debtors. Upon the occurrence of the Effective Date, the members of the Board of Directors of Reorganized TLC USA and each of the Buyer Parties will consist of Brandon White, Josh Klevens, Tim Palmer, Tim Armstrong, and Brandon Schwartz, all of whom will be appointed by the Plan Sponsor. Upon the occurrence of the Effective Date, the sole member of the Board of Directors of Reorganized TLC MSI will be James B. Tiffany, who was the sole member of TLC MSI on the Petition Date. Upon the occurrence and effective as of the Effective Date, the Board of Directors of TLC Canada will be dissolved and the members of the Board of Directors of TLC Canada shall resign whereupon the members of the Board of Directors of TLC Canada shall have no further duties or responsibilities in respect of TLC Canada and TLC

24

Canada shall have no officers, as such officers of TLC Canada will be deemed terminated and shall resign and the remaining assets of TLC Canada will be liquidated in the Canadian Bankruptcy Case in which the Canadian Court will be requested to appoint the Canadian Trustee.

13. Restructuring Transactions. Following the Effective Date, the Reorganized Debtors shall have the same corporate structure as existed prior to the Effective Date, as may be modified in a manner acceptable by the Buyer Parties; provided, however, that (a) Reorganized TLC Canada shall cease all operations and (b) the Canadian Trustee is authorized to and shall, pursuant to powers set forth herein and in the Canadian Sanction Order and in accordance with other applicable law, liquidate any remaining assets of TLC Canada in the Canadian Bankruptcy Case and distribute the net proceeds of such assets to the Disbursing Agent for distribution to Holders of Allowed Class B5 Claims until paid in full, with any remaining value to be distributed to Holders of Interests in Class B8.

14. Exemption From Registration. To the fullest extent permitted under section 4(2) of the Securities Act, the offering, issuance, distribution, sale and transfer of the US Stock and the Canadian Stock under the Plan and in accordance with the Plan Sponsor Agreement are exempt from registration in accordance with section 4(2) of the Securities Act and all rules and regulations promulgated thereunder. To the extent it would be otherwise required, the General Unsecured Creditor Note is exempt from registration under the Securites Act by reason of section 1145 of the Bankruptcy Code.

15. Distributions Under the Plan. All distributions under the Plan shall be made in accordance with Article V of the Plan.

25

16.     Disputed Claims. The provisions of Article VIII of the Plan, including, without limitation, the provisions governing procedures for resolving Disputed Claims, are fair and reasonable and are approved.

17.     Approval of Assumption or Rejection of Executory Contracts. Entry of this Confirmation Order shall, subject only to the occurrence of the Effective Date, constitute the approval: (a) pursuant to sections 365(a) and 1123(b)(2) of the Bankruptcy Code, of the assumption of executory contracts and unexpired leases assumed pursuant to Article VI of the Plan; and (b) pursuant to sections 365(a) and 1123(b)(2) of the Bankruptcy Code, of the rejection of executory contracts and unexpired leases listed on the Schedule of Rejected Contracts pursuant to article VI of the Plan.

18.     Inclusiveness. Unless otherwise specified in the Plan, the Plan Supplement or a notice sent to a given party, each executory contract and unexpired lease listed or to be listed in the Plan Supplement or assumed or rejected under or in accordance with the Plan shall include any and all modifications, amendments, supplements, restatements and other agreements made directly or indirectly by any agreement, instrument or other document that in any manner affects such executory contract or unexpired lease, without regard to whether such agreement, instrument or other document is listed thereon or identified therein, provided that such agreement has not expired pursuant to its terms.

19.     Assumption of Executory Contracts and Unexpired Leases. The executory contract and unexpired lease provisions of Article VI of the Plan are approved. All executory contracts and unexpired leases that exist between the Debtors and any Person or Entity shall be deemed assumed by the Debtors as of the Effective Date, except for (1) that certain Agreement (the "ETW Agreement"), dated January 1, 2008, among TLC Vision Corporation and ETW

26

Corp. ("ETW") which the Debtors, having expressly received ETW's consent to this extension of the time to reject or assume and assign the ETW Agreement, must designate whether to reject or assume and assign on or before May 12, 2010; and (2) any executory contract or unexpired lease that: (a) has expired or terminated pursuant to its own terms; (b) has previously been assumed, assumed and assigned, or rejected pursuant to an order of the Bankruptcy Court on or prior to the Confirmation Date, and, if necessary, by order of the Canadian Court; (c) is the subject of a pending motion to assume, assume and assign, or reject as of the Confirmation Date, or (d) is listed on the Schedule of Rejected Contracts in the Plan Supplement (collectively, the "Assumed Contracts and Leases"). Each of the Assumed Contracts and Leases shall be assumed only to the extent that any such contract or lease constitutes an executory contract or unexpired lease. Assumption or rejection of an executory contract or unexpired lease under Section VI of the Plan does not constitute an admission of the Debtors or the Reorganized Debtors that such contract or lease is an executory contract or unexpired lease or that the Debtors or the Reorganized Debtors have any liability thereunder. All executory contracts and unexpired leases assumed hereby or in the Chapter 11 Cases shall be assumed under their present terms at the time of assumption or upon such terms as are agreed to in writing between the applicable Debtor and the counterparty to the executory contract or unexpired lease; provided, however, that any unexpired leases and executory contracts of TLC Canada that are assumed under this Plan shall be deemed to be assigned to the Canadian Buyer.

20.     Adequate Assurance for Counterparties to Executory Contracts Assumed under the Plan. Subject only to the occurrence of the Effective Date, all counterparties to all Assumed Contracts and Leases are deemed to have been provided with adequate assurance of future performance pursuant to section 365(f) of the Bankruptcy Code.

27

21. Cure of Defaults. Within fifteen (15) days after the Effective Date, the Reorganized Debtors shall: (a) pay to the nondebtor parties to Assumed Contracts and Leases the amounts necessary to cure such contracts and leases; or (b) provide notice to such parties that no cure amount is due. The nondebtor parties to Assumed Contracts and Leases shall have thirty (30) days from receipt of such cure amounts or notices to object thereto. If any objections are filed, and cannot be resolved by agreement, the Bankruptcy Court shall hold a hearing to determine the cure amount, if any, due with respect to the executory contract or unexpired lease subject to each objection or to otherwise resolve such objection. Any party failing to object (whether to the proposed cure amount or otherwise) within thirty (30) days after receipt of the notice of proposed cure amount (or notice of no cure amount) shall be forever barred from asserting, collecting, or seeking to collect from the Reorganized Debtors any amounts in excess of the cure amount proposed (if any) or from otherwise objecting to the assumption, by the Debtors, of such executory contract or unexpired lease. Notwithstanding the foregoing, or anything else in this Confirmation Order or the Plan, with respect to any executory contract or unexpired lease which is the subject of an objection, the Reorganized Debtors retain the right, until five (5) Business Days after any order resolving the objection becomes a Final Order, to reject such executory contract or unexpired lease.

22. The non-Debtor parties to each of the contracts and leases assumed or assumed and assigned under the Plan were afforded good and sufficient notice of such assumption or assumption and assignment and were provided with an opportunity to object and to be heard with respect to the ability of the Reorganized Debtors or the Canadian Buyer to provide adequate assurance of future performance and any other ground. Such objections shall be resolved consistent with Sections 6.02 and 6.03 of the Plan. Notwithstanding the foregoing, or anything

28

else in the Plan, with respect to any executory contract or unexpired lease which is subject to such an objection (on the basis of incorrect cure amount, lack of adequate assurance or any other ground), the Reorganized Debtors shall retain the right, until five (5) Business Days after any order resolving such objection becomes a Final Order, to reject such executory contract or unexpired lease.

23.     Rejection Claims and Bar Date.  Claims arising out of the rejection of any executory contract or unexpired lease pursuant to Section 6.01 of the Plan must be filed with the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, no later than thirty (30) calendar days after the entry of an order rejecting such executory contract or unexpired lease, including, as applicable, this Confirmation Order.  Any Claim not filed within such time period shall be forever barred and shall not be enforceable against the Debtors, the Reorganized Debtors or their respective Estates or properties.  The Reorganized Debtors shall have the exclusive right to object to any Claim arising out of the rejection of an executory contract or unexpired lease pursuant to Section 8.05 of the Plan.

24.     Operation as of the Effective Date.  As of the Effective Date, unless otherwise provided in the Plan or this Confirmation Order, the Reorganized Debtors may operate their businesses and may use, acquire and dispose of property and settle and compromise Claims and Interests without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or the Bankruptcy Rules and in all respects as if there were no pending cases under any chapter or provision of the Bankruptcy Code.

25.     Injunction.  Except as otherwise expressly provided for in the Plan or this Confirmation Order and to the fullest extent authorized or provided by the Bankruptcy Code, including sections 524 and 1141 thereof, the entry of this Confirmation Order shall, provided that

29

the Effective Date occurs, permanently enjoin all Persons that have held, currently hold or may hold a Claim or other debt or liability that is discharged or an Interest or other right of an equity security holder that is Impaired or terminated pursuant to the terms of the Plan from taking any of the following actions against the Debtors, the Reorganized Debtors or their Property on account of any such discharged Claims, debts or liabilities or such terminated Interests or rights: (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind; (b) enforcing, levying, attaching, collecting or otherwise recovering in any manner or by any means, whether directly or indirectly, any judgment, award, decree or order; (c) creating, perfecting or enforcing in any manner, directly or indirectly, any Lien or encumbrance of any kind; (d) asserting any setoff, offset, right of subrogation or recoupment of any kind, directly or indirectly, against any debt, liability or obligation due to the Debtors or the Reorganized Debtors; and (e) proceeding in any manner in any place whatsoever, including employing any process, that does not conform to or comply with or is inconsistent with the provisions of the Plan.

26. <u>Released Claims</u>. As of the Effective Date, this Confirmation Order shall constitute an injunction permanently enjoining any Person that has held, currently holds or may hold a Claim, demand, debt, right, Cause of Action or liability that is released pursuant to Section 11.04 of the Plan from enforcing or attempting to enforce any such Claim, demand, debt, right, Cause of Action or liability against any (a) Debtor, (b) Reorganized Debtor, (c) Releasee, or (d) Exculpated Person, or any of their respective property, based on, arising from or relating to, in whole or in part, any act, omission, or other occurrence taking place on or prior to the Effective Date with respect to or in any way relating to the Chapter 11 Cases, all of which claims, demands, debts, rights, Causes of Action or liabilities shall be deemed released on and as

30

of the Effective Date; provided, however, that this injunction shall not apply to (a) any claims Creditors may assert under the Plan to enforce their rights thereunder to the extent permitted by the Bankruptcy Code or (b) any claims Creditors or other third parties may have against each other, which claims are not related to the Debtors and the Reorganized Debtors, it being understood, however, that any defenses, offsets or counterclaims of any kind or nature whatsoever which the Debtors may have or assert in respect of any of the claims of the type described in (a) or (b) of this paragraph are fully preserved.

27.     Discharge of Claims and Termination of Interests. To the fullest extent permitted by applicable law (including, without limitation, section 105 of the Bankruptcy Code), and except as otherwise provided in the Plan or in this Confirmation Order, all consideration distributed under the Plan shall be in exchange for, and in complete satisfaction, settlement, discharge and release of, all Claims of any nature whatsoever against the Debtors or any of their assets or Properties, regardless of whether any Property shall have been distributed or retained pursuant to the Plan on account of such Claims. Upon the Effective Date, and except as expressly contemplated in the Plan, the Debtors, and each of them, shall be deemed discharged and released under section 1141(d)(1)(A) of the Bankruptcy Code from any and all Claims, including, but not limited to, demands and liabilities that arose before the Effective Date, debts (as such term is defined in section 101(12) of the Bankruptcy Code), Liens, security interests, and encumbrances of and against all Property of the respective Estates, the Debtors, or the Reorganized Debtors that arose prior to the Effective Date, including, without limitation, all debts of the kind specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not (i) such Claim has been Allowed pursuant to section 502 of the Bankruptcy Code, or (ii) the Holder of such Claim has voted to accept the Plan.

31

28. Discharge of Debtors. As of the Effective Date, all entities, including, without limitation, all Holders of Claims or Interests, shall be barred and enjoined from asserting against the Debtors or the Reorganized Debtors, their successors or their Property, any other or further Claims, debts, rights, Causes of Action, liabilities or Interests relating to the Debtors based upon any act, omission, transaction or other activity of any nature that occurred prior to the Effective Date, except for those obligations expressly created by, or reserved in, the Plan. In accordance with the foregoing, except as provided in the Plan or this Confirmation Order, this Confirmation Order is a judicial determination of discharge of all such Claims and other debts and liabilities against the Debtors, pursuant to sections 524 and 1141 of the Bankruptcy Code, and such discharge and termination shall void any judgment obtained against the Debtors or the Reorganized Debtors at any time, to the extent that such judgment relates to a discharged Claim or terminated Interest.

29. Term of Injunction or Stays. Unless otherwise provided herein or in the Plan, all injunctions or stays provided for in the Chapter 11 Cases under sections 105(a) or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

30. Exculpation. None of the Debtors, Reorganized Debtors or Exculpated Persons shall have or incur any liability to any Person, including, without limitation, any Holder of a Claim or Interest or any other party in interest, or any of their respective agents, employees, representatives, financial advisors, attorneys or affiliates or any of their successors or assigns, for: (a) any act taken or omission made in connection with, relating to, or arising out of, the Chapter 11 Cases; (b) filing, negotiating, prosecuting, administering, formulating, implementing, confirming or consummating the Plan; or (c) the Property to be distributed under the Plan,

32

including all activities leading to the promulgation and confirmation of the Plan, the Disclosure Statement (including any information provided or statement made in the Disclosure Statement or omitted therefrom), or any contract, instrument, release or other agreement or document created in connection with or related to the Plan or the administration of the Debtors or the Chapter 11 Cases, provided, however, that the foregoing exculpation shall not apply to any act of fraud, gross negligence or willful misconduct.

31. Release by the Debtors. As provided for in Section 11.04 of the Plan, effective as of the Effective Date, and except as otherwise provided in the Plan or this Confirmation Order, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtors and the Reorganized Debtors, in their individual capacities and as debtors in possession, will be deemed to have forever released, waived and discharged the Releasees from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action and liabilities (other than the rights of the Debtors or Reorganized Debtors to enforce the Plan and the contracts, instruments, releases, and other agreements or documents delivered thereunder), whether for tort, contract, violations of federal or state securities laws, or otherwise, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise, that are based in whole or part on any act, omission, transaction, event or other occurrence, including actions in connection with indebtedness for money borrowed by the Debtors, taking place on or prior to the Effective Date in any way relating to the Debtors, the Reorganized Debtors, the Chapter 11 Cases, or the Plan, and the subject matter of, or the trasactions or events giving rise to, any Claim or Interest that is treated in the Plan (other than claims based on fraud, gross negligence or willful misconduct) arising on or prior to the Effective Date, that the Debtors or

33

the Reorganized Debtors have, had or may have, provided, however, that no Releasee shall be released or discharged from any Claims, obligations, suits, judgments, debts or Causes of Action arising out of or in connection with indebtedness for money borrowed by any such person from any of the Debtors, provided, further, that such release provisions will not impact, modify or limit the ability of the Debtors or the Reorganized Debtors to take any defensive measure, including, without limitation, as to impleading any party into such matter, necessary to respond to any litigation, adversary proceeding or other proceeding that may be brought by any other party in interest to the bankrupty proceeding or in relation thereto, as necessary to fully and properly protect their interests. Notwithstanding anything to the contrary contained herein, the Plan shall not release former officers of the Debtors from any continuing obligations the former officers owe to the Debtors under employment, separation, severance, non-competition, non-disclosure or proprietary rights agreements existing between the Debtors and such former officers.

32. Indemnification. As provided for in Section 11.05 of the Plan, to the extent not inconsistent with the Plan or this Confirmation Order and to the fullest extent permitted by applicable law, including, but not limited to, the extent provided in their constituent documents, contracts (including, but not limited to, employment agreements or indemnification agreements), statutory law or common law, the Reorganized Debtors will indemnify, hold harmless and reimburse the Exculpated Persons from and against any and all losses, claims, Causes of Action, damages, fees, expenses, liabilities and actions (a) for any act taken or omission made in good faith in connection with or in any way related to negotiating, formulating, implementing, confirming or consummating the Plan, the Disclosure Statement, or any contract, instrument, release or other agreement or document created in connection with the Plan or the administration

34

of the Chapter 11 Cases or (b) for any act or omission in connection with or arising out of the administration of the Plan or the Property to be distributed under the Plan or the operations or activities of the Reorganized Debtors, and any Claims of any such Exculpated Person against the Debtors or the Reorganized Debtors on account of such indemnification obligations shall be unaltered and Unimpaired within the meaning of section 1124(1) of the Bankruptcy Code, except that none of the Debtors or the Reorganized Debtors shall have any obligation to indemnify any Exculpated Person for any acts or omissions that constitute fraud, gross negligence or willful misconduct, as each of such is finally determined by a court of competent jurisdiction. Such indemnification obligations shall survive unaffected by entry of this Confirmation Order, irrespective of whether such indemnification is owed for an act or event occurring before or after the Petition Date.

33. Releases by the Holders of Claims and Interests. Effective as of the Effective Date, and except as otherwise provided in the Plan or this Confirmation Order, in consideration for the obligations of the Debtors under the Plan and the payments, contracts, instruments, releases, agreements or documents to be delivered in connection with the Plan, each Holder of a Claim or Interest and any Affiliate of any such Holder (as well as any trustee or agent on behalf of each such Holder) that either affirmatively voted in favor of the Plan or is deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, shall be deemed to have forever waived, released and discharged the Debtors, the Reorganized Debtors, the Releasees, and each of their respective present or former directors, affiliates, officers, employees, attorneys, accountants, underwriters, investment bankers, professionals, financial advisors and agents (acting in such capacity), from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action and liabilities, whether for tort, contract, violations of

35

federal or state securities laws or otherwise, or whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise, that are based in whole or part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to any of the Debtors or the Plan that such entity has, had or may have against such released parties (excluding claims based on fraud, gross negligence or willful misconduct); provided, however that, the foregoing provision will not impact, modify or limit the ability of any such party to take any defensive measure, including, without limitation, as to impleading any party into such matter, necessary to respond to any litigation, adversary proceeding or other proceeding that may be brought by any other party in interest to the bankruptcy proceeding or in relation thereto, as necessary to fully and properly protect its interests; provided, further, that, notwithstanding any language to the contrary contained in the Disclosure Statement, Plan, or this Confirmation Order, no provision of any of the foregoing shall release any non-Debtor, including any current or former officer or director of any Debtor, or the Releasees, from liability in connection with any legal action or claim brought by the United States Securities and Exchange Commission.

34. Notwithstanding any provision to the contrary in the Plan, this Order, or any implementing Plan documents, nothing shall: (1) affect the ability of the Internal Revenue Service (the "IRS") to pursue any non-Debtors to the extent allowed by non-bankruptcy law for any liabilities that may be related to any federal tax liabilities owed by the Debtors; (2) affect the rights of the IRS to assert setoff and recoupment and such rights are expressly preserved; and (3) discharge any claim of the IRS after the date of confirmation and such discharge shall not discharge any IRS claims described in section 1141(d)(6) of the Bankrutpcy Code. To the extent

36

the Allowed Priority Tax Claims asserted by the IRS, if any, are not paid in full in cash on the Effective Date, such Allowed Priority Tax Claims shall be paid no less frequently than equal quarterly payments over a five year period commencing on the Effective Date with interest to accrue at the rate and method set forth in 26 U.S.C. §§ 6621 and 6622. Moreover, the Debtors and the Reorganized Debtors agree that they will timely file or cause to be filed all required federal tax returns, and shall otherwise comply with the provisions of the Internal Revenue Code.

35. <u>Preservation of Insurance</u>. Except as necessary to be consistent with the Plan, the Plan and the discharge provided therein shall not diminish or impair: (a) the enforceability of insurance policies that may cover Claims against the Debtors or any other Person or Entity; or (b) the continuation of workers' compensation programs in effect, including self-insurance programs. No provider of insurance to any Debtor may use (i) any order of the Bankruptcy Court establishing a bar date for filing or otherwise presenting a Claim or a proof of claim or (ii) the failure of any party to file or assert a Claim or a proof of claim in the Chapter 11 Cases as a defense to providing insurance coverage to or on account of any such Claim.

36. <u>Preservation of Causes of Action</u>. Except to the extent that any Claim is Allowed during the Chapter 11 Cases or expressly by the Plan, nothing, including, but not limited to, the failure of the Debtors or the Reorganized Debtors to object to a Claim or Interest for any reason during the pendency of the Chapter 11 Cases, shall affect, prejudice, diminish or impair the rights and legal and equitable defenses of the Debtors or the Reorganized Debtors with respect to any Claim or Interest, including, but not limited to, all rights of the Debtors or Reorganized Debtors to contest or defend themselves against such Claims or Interests in any lawful manner or forum when and if such Claim or Interest is sought to be enforced by the Holder thereof.

1112/74009-001 Current/18884763v2
RLF1 3566692v.2

37. Rights of Action. Except as otherwise provided in the Plan, all Causes of Action, including Avoidance Actions, shall automatically be retained and preserved and will revest in the Reorganized Debtors. Pursuant to section 1123(b)(3) of the Bankruptcy Code, the Reorganized Debtors (as representatives of the Estates) will retain and have the exclusive right to enforce and prosecute such Causes of Action against any Entity, that arose before the Effective Date, other than those expressly released or compromised as part of or pursuant to the Plan.

38. Retention of Jurisdiction. Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding entry of this Confirmation Order or the occurrence of the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction as provided in Article XII of the Plan over all matters arising out of, arising in or related to, the Chapter 11 Cases and the Plan.

39. Enforceability of Plan Documents. Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code and the provisions of this Confirmation Order, the Plan, and, subject to their execution, all Plan-related documents, shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

40. Section 1146 Exemption. To the fullest extent permitted under section 1146(a) of the Bankruptcy Code, the issuance, transfer or exchange of any security under the Plan, if any, or the execution, delivery or recording of an instrument of transfer under the Plan, or the revesting, transfer or sale of any real or other Property of or to the Debtors or the Reorganized Debtors, shall not be taxed under any state or local law imposing a stamp tax, transfer tax or similar tax or fee. Each recorder of deeds or similar official for any county, city or governmental unit in which any instrument hereunder is to be recorded is ordered and directed to accept such instrument without requiring the payment of any documentary stamp tax, deed stamps, stamp tax, transfer tax, mortgage recording tax, intangible tax or similar tax.

38

41. <u>Authorization to Modify Plan Supplement</u>. Without need for further order or authorization of the Bankruptcy Court, the Debtors or the Reorganized Debtors (with the consent of the parties granted consent rights pursuant to the Plan and the Plan Sponsor Agreement) are authorized and empowered to make any and all modifications to any and all documents included as part of the Plan Supplement or otherwise contemplated by the Plan that are consistent with the Plan and the Bankruptcy Code.

42. <u>Effectiveness of All Actions</u>. All actions authorized to be taken pursuant to the Plan shall be effective on, prior to, or after the Effective Date pursuant to this Confirmation Order, without further application to or order of the Bankruptcy Court, or further action by the respective officers, directors or stockholders of the Reorganized Debtors and with the effect that such actions had been taken by unanimous action of such officers, directors or stockholders.

43. <u>Approval of Consents</u>. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules and regulations of all states and any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts and transactions referred to in or contemplated by the Plan, the Plan Supplement, the Disclosure Statement, the Plan Sponsor Agreement and any related documents, instruments or agreements, and any amendments or modifications thereto.

44. <u>Administrative Claims Bar Date</u>. All requests for payment of an Administrative Claim (other than those of Professionals and those arising out of section 503(b)(9) of the Bankruptcy Code) must be filed with the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and served on counsel for the Debtors and the Plan Sponsor no later than forty-five (45) days after the Effective Date (the "<u>Administrative Claims Bar Date</u>"). Any request for payment

39

of an Administrative Claim pursuant to this paragraph that is not timely filed and served shall be disallowed automatically without need for any objection by the Debtors or the Reorganized Debtors. The Debtors or the Reorganized Debtors may settle an Administrative Claim without further Bankruptcy Court approval. Notwithstanding the foregoing, no request for payment of an Administrative Claim need be filed with respect to an Administrative Claim which is paid or payable in the ordinary course of business.

45. Payment of Professionals. Upon occurrence of the Effective Date, any requirement that Professionals comply with sections 327 through 331 of the Bankruptcy Code in seeking retention or compensation for services rendered after the Effective Date shall terminate, and the Debtors and Reorganized Debtors may employ and pay all Professionals in the ordinary course of business without any further notice to, action by or order or approval of the Bankruptcy Court or any other party.

46. Bar Date for Professionals. Applications for compensation for services rendered and reimbursement of expenses incurred by Professionals (a) from the Petition Date through the Effective Date, or (b) at any time during the Chapter 11 Cases, when such compensation is sought pursuant to sections 503(b)(2) through (b)(5) of the Bankruptcy Code, shall be Filed no later than forty-five (45) days after the Effective Date or such later date as the Bankruptcy Court approves. Such applications shall be served in accordance with Section 13.25 of the Plan and other orders of the Bankruptcy Court. Applications that are not timely Filed will not be considered by the Bankruptcy Court.

47. Dissolution of Committee. On the Effective Date, the Committee shall be automatically dissolved and all of its members, Professionals and agents shall be deemed released of their duties, responsibilities and obligations, and shall be without further duties,

40

responsibilities and authority in connection with the Debtors, the Chapter 11 Cases, the Plan or its implementation.

48.     Binding Effect.  The provisions of the Plan shall be binding upon and inure to the benefit of the Debtors, the Estates, the Reorganized Debtors, any Holder of any Claim or Interest treated therein or any Person named or referred to in the Plan, and each of their respective heirs, executors, administrators, representatives, predecessors, successors, assigns, agents, officers and directors, and, to the fullest extent permitted under the Bankruptcy Code and other applicable law, each other Person affected by the Plan.

49.     Governing Law.  Except to the extent that the Bankruptcy Code or Bankruptcy Rules or other federal laws are applicable, and subject to the provisions of any contract, instrument, release or other agreement or document entered into in connection with the Plan, the construction, implementation and enforcement of the Plan and all rights and obligations arising under the Plan shall be governed by, and enforced in accordance with, the laws of the State of Delaware, without giving effect to conflicts of law principles which would apply the law of a jurisdiction other than the State of Delaware.

50.     Notice of Entry of Confirmation Order and Effective Date.  Pursuant to Bankruptcy Rules 2002(f)(7), 2002(k) and 3020(c), the Reorganized Debtors shall file and serve notice of entry of this Confirmation Order and occurrence of the Effective Date (the "Notice of Confirmation") on all Holders of Claims and Interests, the United States Trustee for the District of Delaware and other parties in interest by causing the Notice of Confirmation to be delivered to such parties by first-class mail, postage prepaid, within ten business days after the Effective Date. The Notice of Confirmation shall also be published in *The Wall Street Journal* (National Edition) and the *Globe and Mail* and posted on the Debtors' case website at

41

www.chapter11.epiqsystems.com/tlcvision. Such notice is adequate under the particular circumstances and no other or further notice is necessary. The Notice of Confirmation also shall serve as the notice of the Administrative Claims Bar Date and as the notice of the Effective Date.

51. Substantial Consummation. Upon the occurrence of the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127(b) of the Bankruptcy Code.

52. References to Plan Provisions. The failure to include or specifically describe or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Bankruptcy Court that the Plan be approved and confirmed in its entirety.

53. Findings of Fact. The determinations, findings, judgments, decrees and orders set forth and incorporated herein constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. Each finding of fact set forth or incorporated herein, to the extent it is or may be deemed a conclusion of law, shall also constitute a conclusion of law. Each conclusion of law set forth or incorporated herein, to the extent it is or may be deemed a finding of fact, shall also constitute a finding of fact.

54. Conflicts Between Confirmation Order and Plan. The provisions of the Plan and of this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purposes of each; provided, however, that if there is determined to be any inconsistency between any Plan provision and any provision of this Confirmation Order that cannot be so reconciled, then, solely to the extent of such inconsistency, the provisions of this

42

Confirmation Order shall govern and any such provision of this Confirmation Order shall be deemed a modification of the Plan and shall control and take precedence.

55.     Separate Confirmation Orders.  This Confirmation Order is and shall be deemed to be a separate Confirmation Order with respect to each of the Debtors in each Debtor's separate Chapter 11 Case.  The Clerk of Court is directed to file and docket this Confirmation Order in each Debtor's Chapter 11 Case.

56.     Aid and Assistance.  This Court requests the aid and assistance of any court, tribunal, regulatory or administrative body having jurisdiction in the United States or Canada (including the Ontario Superior Court of Justice (Commercial List)) to give effect to and recognize this Confirmation Order and to assist TLC Canada, which has by Order of this Court dated December 22, 2009 been appointed as foreign representative in respect of this chapter 11 case, and the other Debtors, and their agents in carrying out the terms of this Confirmation Order.  All courts, tribunals, regulatory and administrative bodies (including the Ontario Superior Court of Justice (Commercial List)) are hereby respectfully requested to make such orders and to provide such assistance to the Debtors as may be necessary or desirable to give effect to this Confirmation Order or to assist the Debtors and their agents in carrying out the terms of this Confirmation Order.

56.     Final Order.  This Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof.

Dated: May **6** , 2010
       Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

43